**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **GERALD RAY WEDEL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 10-1156-CM-GLR** |
| | ) | |
| **KLYER G. KNOBBE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## STATE DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

In accordance with D. Kan. 7.1(a) and D. Kan. 7.6, Defendants Kansas District Court Magistrate Judge Michael Freelove, Kansas District Court Judges E. Leigh Hood and Daniel L. Love, and the Ford County District Court Sixteenth Judicial District (hereinafter State Defendants), by and through counsel, Stephen Phillips, Assistant Attorney General for the State of Kansas, submit this Memorandum in Support of their Motion to Dismiss.

For reasons set forth herein, State Defendants respectfully request that their Motion to Dismiss be granted by the Court and that they receive such other and further relief as the Court deems just and proper.

## NATURE OF THE MATTER BEFORE THE COURT

Plaintiff Gerald R. Wedel, proceeding *in forma pauperis* and *pro se*, seeks damages against numerous defendants.[1] Wedel's Complaint is conclusory and vague, simply citing violation of a variety of constitutional rights and Kansas Statutes, along with a laundry list of different types of fraud and RICO.

---

[1] Wedel has four suits pending in D. Kan Federal District Court, mostly against various State of Kansas officials, banks and private attorneys  See No. 10-1069-CM-KMH, 10-1079-MLB-DWB, 10-1134-EFM-JPO and 10-1156 CM-GLR.

The only reference to any sort of fact in Wedel's Complaint is an unintelligible reference to a probate case, apparently of Viola Wedel. (Doc. 1, p 5, ¶ VIII(B).) Wedel refers in his Complaint to an "Exhibit A," but, for whatever reason, Wedel chose not to serve the exhibit on defendants and moved the whole case be sealed. (Doc. 4.) The Court ordered the exhibit sealed, so defendants do not know what is in it, although the Court's order hints that it contains pleadings from the probate case. (Doc. 7.)

Wedel filed a "Supplement" to the Complaint. (Doc. 5.) He did not serve it on defendants either. The docket sheet seems to show it as sealed also, although it comes up when the link is clicked. It only contains random documents from the Ford County probate case of Viola Wedel, # 2009-PR-65

Wedel asks for punitive damages in the amount of $400,050.00 and damages for emotional distress in the amount of $4,599,950.00.

## STANDARD FOR MOTION TO DISMISS

### I.    12(b)(6) DISMISSAL.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court substantially raised the bar for pleading requirements. This heightened pleading standard applies to all civil actions. The 10th Circuit has noted *Twombly's* departure from the previous standard:

> [T]he Supreme Court recently . . . prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1969, 1974, 167 L. Ed. 2d 929 (2007). The Court explained that a plaintiff must "nudge [ ] [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Id*. at 1974. Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

*Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting

*Twombly*).

The Supreme Court has made clear that *Twombly's* heightened pleading standard applies

to all civil causes of action, not just the conspiracy claim that was at issue in *Twombly*. *See*

*Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009). In *Iqbal*, the Court expanded on *Twombly* saying:

> Two working principles underlie our decision in *Twombly.* First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id., at 555, 127 S. Ct. 1955* . . . [Second, d]etermining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. [Citation omitted.] But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 149-50.

Because of Wedel's *pro se* status, the Court will afford him some leniency in construing

his complaint. *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan.

1995) (citation omitted). The Court may not, however, assume the role of advocate for plaintiff

simply because he is proceeding *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court may not "construct arguments or theories for the plaintiff in the absence of any

discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991)

(citations omitted). Nor may the Court "supply additional factual allegations to round out a

plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173–74 (citation omitted).

In the end, while Wedel need not precisely state each element of his cause of action, he must "plead minimal factual allegations on those material elements that must be proved." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).


**II.     12(b)(1) DISMISSAL.**

Rule 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction.  Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations.  *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir.1995).  In a facial challenge, the district court must accept the allegations of the complaint as true.  *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir.2001).  In a factual challenge, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based. *Id.* Courts may exercise jurisdiction only when specifically authorized to do so (*see Castaneda v. INS,* 23 F.3d 1576, 1580 (10th Cir.1994)) and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Scheideman v. Shawnee County Bd. of County Comm's*, 895 F.Supp. 279, 280 (D.Kan.1995).  Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction.  *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir.1999).  Plaintiff bears the burden of showing that jurisdiction is proper, *see id.,* and must demonstrate that the case should not be dismissed.  S*ee Jensen v. Johnson County Youth Baseball League*, 838 F.Supp. 1437, 1439-40 (D.Kan. 1993).  Conclusory allegations of jurisdiction are not enough.  *Id.*

## ARGUMENT

I. **WEDEL'S COMPLAINT FAILS TO MEET *TWOMBLY'S* PLEADING STANDARDS.**

Wedel's Complaint wholly fails to meet *Twombly* pleading standards.  Wedel pleads no specific facts whatsoever.  He does not state how his constitutional rights were allegedly violated.  His references to RICO, fraud, and various Kansas statutes are not explained.  Defendants are left to guess at their defenses, because defendants do not know what they are alleged to have done or how they are alleged to have violated Wedel's rights.

Wedel seems to be complaining, at least in part, about a probate case of Viola Wedel's estate.  While these Defendants would like to assert the defenses of *Rooker-Feldman* and/or *Younger* abstention, we do not know how Wedel's claimed violations of rights relates to that case.

Wedel particularly fails to meet pleading standards.  He alleges fraud but fails to plead his claims of fraud with sufficient particularity as required by Fed. R. Civ. P. 9(b).  Under that rule, a fraud complaint must "set forth the time, place and contents of the false representations, the identity of the party making the false statements and the consequences thereof." *See Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir.2000) (quotation omitted).

The State Defendants could go through Wedel's Complaint statute by statute, right by right, and explain why they could not possibly apply to Wedel.  But under *Twombly*, defendants are not required to guess at a plaintiff's cause of action; the plaintiff must explain it adequately.

II. **JUDGES ARE ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY.**

To the extent that Wedel is complaining about rulings Judges Love, Freelove and Hood made in handling of a case or cases in which Wedel was involved, the judges are entitled to absolute judicial immunity.  The Tenth Circuit has stated about absolute judicial immunity:

> The United States Supreme Court has recognized the defense of absolute immunity for "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807, 102 S. Ct. 2727, 2732, 73 L. Ed. 2d 396 (1982). Judges are clearly among those officials who are entitled to such immunity. The purpose of the doctrine is to benefit the public, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray,* 386 U.S. 547, 554, 87 S. Ct. 1213, 1218, 18 L. Ed. 2d 288 (1967). The Supreme Court has recognized that "the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus." *Butz v. Economou,* 438 U.S. 478, 512, 98 S. Ct. 2894, 2913, 57 L. Ed. 2d 895 (1978) (citing *Pierson,* 386 U.S. at 554, 87 S. Ct. at 1218). Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. Further, it is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, that are brought pursuant to 42 U.S.C. § 1983. *Pierson,* 386 U.S. at 554, 87 S. Ct. at 1218; *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S. Ct. 1099, 1104-05, 55 L. Ed. 2d 331 (1978).

*Van Sickle v. Holloway,* 791 F.2d 1431, 1435 (10th Cir. 1986).

The scope of judicial immunity is very broad.  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . .." *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978).  Judicial immunity applies to any "function normally performed by a judge." *Martinez v. Winner*, 771 F.2d 424, 434 (10th Cir. 1985), *modified*, 778 F.2d 353 (10th Cir. 1985), *action found moot* 800 F.2d 230 (10th Cir. 1986).  A judge is entitled to immunity even if the judge acted with partiality, maliciously, or corruptly.  *Id.*  The immunity applies even if the acts were ministerial or administrative, so long as it was done in the judge's judicial capacity.  *Id.*  Whether to set a matter for hearing is certainly done in a judge's discretion and judicial capacity, and  Judges Love, Freelove and Hood are entitled to absolute judicial immunity their handling of cases.

III.     **OFFICIAL CAPACITY CLAIMS FOR MONEY DAMAGES MUST BE DISMISSED.**

Wedel does not state whether he is suing the defendant judges in their official or private capacities.  To the extent that he is suing them in their official capacities, such relief is prohibited by the 11th Amendment.  *See e.g., Ruiz v. McDonnell*, 299 F.3d 1173, 1180-81 (10th Cir.2002).

IV.     **FORD COUNTY DISTRICT COURT IS NOT A PROPER DEFENDANT.**

Wedel may not sue Ford County District Court Sixteenth Judicial District in federal court because the Eleventh Amendment bars private parties from suing an unconsenting state in federal court unless Congress has unequivocally abrogated the state's constitutional sovereign immunity or unless the state has waived the immunity.  *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238-40 (1985); *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000).  Eleventh Amendment immunity applies regardless of the nature of the relief sought -- declaratory, injunctive, or money damages.  *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-02 (1984); *Ex Parte Young,* 209 U.S. 123, 159-60 (1908); *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998) (state or state agency sued in its own name is not subject to federal compensatory or injunctive relief).  Pursuant to Article 3, Section 6 of the Kansas Constitution, district courts are divisions of the state itself.  *See e.g.*, *Frank v. Bush*, No. 09-4146, 2010 WL 1408405 (D. Kan. 2010).

Wedel may also not bring this action against the Ford County District Court because, in Kansas, subordinate governmental entities do not have the capacity to sue or be sued, absent specific statutory authorization.  *Hopkins v. State*, 237 Kan. 601 (1985).   Kansas' statutes establishing Kansas district courts, K.S.A. 20-301 *et seq,* do not contain an authorization for them to sue or be sued.  *See Mason v. Twenty-Sixth Judicial District*, 670 F.Supp. 1528, 1535 (D.Kan.1987); *Frank v. Bush* (supra).

## CONCLUSION

Wedel's Complaint is conclusory and frivolous and should be dismissed.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
STEVE SIX

s/ Stephen Phillips
Stephen Phillips, Sup. Ct. No. 14130
Asst. Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel:    (785) 296-2215
Fax:    (785) 291-3767
steve.phillips@ksag.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notices to the following:

and that on this same date, I mailed the foregoing *via* first class U.S. Mail, postage prepaid, addressed to:

Gerald Ray Wedel
1625 U.U. Rd
Copeland, KS 67837

s/ Stephen Phillips
Stephen Phillips