## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GERALD RAY WEDEL,        )
                            )

        **Plaintiff,**       )
                            )

v.                         )       **Case No. 10-1156-CM-GLR**
                            )

KLYER G. KNOBBE, *et al.,*    )
                            )

        **Defendants.**     )
                            )

## STATE DEFENDANTS' MEMORANDUM IN SUPPORT OF
## MOTION TO STAY DISCOVERY

Defendant Kansas District Court Magistrate Judge Michael Freelove, Kansas District

Court Judges Daniel L. Love and E. Leigh Hood, and the Ford County District Court, by and

through Stephen Phillips, Assistant Kansas Attorney General, hereby submit this Memorandum

in support of their motion for an order staying all proceedings under Fed. R. Civ. P. 26, including

the Rule 26(f) meeting, report of planning meeting, mediation, initial disclosures pursuant to

26(a)(1), scheduling conference, discovery and all other Rule 26 activities, pending a ruling on

their  Motion to Dismiss.

## NATURE OF THE MATTER BEFORE THE COURT

Plaintiff Gerald Wedel, proceeding *pro se*, seek damages against several defendants.[1]

Wedel's cause of action seems to be a challenge to a Ford County probate case of Viola Wedel, #

2009-PR-65,   Their purported causes of action against Magistrate Freelove and Judges Love

---

[1] Wedel has four suits pending in D. Kan Federal District Court, mostly against various State of Kansas officials, banks and private attorneys.  See No. 10-1069-CM-KMH, 10-1079-MLB-DWB, 10-1134-EFM-JPO and 10-1156 CM-GLR.

and Hood apparently concern rulings they made in that case, although the Wedel doesn't really say.

These Defendants have moved to dismiss, on grounds including failure to state a claim, absolute judicial immunity, and Eleventh Amendment immunity.

<u>**QUESTIONS PRESENTED**</u>

Should Rule 26 proceedings be stayed, given the pendency of these Defendants' Motion to Dismiss?

<u>**ARGUMENTS AND AUTHORITIES**</u>

**A.    <u>LEGAL STANDARD</u>**

The Court has great flexibility in determining the time, manner and scope of discovery. Such flexibility allows the Court to create a discovery plan which best serves the interests of justice.  Fed. R. Civ. P. 26(a) provides:

> Upon motion by a party or by the person from whom discovery is sought,  . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had.

The Court has the authority to tailor the discovery schedule to specifically fit the needs of a particular case.  *See* Fed. R. Civ. P. 16(a)(3) (recognizing the purpose of discouraging wasteful pretrial activities); 16(c)(6) (recognizing the Court's authority to control the scheduling of discovery and disclosures); 16(c)(16) (recognizing the Court's ability to take appropriate action "to facilitate the just, speedy, and inexpensive disposition of the action").

As a general rule, this District deems a stay of discovery appropriate when a decision on a pending motion is likely to bring the case to its conclusion.  A stay of discovery pending a

motion to dismiss is warranted where the facts sought through uncompleted discovery would not affect the resolution of the motion and where discovery on all issues of the broad complaint would be wasteful and burdensome. *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan.1990)).

Additionally, stays of discovery have been frequently granted in this District where threshold issues of jurisdiction or immunity are at stake. *See, e.g., Van Deelen v. Shawnee Mission School District 03-2018, #512,* 2003 WL 22849185 (D. Kan. Nov. 24, 2003)*, McCormick v. City of Lawrence, Kan.*, 218 F.R.D. 687, 693 (D. Kan, 2003), *Collins v. Johnson County, Kansas*, 01-2227-JWL, 2001 WL 155295 (D. Kan. Aug. 14, 2001).

### B.     ANALYSIS

#### 1.     Stay of Proceedings Warranted Under *Wolf v. United States*.

In *Wolf v. United States*, the Court described three circumstances which warrant a stay of discovery pending a dispositive motion:

> [I]t is appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome.

157 F.R.D. 494-95.

All three of the circumstances described in the *Wolf* decision are evident in the matter at hand. These Defendants' Motion to Dismiss and supporting Memorandum urge dismissal on grounds of failure to state a claim, absolute judicial immunity, and Eleventh Amendment immunity. A stay of discovery is appropriate because a ruling on the Motion to Dismiss will likely conclude Plaintiff's action and because discovery will not provide any information that

could possibly affect the outcome of the ruling on Defendants' Motion to Dismiss.  The issues raised in the Motion to Dismiss are questions of law, not of fact.

In addition, a denial of Defendants' Motion to Dismiss would be an immediately appealable order because Defendants raised an immunity defense.  *See, e.g.*, *Tonkovich v. Kansas Board of Regents*, 159 F.3d 504, 130  Ed. Law Rep. 441 (10th Cir. 1998).   Given the prospect of immediate appeal, planning activities are unnecessary and a waste of time for the Court and all parties involved.

Until the Motion to Dismiss which raises dispositive legal issues is resolved, discovery and other Rule 26 activities in this *pro se* plaintiff case would be wasteful and burdensome to the Court and all parties involved.  See *Wolf,* 157 F.R.D. at 495 (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D.  Kan. 1990)); Fed. R. Civ. P. 1; 16(a)(3); 16(c)(6); 16(c)(16) (recognizing the Court's right to control discovery-related activities).

### 2.        Absolute Immunity Bars Discovery.

Discovery and other Rule 26 activities are barred by Freelove and Hood's absolute judicial immunity.  As the Supreme Court has recognized, the right to immunity is the right to be free from suit and the burdens of suit including discovery; immunity is not just a defense to liability.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  A defendant who claims immunity is entitled to dismissal before the commencement of discovery.  *Id*.   "The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."  *Id.*  Accordingly, until a question of immunity is resolved, discovery is not allowed.  *Siegert v. Gilley*, 500 U.S. 226, 231, (1993); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

## CONCLUSION

These Defendants respectfully request that the Court grant their motion for an order staying all proceedings under Fed. R. Civ. P. 26, including the scheduling conference, the Rule 26(f) meeting, report of planning meeting, mediation, initial disclosures pursuant to 26(a)(1), discovery and all other Rule 26 activities, pending a ruling on the Motion to Dismiss.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
STEVE SIX

s/ Stephen Phillips
Stephen Phillips, Sup. Ct. No. 14130
Asst. Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel:    (785) 296-2215
Fax:    (785) 291-3767
steve.phillips@ksag.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notices to the following:

and that on this same date, I mailed the foregoing *via* first class U.S. Mail, postage prepaid, addressed to:

Gerald Ray Wedel
1625 U.U. Rd
Copeland, KS 67837

s/ Stephen Phillips
Stephen Phillips