IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GERALD RAY WEDEL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:10-cv-01156-CM-GR |
| ) | |
| **KYLER G. KNOBBE,** *et al*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### STATE DEFENDANTS' MEMORANDUM
### IN SUPPORT OF MOTION TO DISMISS

Defendants Kyler G. Knobbe, Wayne L. Wedel, Elva Bach, and Mitch Little, (hereinafter Non State Defendants), by and through their counsel, Kyler Knobbe, submit this Memorandum in Support of their Motion to Dismiss.

For reasons set forth herein, Non State Defendants respectfully request that their Motion to Dismiss be granted by the Court and that they receive such other and further relief as the Court deems just and proper.

### NATURE OF THE MATTER BEFORE THE COURT

Pursuant to FRCP 10(c), these Non State Defendants adopt and incorporate by reference the NATURE OF MATTER BEFORE THE COURT, STANDARD FOR MOTION TO DISMISS, 12(b)(1) DISMISSAL, and all those arguments and authorities set out in the "STATE DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS" filed herein on June 16, 2010, with the following argument which additionally applies to Non State Defendants:

1

## ADDITIONAL 12(b)(1) DISMISSAL ARGUMENT
## APPLICABLE TO NON STATE DEFENDANTS

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) a violation or rights protected by the Federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." *Beedle v. Wilson, 422 F.3d 1059, 1064 (10th Cir. 2005).* The conclusory and desultory allegations of Wedel's complaint do not satisfy this standard.

Though Wedel generically alleges a deprivation of rights to due process under the First, Fifth, and Fourteenth Amendments,[1] he does not allege any specific action by these Non State Defendants which allegedly deprived Wedel of any process due him.

Notwithstanding the lack of any wrongful action by these Non State Defendants, they did not act under color of state law. Traditionally, in order to act under color of state law for purposes of Section 1983, a defendant must have "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *How v. City of Baxter Springs, 217 Fed.Appx. 787, 792 (10th Cir. 2007)*, (quoting *West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)* (internal quotations omitted). Wedel's complaint fails to provide any factual allegation to support the necessary element that these Non State Defendants acted under color of state law.

Generally, "a lawyer representing a client is not, by virtue or being an officer of the court, a state actor 'under color of state law' within the meaning of [Section] 1983." *Polk*

---

[1] Due Process rights do not arise from the First Amendment.

*County v. Dodson*, 454 U.S. 312, 318 (1981).  The complaint and its attachments do not suggest that defendant Knobbe, or any other Non State Defendant, acted under color of state law in their own right.

The Non State Defendants were not state actors or acting under color of state law and thus cannot be liable for a civil rights violation under 42 U.S.C. § 1983.  *Beedle v. Wilson, 422 F.3d* at ("The conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983." (quotation omitted)).

## **CONCLUSION**

Wedel's complaint is conclusory and frivolous.  It pleads no valid cause of action against the Non State Defendants.  Moreover, it would be futile for Wedel to be given an opportunity to further amend his claims as the "facts alleged, no matter how they may be massaged in the future, fail to plausibly violate any of the federal laws invoked by the plaintiff." *Hall v. Witteman*, 569 F.Supp.2d 1208, 1228 (D.Kan. 2008). *See also Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir.2007) (dismissal of *pro se* complaint proper "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.")

    Respectfully submitted,

    /s/ Kyler Knobbe
Kyler Knobbe #08356
PO Box 937
Cimarron, Kansas 67835
Phone: 620-855-3100
Fax: 620-855-7729

3

knobbe@ucom.net

**CERTIFICATE OF SERVICE**

   I hereby certify that on June _____, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notices to the following:

  Stephen Phillips, Sup. Ct. No. 14130
  Asst. Attorney General
  120 SW 10th Avenue, 2nd Floor
  Topeka, Kansas 66612-1597
  Tel: (785) 296-2215
  Fax: (785) 291-3767
  steve.phillips@ksag.org

and that on this same date, I mailed the foregoing via first class U.S. Mail, postage prepaid, addressed to:

  Gerald Ray Wedel
  1625 UU Road
  Copeland, Kansas 67837

                /s/ Kyler Knobbe
                Kyler Knobbe #08356