IN THE UNITEDE STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

'10 JUN 25 P 1 :44

CLERK, U.S. DISTRICT COURT
DEPUTY CLERK
AT WICHITA. KS

GERALD RAY WEDEL, and )
LETHA WEDEL )
    Plaintiffs, )
                   )
V. )          Case No. 10-1156-CM-GLR
                   )
KYLER G. KNOBBE, et al., )
    Defendants, )
_____ )

## MOTION TO STRIKE
## WITH
## A REQUEST

COMES NOW, GERALD RAY WEDEL MOTION TO STRIKE pursuant to Rule 12

f to have all the following Document STRICKEN from the court record # (1), STATE

DEFENDANTS' MOTION TO DISNISS (Exhibit B), # (2) STATE DEFENDANTS'

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS (Exhibit C). The

Motion's are FRIVOLOUS, and have no MERIT'S and are NOT SUPPORTED WITH

ALL THE FACT'S AND ISSUES and there is not a FEDERAL LAW or KANSAS

STATUTE, or The Constitution of The United States of America, THE KANSAS

CONSTITUTION, and CONSTITUTIONAL RIGHTS TO DUE PROCESS # 1, #5, #6,

and #14 that will support an ORDER to a FRIVOLOUS MOTION without any merit's or

fact's to support. And with ATTORNEY'S, and LAW FIRM'S support of the violations

of the law's and constitution's presented in the fact's, **NO DEFENDANT'S IN THIS**

**CASE HAVE (DENIED ANY OF THE FACT'S OR DISPUTED ANY OF THE**

**FACT'S) OR EVEN MADE A RESPONSE TO THE SUMMON'S SERVED ON**

1

**THEM WHICH LEAVE'S ALL FACTS TO BE TRUE, NO RESPONSE OR**

**ANSWER** is in violation of the SUMMONS, and RULE 12 (A) (B), with the following

fact's;

## COURT'S JURISDICTION

There are two classifications of courts in the "UNITED STATES OF AMERICA",

these are, "***One Supreme Court, and such inferior courts as the Congress may from

time to time ordain and establish." According to Article 111, Section 1 of the

"CONSTITUTION FOR THE UNITED STSTES OF AMERICA". Since the "CIVIL

WAR" these "COURTS" have been operated as "CORPORATE COURTS" for the profit

of attorneys, who engage in the business of "ORGANIZED CRIME" in these courts.

## CONFLICT OF INTEREST WITH THE FACT"S

A. ATTORNEY STEPHEN PHILLIPS has a conflict of interest he is a

DEFENDANT in Case No. 10-CV-1079-MLB-DWB and is EMPLOYED by the

ATTORNEY GENERAL..

B. ATTORNEY STEPHEN PHILLIPS has made a many false statements in the

above motions. The Claim is supported with certified Court Document's,

violation of Kansas Statutes, Federal law's, The Constitution of Kansas, and The

Constitution of The United States of America.

C. **The DOCTRINE OF PRECENDENT** applies in this case.

D. **CONSTITUTIONAL LAW** applies to this case of which MICHEAL

FREELOVE, E. LEIGH HOOD, DANIEL L. LOVE, AND SIXTEENTH

JUDICIAL DISTRICT THE FORD COUTY DISTRICT COURT A

CORPORATION WITH FEDERAL ID. NUMBER 48-1124839 has clearly

violated.

E. **PERSONAL TORT** applies to this case when sixteenth judicial district Ford County District Court Clerk issued Order's WITH OUT SUBJECT MATTER JURISDICTION AND WITHOUT CONCLUSION OF LAW AND ALL THE FACTS AND ISSUES PRESENTED IN THE ORDER.

F. **UNDER COLOR OF LAW** applies to this case when KYLER G. KNOBBE, STEPHEN PHILLIPS, MICHEAL FREELOVE, E. LEIGH HOOD, DANIEL L. LOVE, and SIXTEENTH JUDICIAL DISTRICT THE FORD COUNTY DISTRICT COURT A CORROPATION Violated The WEDEL'S Constitutional Rights to Due Process Const. Amends #1, #5, and #14.

G. All Court CLERK'S, JUDGE'S, and ATTORNEY'S are lawfully required by **(28- USC-372 to have an "OATH OF OFFICE".** I, GERALD RAY WEDEL accept MICHAEL FREELOVE, E. LEIGH HOOD, DANIEL L. LOVE, KYLER G. KNOBBE, STEPHEN PHILLIPS **"OATH OF OFFICE"** in **"ADMIRALTY JURDISDICTION"** Now MICHAEL FREELOVE, E. LEIGH HOOD, DANIEL L. LOVE, KYLER G. KNOBBE, AND STEPHEN PHILLIPS are subject to criminal prosecution and civil litigation for any and all injury MICHAEL FREELOVE, E. LEIGH HOOD, DANIEL L. LOVE, KYLER G. KNOBBE, AND STEPHEN PHILLIPS has caused to the Plaintiffs.

H. MICHAEL FREELOVE, E. LEIGH HOOD, DANIEL L. LOVE, KYLER G. KNOBBE, AND STEPHEN PHILLIPS have **COMMITED "CONSPIRACY AGAINST RIGHTS" (18-USC- 241) "UNDER THE COLOR OF LAW".**

I. MICHAEL FREELOVE, E. LEIGHT HOOD, DANIEL L. LOVE, KYLER G.

3

KNOBBE, AND STEPHEN PHILLIPS are being sued in there private Capacity and Personal Capacity Rule 10.3-14 (b) (2). ** Rule 10.3-2(a) **"FAITHFUL TO THE LAW".** Canon # B (2) places three main duties on judges. First, a judge must be **"FAITHFULL TO THE LAW."** The "LAW" is **defined broadly to include statutes, state and federal constitutions, court rules, and case law**. THIS Phrase-----**"FAITHFUL TO THE LAW"----** reminds judges that they are part of a system that places limits and obligations on them (AN INTERESTING CASE DISCUSSING THOSE LIMITS IS MATTER OF HAGUE).

J. THE SIXTEENTH JUDICIAL DISTRICT THE FORD COUNTY DISTRICT COURT IS BEING SUED AS A CORPORATION with Federal ID. Number 48-1124839

K. The Motions filed are FRIVOLOUS and MALICIOUS without any FACTS or MERITS to support the Motions and are filed to just to HARASS The Plaintiffs and to take time and cost the Plaintiffs and the Court.

### QUALIFIED IMMUNITY

L. Public officials performing discretionary functions generally enjoy qualified immunity from civil damages liability **"INSOFAR AS THEIR CONDUCT DOES NOT VIOLATE CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN." HARLOW, 457 U.S. AT 818**. The question before the court are whether defendants violated a constitutional right, and, if so, whether that right was clearly established such that a reasonable person in the official's position would have known that his or her conduct violated that right. MOORE V. CITY OF WYNNEWOOD, 57 F.3D P24, 931 (10TH CIR.

1995). (CASE # 2:06-cv-02013-CM_KGS).

**MICHAEL FREELOVE, E. LEIGH HOOD, DANIEL L. LOVE, KYLER G. KNOBBE, AND STEPHEN PHILLIPS, THE SIXTEENTH JUDICIAL DISTRICT THE FORD COUNTY DISTRICT COURT A CORPORATION, AND ASSIANT ATTORNEY GENERAL STEPHEN PHILLIPS, HAVE VIOLATED THE FOLLOWING KANSAS STATUTES, FEDERAL LAW'S, THE CONSTITUTION OF THE UNITED STATES OF AMERICA, THE KANSAS CONSTITUTION, and CONSTITUTIONAL RIGHTS TO DUE PROCESS.**

M. **The United States Constitution of America Const. Amends. #1, #5, #6, and #14, The Constitution of Kansas #1, #2, #10, #15, #18, and #20, and The Declaration of Independence of 1776**.

N. The Fair Debt Collection Practices Act (15-USC-1692) 803 (5), 805 (b), (c), (1) (3), 807 (A) (8) (9) (10) (11) (13) (14), 808 (1) (5) (6) (a) (8), 809 (a) (1) (2) (3) (4) (5) (b), 811 (A) (B) (b), 813 (a) (1) (B) (3).

O. **The Privacy Act of 1974** (A) 94), (B) (6), "(A) (2)", (B).

P. **Conspiracy Against Rights (18-USC-241**).

Q. **The DOCTRINE OF PRECEDENT** applies in this case. The rule that precedents not only have persuasive authority but also must be followed when similar circumstances arise

R. **The PERSONAL TORT** applies in this case. A Tort involving or consisting in an injury to one's person, reputation, or feelings, as dislinguished from an injury or damage to real or personal property.

S. **UNDER COLOR OF LAW** applies to this case. The appearance or semblance,

without the substance of a legal right.

T. **COLOR OF PROCESS** applies to this case. The appearance of validity and sufficiency surrounding a legal proceeding that is later found to be invalid.

U. **2006 Kansas Laws Ch. 146 (S.B. 25)** applies to this case. (a) Terrorism is the commission of the attempt to commit or the conspiracy to commit any felony with the intent to intimidate or coerce the civilian population, influence government policy by intimidation or coerce or to affect the operation of any unit of government.

V. **U.S.C.A. Const. Preamble**; In our System, while sovereign powers are delegated to the agencies of government, sovereignty itself remains with the people, by whom and for whom all government exists and acts. (Yick Wo. V. Hopkins, U.S. Cal. 1886, 6 S.CT. 1064 118 U.S. 356, 30 L.Ed. 220).\*\* The Constitution of The United States was made by, and for the protection of The people of The United States. (Leaque V. De Young, U.S. Tex, 1850, 52 U.S. 185, 11, How. 185, 13 L.Ed. 657).

W. **The 6th Amendment secures the accused the right to face all witnesses against him**. Therefore, this law requires the "PLAINTIFF" (injured Party) be a physical human being that can be cross examined. The only time an attorney can act without a human "PLAINTIFF" is in the case of "MURDER". All cases require the "PLAINTIFF" be present in court.

X. According to Article 3 Section 1 of the "CONSTITUTION FOR THE UNITED STATES OF AMERICA". Since the "CIVIL WAR" these "COURTS" have been

6

operated as "CORPORATE COURTS" for the profit of Attorneys who engage in the business of "ORANIZED CRIME" in these courts.

### RULE'S THAT APPLY TO ATTORNEY'S AND LAW FIRM'S

Y-1. **RULE 5.1 (a)** A partner in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers in the firm conform to the rules of professional conduct.**(b) Another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the rules of professional conduct.**(c) A lawyer shall be responsible for another lawyer's violations of the rules of professional conduct.

Y-2. **RULE 1.6-12 (e) (5)** The Former Model Code, The 1983 Model Rules, and The Model Rules after The major revisions of 2002 all require that a lawyer not permit a client to commit a FRAUD on the tribunal.**(2) to prevent the client from committing a crime or FRAUD that is reasonably certain to result in substantial injury to the financial interest or property of another and in furtherance of which the client has used or is using the lawyer's service.

Y-3. **RULE 1.6-12 (f) (2)** The Rules have always had a provision that requires a lawyer who has submitted evidence to a tribunal and has later learned that the evidence was false when submitted, to take appropriate measures. This provision under the Candor to the court Rule involves a client use of a lawyer's service to perpetuate a CRIME or FRAUD and it involves disclosure to correct the past CRIME OR FRAUD.

Y-4. **RULE 1.7-6 (p)** If conflicts develop during litigation, counsel may move to disqualify opposing counsel. If the conflict is such that it "TAINTS" the fact

findings process or fairness of the trail. The court should grant the Motion.

Y-5. **RULE 1.11-4 (a)** The elemental conflict rule is that a lawyer now working
for the government may not participate in a matter if she, while in private
practice, personally and substantially participated in that matter.

Y-6. **RULE 3.1-1(b)** If a lawyer is representing a client before a tribunal and is
seeking an EX PARTA ORDER. The lawyer must disclose to the court not only
all of the applicable law, even if adverse, but also all material facts that the
lawyer reasonably believes are necessary for the tribunal to make an informal
decision. The Internal Revenue Service is not treated like a court, and the
tax return is not treated like a request for an EX PARTE ORDER.

Y-7. **RULE 3.8-3** The model code said that the government lawyer's special duty to
seek justice extends to civil or administrative proceedings. The lawyer should
not use her position or the government's economic power to "HARASS
PARTIES" or to cause "UNJUST SETTLEMENTS OR RESULTS".

Y-8. **RULE 4.1-3 Under Rule 1.2(d),** A lawyer is prohibited from counseling or
assisting a client in conduct that the lawyer knows is CRIMINAL or
FRAUDULENT.

Y-9. **Rule 1.2 (d)** A lawyer shall not counsel a client to engage, or assist a client, in
conduct that the lawyer knows is criminal or fraudulent.

Y-10. **RULE 1.4 (a) (4)** promptly comply with reasonable requests for information.

Y-11. **RULE 1.6 (a) (2)** to prevent the client from committing a crime or fraud that is
reasonably certain to result in substantial injury to the financial interest or
property of another and in furtherance of which the client has used or is using

the lawyer's services

Y-12. **RULE 1.6-12 (e) (5)** The former Model Code, the 1983 Model Rules, and the Model Rules after the major revisions of 2002 all require that a lawyer not permit a client to commit a fraud on the tribunal.

Y-13. **Rule 1.7 (a) (2)** there is a significant risk that the representative of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.\*\*(4) each affected client gives informed consent, confirmed in writing.

Y-14. **RULE 1.9. (a)** A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interest are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.\*\*(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was

associated had previously represented a client.\*\*(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter hall not thereafter.

Y-15. **RULE 1.10-7** If an attorney is involved in a conflict of interest, he or she is subject to at least three sanctions. First, the lawyer may be subject to discipline. The disciplinary authorities may suspend, reprimand, or conceivably disbar the Lawyer.

Y-16. **RULE 1.11-4 (a)** The elemental conflict rule is that a lawyer now working for the government may not participate in a matter if she, while in private practice,

personally and substantially participated in that matter.

Y-16. **RULE 3.1** A lawyer shall not bring or defend a proceeding, or assert or
controvert an issue therein, unless there is a basis in law and fact for doing so
that is not FRIVOLOUS, which includes a good faith argument for an extension,
modification or reversal of existing law.

Y-17. **RULE 3.1-2(d)** The Basic of the procedural Rules Against FRIVOLOUS
LITIGATION.

Y-18. **RULE 3.3 (a)(1)** make a false statement of fact or law to a tribunal or fail to
correct a false statement of material facts or law previously made to the tribunal
by the lawyer.**(3) offer evidence that the lawyer knows to be false.**(b) A
lawyer who represents a client in an adjudicative proceeding and who knows that
a person intends to engage, is engaging or has engaged in criminal or fraudulent
conduct related to the proceeding shall take reasonable remedial measures,
including, if necessary, disclosure to the tribunal.

Y-19. **RULE 3.5 (a), (c) (3)** the communication involves misrepresentation, coercion,
duress or HARASSMENT.

Y-20. **RULE 3.7 (a)** A lawyer shall not act as advocate at a trail in which the lawyer
is likely to be a necessary witness.

Y-21. **RULE 4.1** (a) make a false statement of material fact or law to a third
person.**(b) fail to disclose a material fact when disclosure is necessary to
avoid assisting a criminal or fraudulent act by a client, unless disclosure is
prohibited by rule 1.6.

Y-22. **RULE 4.1-1** governs the lawyer's obligations to persons other than the

10

lawyer's own client. It is important to understand that if the failure to disclose a material fact involves a tribunal.

Y-23. **RULE 8.2 (a**) A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory officer or public legal officer.

Y-24. **RULE 8.4 (a)** violation or attempt to violate the RULES OF PROFESSIONAL CONDUCT, knowingly assist or induce another to do so, or do so through the acts of another.**(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.**(c)engage in conduct involving dishonesty, fraud, deceit or misrepresentation.**(e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the RULES OF PROFESSIONAL CONDUCT OR OTHER LAW.**(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

## FACT"S

Y. The claim in case No 10-1156-CM-GLR is supported with certified COURT DOCUMENTS Kansas Statue, Federal Law, The Constitution of Kansas, and The Constitution of The United States of America.

Z-1. ATTORNEY KYLER G. KNOBBE, LAW FIRM KYLER G. KNOBBE., ATTORNEY STEPHEN O. PHILLIPS, and THE ATTORNEY GENERAL OFFICE ARE ASSISTING **MICHAEL FREELOVE, E. LEIGHT HOOD, DANIEL L. LOVE AND THE SIXTEENTH JUDICIAL DISTRICT THE**

11

DISTRICT COURTOF FORD COUNTY KANSAS A CORPORATION
TO VIOLATE THE CONSTITUTION OF KANSAS, THE
CONSTITUTION OF THE UNITED STATES OF AMERICA,
CONSTUTIONAL RIGHTS TO DUE PROCESS #1, #5, #6, AND #14,
AND ALL PARTIES OATH OF OFFICE KANSAS STATUTE MADE BY
THE KANSAS LEGISLATOR'S, FEDERAL LAW'S. THE ASSISTING IS
TO COMMIT FRAUD, TREASON, RACKETEERING, THIEF, THREAT.

AA. The above Motion's (Exhibit B, and C) are FRIVOLOUS and MALICIOUS

and in Retaliation of protected speech The First Amendment (Crawford-EL V.

Britton, 523 U.S. 574, 592 (!998) Any form of official retaliation for exercising

one's freedom of speech, including prosecution, threatened prosecution, bad faith

investigation, and legal harassment, constitutes an infringement of the freedom."

WORRELL V. HENRY, 219 F.3D 1197, 1212 (10TH CIR. 2000) and without any

FACT'S or MERITS to support the motion which was filed to just to HARASS

the plaintiff and to take time and add the cost to the court.

## PRINCIPLES OF LAW

BB.. No attorney can appear in court without the physical human being he represents.

"Agents can not testify for principals."

CC. No "DEBT COLLECTOR" can collect any debt without the "ORIGINAL WET

INK SIGNED CONTRACT" being present in Court. Copies are not

admissible, in court. This contract is the "SUBJECT MATTER" of the

"COURT'S JURISDICTION". Without it the court has no jurisdiction to proceed.

The court must dismiss for lack of subject matter jurisdiction.

12

## WORD DEFINITIONS THAT APPLY IN THIS CASE FROM THE BLACK'S LAW DISTIONARY "EIGHT EDITION".

DD. **JURISDICTION\*\*** a governments general power to exercise authority over all person's and things' within its territory; they are to a large extent constitutional rules.

EE. **Misconduct\*\*** a derelicyion of duty; unlawful or improper behavior.

FF. **AFFIRMATIVE MISCONDUCT\*\*** an affirmative act misrepresentation or concealment of a material fact; intentional wrongful behavior.

GG. **OFFICIAL MISCONDUCT\*\*** misconduct in office; misbehavior in office; corruption in office; official corruption.

HH. **WANTON MISCONDUCT\*\*** an act, or a failure to act when there is a duty to do so in reckless disregard of another's rights

II. **WILLFUL MISCONDUCT\*\*** misconduct committed voluntarily and Intentiona

II-1. **ABUSE OF DISCRETION\*\*** An adjudicator's failure to exercise sound, reasonable, and legal decision-making.

II-2. **ABUSE OF PROCESS\*\*** The improper and tortuous use of a legitimately issued court process to obtain a result that is either unlawful or beyond the process's scope.

II-3. **AFFIDAVIT\*\*** A voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public.

II-4. **ALLEGATION\*\*** the act declaring something to be true.

II-5. **Authentication\*\*** Broadly, the act proving that something (as a document) is

13

true or genuine, esp. so that it may be admitted as evidence.

II-6. **UNDER COLOR OF LAW\*\*** The appearance or semblance, without the

substance, of a legal right. The term usu. Implies a misuse of power made

possible because the wrongdoer is clothed with the authority of the state.

II-7. **COLOR OF PROCESS\*\*** The appearance of validity and sufficiency

surrounding a legal proceeding that is later found to be invalid.

II-8. **DEFAMATION\*\*** The act of harming the reputation of another by making a

false statement to a third person.

II-9. **NO-ANSWER DEFAULT JUDGMENT\*\*** A judgment for the plaintiff

entered after the defendant fails to timely answer or otherwise appear.

II-10. **FRIVOLOUS DEFENSE\*\*** A defense that has no basis in fact or law.

II-11. **DOCTRINE OF PRECEDENT\*\*** The rule that precedents not only have

persuasive authority but also must be followed when similar circumstances

arise.

II-12. **EQUAL PROTECTION \*\*** The14th Amendment guarantee that the

government must treat a person or class of persons the same as it treats other

persons or classes in like circumstances.

II-13. **EQUAL PROTECTION CLAUSE \*\*** The 14th Amendment provision

requiring the states to give similarly situated persons or classes similar

treatment under the law.

II-14. **FALSE PRETENSES\*\*** The crime of knowingly obtaining title to another's

personal property by misrepresenting a fact WITH THE INTENT TO

DEFRAUD.

II-15. **CONSTRUCTIVE FRAUD\*\*** Unintentional deception or misrepresentation that causes injury to another.

II-16. **FRAUD ON THE COURT\*\*** In a judicial proceeding, a lawyer's or party's misconduct so serious that it undermines or is intended to undermine the integrity of the proceeding.

II-17. **INQUIRY\*\*** A request for information either procedural or substantive.

II-18. **VOID JUDGMENT\*\*** A judgment that has no legal force or effect, the invalidity of which may be asserted by any party whose rights are affected at any time and any place, whether directly or collaterally\*\*from its inception, a void judgment continues to be absolutely null.

II-19. **LAYING OF THE VENUE\*\*** A statement in a complaint naming the district or county in which the plaintiff proposes that any trail of the matter should occur.

II-20. **MAGNA CARTA\*\*** The English charter that King John granted to the barons in 1215 and that Henry III and Edward I later confirmed.\*\*It is generally regarded as one of the great common-law documents and as the foundation of constitutional liberties.

II-21. **RACKETEERING\*\*** A system of organized crime traditionally involving the extortion of money from businesses by intimidation, violence, or other illegal methods.

II-22. **SUBSTANTIVE LAW\*\*** The part of the law that creates, defines, and regulates the rights, duties, and powers of parties

II-23. **THEFT\*\*** The felonious taking and removing of another's personal property with

the intent of depriving the true owner of it.

II-24. **CONSTITUTIONAL TORT\*\*** A violation of one's constitutional rights by a
government officer, redressable by a civil action filed directly against the officer.

II-25. **PERSONAL TORT\*\*** A tort involving or consisting in an injury to one's person,
reputation, or feelings, as distinguished from an injury or damage to real or
personal property.

II-26. **CONSTRUCTIVE TRUST\*\*** An equitable remedy that a court imposes against
one who has obtained property by wrongdoing.

II-27. WRONG\*\* Breach of one's legal duty violation of another's legal right.

II-28. **LEGAL WRONG\*\*** An act that is a violation of the law; an act authoritatively
prohibited by a rule of law.

II-29. **HARASSMENT\*\*** Words, conduct, or action (usu. Repeated or persistent) that,
being directed at a specific person, annoys, alarms, or causes substantial emotional
distress in that person and serves no legitimate purpose.\*\*Harassment is actionable
in some circumstances, as when a creditor uses threatening or abusive tactics to
collect a debt.

11-30 **TREASON** The offence of attempting to overthrow the government of the state to
which one owes allegiance, either by making war against the state or by materially
supporting its enemis.

## REQUEST

JJ. Request that the court sanction the ATTORNEY"S and LAW FIRM"S pursuant
to RULE (a) (1) (2) (3), (b), (c). (3) Under Rule 1.2 (d), a lawyer is prohibited
from counseling or assisting a client in conduct that the lawyer knows is

16

criminal or fraudulent. RULE 4.1 governs the lawyer's obligations to persons

other than the lawyer's own client. It is important to understand that if the failure

to disclose a material fact involves a tribunal, RULE 4.1 is not applicable.

Instead RULE 3.3 is the basic Rule governing the lawyer's duty of candor to a

tribunal. A lawyer's obligations under RULE 3.3 are greater than a lawyer's

obligations under RULE 4.1 and all the above RULE'S.

KK.Rule 3.8-3 The Modle Code said that the government lawyer's special duty to

seek justice extends to civil or administrative proceedings. The lawyer should not

use her position or the government's economic power to "HARASS PARTIES,"

or to cause "UNJUST SETTLEMENTS OR RESULTS."

LL-1. REQUEST that KYLER G. KNOBBE, and LAW FIRM KYLER G. KNOBBE

prove by AFFIDAVIT with all the fact's that they do not have a conflict of

interest .

LL-2 REQUEST that ATTORNEY KYLER G. KNOBBE AND LAW FIRM

KYLER G. KNOBBE to prove BY AFFIDAVIT that the claim is not supported

by CERTIFIED COURT DOCUMENT'S, VIOLATION OF KANSAS

STATUTES, FEDERAL LAW'S, VIOLATION OF THE TAX PAYER BILL

OF RIGHTS, THE KANSAS CONSTITUTION, AND THE CONSTITUTION

OF THE UNITED STATES OF AMERICA CONST. AMENDS. #1, #5, #6,

and #14, and CONSTUTIONAL RIGHT'S TO DUE PROCESS.

LL-3. REQUEST that ATTORNEY SEPHEN PHILLIPS, and THE ATTORNEY

GENERAL OFFICE to prove by AFFIDAVIT with the fact's that they do not

have a conflict of interest.

LL-2 REQUEST that ATTORNEY STEPHEN PHILLIPS, and THE ATTORNEY

GENERAL OFFICE to prove BY AFFIDAVIT that the claim is not supported

by CERTIFIED COURT DOCUMENT'S, VIOLATION OF KANSAS

STATUTES, FEDERAL LAW'S, THE KANSAS CONSTITUTION, THE

CONSTITUTION OF THE UNITED STATES OF AMERICA CONST.

AMENDS. #1, #5, #6, and #14, and CONSTITUTIONAL RIGHT'S TO DUE

PROCESS.

LL-2. REQUEST FOR ATTORNEY'S TO PROVE BY AFFIDAVIT ANYTHING

THAT IS CALLED FRIVOULS to support there claim with certified court

documents Kansas Statutes, Federal law's, The Constitution of Kansas, and

The Constitution of The United States of America.

## CASES TO SUPPORT THIS MOTION TO STRIKE WITH JUDGES VIOLATIONS

### RETALIATION

MM. CASE (2:06-CV-02013-CM-KGS) Attorney Stephen Phillips, Kyler G.

Knobbe, Micheal Freelove, E. Leigh Hood, and Daniel L. Love are in

Retaliation for GERALD RAY WEDEL of his exercise of free speech: The

First Amendment prohibits retaliation for protected speech. (Crawford-EI V.

Britton, 523 US. 574, 592 (1998) "any form of official retaliation for exercising

one's Freedom of Speech, including prosecution, Threatened prosecution, bad

faith investigation, and legal harassment, constitutes an infringement of that

freedom" (Wonell V. Henry, 219 F. 3d 1197, 1212 (10th Cir. 2000).

NN. Judge's MICHEAL FREELOVE, E.LEIGH HOOD, and DANIEL L. LOVE have

violated Canon 1 (A), (B), Canon 2 (A), (B), and Canon 3 A, B (1), (5), (7), and

18

C (1), (2), (4) Case No. (272 Kan. 1345, 38 P.3d 735).

OO.CASE (254 Kan. 581, 867 P.2d 341) Violations of Canons Requiring judge to uphold integrity of judiciary, avoid impropriety, disqualify himself in proceeding in which impartiality is questioned, and regulate extrajudicial activities to minimize risk of conflict with judicial duties warrant public censure. Sup. Ct. Rules, Rule 601, Code of Jud. Conduct, Canons !, @, Subd. A, 3, subs. C (1) (c), D, subds. C.** Such claims of prejudicial EX PARTE COMMUNICATION between the trail judge and the prosecution, if accepted, would present a very serious and disturbing challenge to the constitutionality of jone's convictions, grounded on the constitutional right to a fair trail and the DUE PROCESS CLAUSE of The Fourteenth Amendment. Haller V. Robbins, 409 F.2d 857, 859-61 (1st Cir.) (holding, in a habeas case that EX PARTE communication between the prosecutor and sentencing judge was a DENIAL OF DUE PROCESS); see United States V. Martinez, 667 F.2d 886 (10th Cir.).

PP.CASE (9 Kan. App.2d 133, 675 P 2.d 906) ** Words "SHALL" and "MUST" in statutes impose affirmative obligation to which DISCRETION does not apply. ** It is role of the court to enforce legislative intent as made apparent from language of statutes.

QQ.CASE (280 Kan. 266, 120 P.2d 790) ** Article 3 & 15 of The Kansas Constitution which provide that a Judge "SHALL be subject to retirement for in capacity, and to DISCIPLINE, SUSPENSION and REMOVED for cause by The Supreme Court after appropriate hearing". (In re Yandell, 244 Kan. 709, 772 P.2d 807 (1989)).

19

RR.CASE (18 Kan. App.2d 292, 851 P.2d 394) ** Conviction based upon insufficient
    evidence is a fortiori in violation of Defendants DUE PROCESS RIGHTS.
    U.S.C.A. Const. Amend. 14. ** In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068.
    1073. 25 L.Ed.2d 368 (1970), held that "the DUE PROCESS Clause protects the
    accused against conviction except upon proof beyond a ressonable doubt of every
    fact necessary to constitute the crime with which (the accused) is charged." See
    State V. Switzer, 244 Kan. 449, 450, 769 P.2d 645 (1989) (citing Winship
    for the proposition that "(under the DUE PROCESS CLAUSE of the 14th
    Amendment, no person may be convicted of a crime unless every fact necessary
    to establish the crime with which he is charged is proven beyond a
    reasonable doubt").

SS.CASE The United States Supreme Court has repeatedly held that any Judge who
    acts without jurisdiction is engaged in an act of TREASON. U.S. V. Will 499 U.S.
    200, 216, S.C.T. 471, 66 L.Ed 2d 392, 406 (1980); Cohens V. Virgina, 19 U.S. (6
    wheat) 264, 404, 5 L.Ed. 257 (1821).

TT.CASE (229 Kan. 195, 623 P.2d 1307) Judges like all their fellow human beings
    have varying degrees of judicial skills and abilities. At the very least the public
    can expect its judges to be fair and impartial. The public may decline to do
    business with an attorney no like option exists as to a judge.

UU. CASE (244 Kan. 7129, 772 P.2d 814) Judges must at all times respect and
    comply with laws and rules governing their conduct and operation of court in
    manner which promotes public confidence in integrity, impartiality, and

20

administration of justice Sup. CT. Rules, Rule 601, Code of Jud. Conduct, and Canon et seq.

VV.. CASE (9Kan. App.2d 133, 675 P.2d 906 (1983); (A) words, "SHALL" and "MUST" in statute impose affirmative obligation to which discretion does not mapply; (B) it is role of court to enforce legislature intent as made apparent from language of statute.

WW. CASE (243 K.315, 325, 757 P.2d 272)(K.S.A. 75-6104) Exceptions herein inapplicable where legal duty exists that must be followed; no discretionary right to violate duty (Dougan V. Rossville Drainage Distict).

## CASE'S TO SUPPORT THIS MOTION TO STRIKE WITH ATTORNEY'S VIOLATIONS

XX.. CASE (483 p.2d 1106) The attorney's OATH which respondent took on his admission to the bar included the solemn OATH he would neither do, nor consent to the doing of any falsehood in court. (In re Phelps, 204 Kan. 16, 27, 459 P.2d 172, cert. den. 397 U.S. 916, 90 S.Ct. 922, 25 L.Ed.2d 97; Rules of the Supreme Court, Rule No. 210(h), 205 Kan. Ixvi.) The respondent knew or should have known that the statements made by him in open court were false and in violation of his Oath as an attorney. The false statements were made for his own personal ends, to gain time.

YY. CASE (73 Kan. 743, 85 P. 584) An ATTORNEY may be disbarred not only for malpractice and dishonesty in his profession, but also for gross misconduct, showing him to be unworthy of the privileges which the law confers on him and unfit to be intrusted with the duties and powers of an

ATTORNEY.\*\*The enumeration in the statute of certain

acts which will be deemed sufficient for the revocation or suspension of an

ATTORNEY'S license to practice law does not limit the common-law power

of the court in that respect, and ATTORNEYS may be disbarred for other

than the statutory grounds.\*\*ATTORNEYS may be removed for common-law

causes as well when the exercise of the privileges and functions of their high

office is inimical to the due administration of justice. FARLIN V. SOOK,

30 KAN. 401, 1 PAC. 123, 46 AM. REP. 100; IN RE NORRIS, 60 KAN. 659,

57 PAC. 528; BOSTON BAR ASSOCIATION V. GREENHOOD, 168

MASS. 169, 46 N. E. 568; IN THE MATTER OF MILLS, 1 MICH. 392;

LAUGHLIN'S CASE, 10 MO. APP. 1, 31 S. W. 889; STATE V. HARBER, 129

MO. 271, 31 S. W. 889; STATE V. GEBHARDT, 87 MO. APP. 542; IN

RE BOONE (C. C.) 83 FED. 944;

ZZ. CASE (280 Kan. 650, 123 P.3d 1289) Attorney's lack of diligence in

responding to discovery request by client's litigation opponent violated

professional conduct rule requiring lawyers to be fair to the opposing party and

counsel. Sup.Ct.Rules, Rule 226, Rules of Prof.Conduct, Rule 3.4(d).

AAA. CASE (275 Kan. 913, 69 P.3d 544) Violation of professional conduct rules,

concerning frivolous lawsuits, dishonest conduct, providing false statements to

tribunal, refusals to respond to valid discovery, and EX PARTA

communications, warranted disbarment.

BBB. CASE (280 Kan. 619, 124 P.3d 467) The Supreme Court Held.\*\*

Constitutional free speech guarantee did not protect attorney from receiving

22

professional discipline for making inflammatory and false accusations
against opposing counsel, judges, state district court employees, state court of
appeals staff, and municipal officers and employees, and disbarment was
appropriate disciplinary sanction for ATTORNEY'S misconduct relating
to the inflammatory and false accusations and his filing of pleadings and motions
that were frivolous and that showed ATTORNEY'S incompetence.

## CASE'S TO SUPPORT VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS TO DUE PROCESS

CCC. CASE (9 Kan.App.2de 735, 688 P.2d 1230) A judgment is not void merely
because it is erroneous; it is void only if the court that rendered it lacked
jurisdiction of the subject mastter, or of the parties, or if it acted in a manner
inconsistent with due process of law. U.S.C.A. Const. Amends. 5, 14; K.S.A. 79-
2804b.** Judgment that is void for lack of due process of law may be set aside at
any time despite statute of limitations otherwise applicable to an action to set
aside such a judgment.

DDD. CASE (280 Kan. 619, 124 P.3d 467 (2005); a procedural due process violation can
be established only if a claimant is able to establish that he or she was denied a
specific procedural protection to which he or she was entitles; USCA Const.
Amends. 13.

EEE. CASE (KAN. App.2d 655, 732 P.2d 780) perjuries of false evidence is a violation
of due process.

FFF. CASE (KAN. APP.2d 292, 851 P.2d 394) insufficient evidence is a violation of
defendant due process rights.

GGG. CASE (8 KK.A2d, 443, 444, 446, 660, p.2d 569 (1983)) Motion to vacate filed

23

within reasonable time even though after period of redemption; Mid Kansas Fed'L

Savings & Loan Ass'n V. Burke.

HHH. CASE (7 K.A.2d 625, 626, 628, 629, 646 P.2d 1124 (1982)) Motion to set aside

void judgment can be made at any time; Barkley V. Toland.

THEREFORE GERALD RAY WEDEL PRAY"S that the court issued an ORDER to

STRIKE the above MOTION'S from the Court Record that is Lawful and Just and that

complies WITH THE CONSTITUTONAL "RIGHTS OF DUE PROCESS" Const.

Amends. #1, #5, #6, and #14, KANSAS CONSTUTION, THE CONSTUTION OF THE

UNITED STATES OF AMERICA All FEDERAL LAWS, and ALL KANSAS

STATUTE'S.

RESPECTFULLY SUBMITTED;

Gerald Ray Wedel

GERALD RAY WEDEL

1625 U U Road

Copeland, Kansas 67837

## CERTIFICATE OF SERVICE

The undersigned, GERALD RAY WEDEL, certifies that a true and correct copy of

the following, MOTION TO STRIKE WITH A REQUEST was served upon. The

following and put in the United States mail postage prepaid, and properly addressed on

the 24th, day of June 2010.

Court Clerk
The United States District Court For The District of Kansas
401 North Market Street
204 U.S. Courthouse
Wichita, Kansas 67202

Stephen Phillips
Assistant Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597

Kyler G. Knobbe
P.O. Box 937
109 West Ave. A
Cimarron, Kansas 67835

GERALD RAY WEDEL
1625 U U Rod
Copeland, Kansas 67837



018H26514265

$01.22⁰

06/17/2010

Mailed From 66612
US POSTAGE

Hasler

6 - 21-2010



Steve Six
Kansas Attorney General's Office
120 S.W. 10th Avenue, 2nd Floor
Topeka, KS 66612

To: Gerald Ray Wedel
1625 U.U. Road
Copeland, KS 67837



tabbies

EXHIBIT

A

## Motions
6:10-cv-01156-CM -GLR Wedel v. Knobbe et al

Processing

### U.S. District Court

### DISTRICT OF KANSAS

### Notice of Electronic Filing

The following transaction was entered by Phillips, Stephen on 6/16/2010 at 11:30 AM CDT and filed on 6/16/2010

| | |
|---|---|
| **Case Name:** | Wedel v. Knobbe et al |
| **Case Number:** | 6:10-cv-01156-CM -GLR |
| **Filer:** | E. Leigh Hood |
| | Micheal Freelove |
| | Ford County District Court |
| | Daniel L. Love |

**Document Number:** 10

**Docket Text:**
**MOTION to Dismiss by Defendants Ford County District Court, Micheal Freelove, E.
Leigh Hood, Daniel L. Love(Phillips, Stephen)**

### 6:10-cv-01156-CM -GLR Notice has been electronically mailed to:

Stephen O. Phillips     steve.phillips@ksag.org, debbie.williams@ksag.org, stevephillips@yahoo.com,
wellsd@ksag.org

### 6:10-cv-01156-CM -GLR Notice has been delivered by other means to:

Gerald Ray Wedel
1625 U U Road
Copeland, KS 67837

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1028492125 [Date=6/16/2010] [FileNumber=2083561-0
] [59b5efa54cd87fd4ee87844c2a8a0a522998291d8762d05c00342e395e90563a35f
65a2ae0c7c1192e557e0798a7c38971ef42b03cbf136bb71763dbdf133013]]

EXHIBIT

*tabbies*  _B_

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GERALD RAY WEDEL,                      )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )        Case No. 10-1156-CM-GLR
                                       )
KLYER G. KNOBBE, *et al.*,             )
                                       )
            Defendants.                )
_____)

### STATE DEFENDANTS' MOTION TO DISMISS

In accordance with D. Kan. 7.1(a) and D. Kan. 7.6, Defendants Kansas District Court

Magistrate Judge Michael Freelove, Kansas District Court Judges Daniel L. Love and E. Leigh

Hood, and the Ford County District Court  Sixteenth Judicial District (hereinafter "State

Defendants"), by and through counsel, Stephen Phillips, Assistant Attorney General for the State

of Kansas, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), move this Court for an Order

dismissing this action against them for failure to state a claim and lack of subject matter

jurisdiction.

In accordance with D. Kan. 7.1 and 7.6, a Memorandum in Support of the Motion is

submitted herewith.

For reasons set forth herein and in the supporting Memorandum, these Defendants

respectfully request that their Motion to Dismiss be granted by the Court, and that they receive

such other and further relief as the Court deems just and proper.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
STEVE SIX

s/ Stephen Phillips
Stephen Phillips, Sup. Ct. No. 14130
Asst. Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel:    (785) 296-2215
Fax:    (785) 291-3767
steve.phillips@ksag.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notices to the following:

and that on this same date, I mailed the foregoing *via* first class U.S. Mail, postage prepaid, addressed to:

Gerald Ray Wedel
1625 U.U. Rd
Copeland, KS 67837

s/ Stephen Phillips
Stephen Phillips

## Documents in Support of Motions

### U.S. District Court

### DISTRICT OF KANSAS

### Notice of Electronic Filing

The following transaction was entered by Phillips, Stephen on 6/16/2010 at 11:32 AM CDT and filed on
6/16/2010

| | |
|---|---|
| **Case Name:** | Wedel v. Knobbe et al |
| **Case Number:** | 6:10-cv-01156-CM -GLR |
| **Filer:** | E. Leigh Hood |
| | Micheal Freelove |
| | Ford County District Court |
| | Daniel L. Love |

**Document Number:** 11

**Docket Text:**
**MEMORANDUM IN SUPPORT of [10] MOTION to Dismiss by Defendants Ford County
District Court, Micheal Freelove, E. Leigh Hood, Daniel L. Love(Phillips, Stephen)**

### 6:10-cv-01156-CM -GLR Notice has been electronically mailed to:

Stephen O. Phillips     steve.phillips@ksag.org, debbie.williams@ksag.org, stevephillips@yahoo.com,
wellsd@ksag.org

### 6:10-cv-01156-CM -GLR Notice has been delivered by other means to:

Gerald Ray Wedel
1625 U U Road
Copeland, KS 67837

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1028492125 [Date=6/16/2010] [FileNumber=2083570-0
] [a0a29de20ccccb6663bd95fa2550c1fdc42d0725e4c34c231511516f6e1025315ba
ea841dca19d0b30f3d6f204e317143d9810303803b6bc014af0c50da0396c]]

EXHIBIT

C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GERALD RAY WEDEL,                    )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        Case No. 10-1156-CM-GLR
                                     )
KLYER G. KNOBBE, *et al.*,           )
                                     )
            Defendants.              )
_____)

## STATE DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

In accordance with D. Kan. 7.1(a) and D. Kan. 7.6, Defendants Kansas District Court Magistrate Judge Michael Freelove, Kansas District Court Judges E. Leigh Hood and Daniel L. Love, and the Ford County District Court Sixteenth Judicial District (hereinafter State Defendants), by and through counsel, Stephen Phillips, Assistant Attorney General for the State of Kansas, submit this Memorandum in Support of their Motion to Dismiss.

For reasons set forth herein, State Defendants respectfully request that their Motion to Dismiss be granted by the Court and that they receive such other and further relief as the Court deems just and proper.

## NATURE OF THE MATTER BEFORE THE COURT

Plaintiff Gerald R. Wedel, proceeding *in forma pauperis* and *pro se*, seeks damages against numerous defendants.[1] Wedel's Complaint is conclusory and vague, simply citing violation of a variety of constitutional rights and Kansas Statutes, along with a laundry list of different types of fraud and RICO.

---

[1] Wedel has four suits pending in D. Kan Federal District Court, mostly against various State of Kansas officials, banks and private attorneys  See No. 10-1069-CM-KMH, 10-1079-MLB-DWB, 10-1134-EFM-JPO and 10-1156 CM-GLR.

The only reference to any sort of fact in Wedel's Complaint is an unintelligible reference to a probate case, apparently of Viola Wedel. (Doc. 1, p 5, ¶ VIII(B).) Wedel refers in his Complaint to an "Exhibit A," but, for whatever reason, Wedel chose not to serve the exhibit on defendants and moved the whole case be sealed. (Doc. 4.) The Court ordered the exhibit sealed, so defendants do not know what is in it, although the Court's order hints that it contains pleadings from the probate case. (Doc. 7.)

Wedel filed a "Supplement" to the Complaint. (Doc. 5.) He did not serve it on defendants either. The docket sheet seems to show it as sealed also, although it comes up when the link is clicked. It only contains random documents from the Ford County probate case of Viola Wedel, # 2009-PR-65

Wedel asks for punitive damages in the amount of $400,050.00 and damages for emotional distress in the amount of $4,599,950.00.

## STANDARD FOR MOTION TO DISMISS

### I.  12(b)(6) DISMISSAL.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court substantially raised the bar for pleading requirements. This heightened pleading standard applies to all civil actions. The 10th Circuit has noted *Twombly's* departure from the previous standard:

[T]he Supreme Court recently . . . prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1969, 1974, 167 L. Ed. 2d 929 (2007). The Court explained that a plaintiff must "nudge [ ] [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Id.* at 1974. Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

*Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting

*Twombly*).

The Supreme Court has made clear that *Twombly's* heightened pleading standard applies

to all civil causes of action, not just the conspiracy claim that was at issue in *Twombly. See*

*Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009). In *Iqbal*, the Court expanded on *Twombly* saying:

> Two working principles underlie our decision in *Twombly.* First, the tenet that a
> court must accept as true all of the allegations contained in a complaint is
> inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of
> action, supported by mere conclusory statements, do not suffice. *Id.,* at 555, 127 S.
> Ct. 1955 . . . [Second, d]etermining whether a complaint states a plausible claim
> for relief will, as the Court of Appeals observed, be a context-specific task that
> requires the reviewing court to draw on its judicial experience and common sense.
> [Citation omitted.] But where the well-pleaded facts do not permit the court to
> infer more than the mere possibility of misconduct, the complaint has alleged-but it
> has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc.
> 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can
> choose to begin by identifying pleadings that, because they are no more than
> conclusions, are not entitled to the assumption of truth. While legal conclusions
> can provide the framework of a complaint, they must be supported by factual
> allegations. When there are well-pleaded factual allegations, a court should
> assume their veracity and then determine whether they plausibly give rise to an
> entitlement to relief.

*Id.* at 149-50.

Because of Wedel's *pro se* status, the Court will afford him some leniency in construing

his complaint. *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan.

1995) (citation omitted). The Court may not, however, assume the role of advocate for plaintiff

simply because he is proceeding *pro se. Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court may not "construct arguments or theories for the plaintiff in the absence of any

discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991)

(citations omitted). Nor may the Court "supply additional factual allegations to round out a

plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173–74 (citation omitted).

In the end, while Wedel need not precisely state each element of his cause of action, he must "plead minimal factual allegations on those material elements that must be proved." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

## II.    12(b)(1) DISMISSAL.

Rule 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir.1995). In a facial challenge, the district court must accept the allegations of the complaint as true. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir.2001). In a factual challenge, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based. *Id.* Courts may exercise jurisdiction only when specifically authorized to do so (*see Castaneda v. INS,* 23 F.3d 1576, 1580 (10th Cir.1994)) and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Scheideman v. Shawnee County Bd. of County Comm's*, 895 F.Supp. 279, 280 (D.Kan.1995). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against jurisdiction. *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir.1999). Plaintiff bears the burden of showing that jurisdiction is proper, *see id.,* and must demonstrate that the case should not be dismissed. S*ee Jensen v. Johnson County Youth Baseball League*, 838 F.Supp. 1437, 1439-40 (D.Kan. 1993). Conclusory allegations of jurisdiction are not enough. *Id.*

## ARGUMENT

### I.    WEDEL'S COMPLAINT FAILS TO MEET *TWOMBLY'S* PLEADING STANDARDS.

Wedel's Complaint wholly fails to meet *Twombly* pleading standards.  Wedel pleads no specific facts whatsoever.  He does not state how his constitutional rights were allegedly violated.  His references to RICO, fraud, and various Kansas statutes are not explained. Defendants are left to guess at their defenses, because defendants do not know what they are alleged to have done or how they are alleged to have violated Wedel's rights.

Wedel seems to be complaining, at least in part, about a probate case of Viola Wedel's estate.  While these Defendants would like to assert the defenses of *Rooker-Feldman* and/or *Younger* abstention, we do not know how Wedel's claimed violations of rights relates to that case.

Wedel particularly fails to meet pleading standards.  He alleges fraud but fails to plead his claims of fraud with sufficient particularity as required by Fed. R. Civ. P. 9(b).  Under that rule, a fraud complaint must "set forth the time, place and contents of the false representations, the identity of the party making the false statements and the consequences thereof." *See Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir.2000) (quotation omitted).

The State Defendants could go through Wedel's Complaint statute by statute, right by right, and explain why they could not possibly apply to Wedel.  But under *Twombly*, defendants are not required to guess at a plaintiff's cause of action; the plaintiff must explain it adequately.

### II.    JUDGES ARE ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY.

To the extent that Wedel is complaining about rulings Judges Love, Freelove and Hood made in handling of a case or cases in which Wedel was involved, the judges are entitled to absolute judicial immunity.  The Tenth Circuit has stated about absolute judicial immunity:

The United States Supreme Court has recognized the defense of absolute immunity for "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807, 102 S. Ct. 2727, 2732, 73 L. Ed. 2d 396 (1982). Judges are clearly among those officials who are entitled to such immunity. The purpose of the doctrine is to benefit the public, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray,* 386 U.S. 547, 554, 87 S. Ct. 1213, 1218, 18 L. Ed. 2d 288 (1967). The Supreme Court has recognized that "the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus." *Butz v. Economou,* 438 U.S. 478, 512, 98 S. Ct. 2894, 2913, 57 L. Ed. 2d 895 (1978) (citing *Pierson,* 386 U.S. at 554, 87 S. Ct. at 1218). Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. Further, it is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, that are brought pursuant to 42 U.S.C. § 1983. *Pierson,* 386 U.S. at 554, 87 S. Ct. at 1218; *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S. Ct. 1099, 1104-05, 55 L. Ed. 2d 331 (1978).

*Van Sickle v. Holloway,* 791 F.2d 1431, 1435 (10th Cir. 1986).

The scope of judicial immunity is very broad. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . .." *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). Judicial immunity applies to any "function normally performed by a judge." *Martinez v. Winner*, 771 F.2d 424, 434 (10th Cir. 1985), *modified*, 778 F.2d 353 (10th Cir. 1985), *action found moot* 800 F.2d 230 (10th Cir. 1986). A judge is entitled to immunity even if the judge acted with partiality, maliciously, or corruptly. *Id.* The immunity applies even if the acts were ministerial or administrative, so long as it was done in the judge's judicial capacity. *Id.* Whether to set a matter for hearing is certainly done in a judge's discretion and judicial capacity, and Judges Love, Freelove and Hood are entitled to absolute judicial immunity their handling of cases.

## III. OFFICIAL CAPACITY CLAIMS FOR MONEY DAMAGES MUST BE DISMISSED.

Wedel does not state whether he is suing the defendant judges in their official or private

capacities. To the extent that he is suing them in their official capacities, such relief is prohibited

by the 11th Amendment. *See e.g., Ruiz v. McDonnell*, 299 F.3d 1173, 1180-81 (10th Cir.2002).

## IV. FORD COUNTY DISTRICT COURT IS NOT A PROPER DEFENDANT.

Wedel may not sue Ford County District Court Sixteenth Judicial District in federal court

because the Eleventh Amendment bars private parties from suing an unconsenting state in

federal court unless Congress has unequivocally abrogated the state's constitutional sovereign

immunity or unless the state has waived the immunity. *Atascadero State Hosp. v. Scanlon*, 473

U.S. 234, 238-40 (1985); *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). Eleventh

Amendment immunity applies regardless of the nature of the relief sought -- declaratory,

injunctive, or money damages. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-

02 (1984); *Ex Parte Young,* 209 U.S. 123, 159-60 (1908); *Ellis v. Univ. of Kansas Med. Ctr.*, 163

F.3d 1186, 1196 (10th Cir. 1998) (state or state agency sued in its own name is not subject to

federal compensatory or injunctive relief). Pursuant to Article 3, Section 6 of the Kansas

Constitution, district courts are divisions of the state itself. *See e.g.*, *Frank v. Bush*, No. 09-4146,

2010 WL 1408405 (D. Kan. 2010).

Wedel may also not bring this action against the Ford County District Court because, in

Kansas, subordinate governmental entities do not have the capacity to sue or be sued, absent

specific statutory authorization. *Hopkins v. State*, 237 Kan. 601 (1985). Kansas' statutes

establishing Kansas district courts, K.S.A. 20-301 *et seq,* do not contain an authorization for

them to sue or be sued. *See Mason v. Twenty-Sixth Judicial District*, 670 F.Supp. 1528, 1535

(D.Kan.1987); *Frank v. Bush* (supra).

## CONCLUSION

Wedel's Complaint is conclusory and frivolous and should be dismissed.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
STEVE SIX

s/ Stephen Phillips
Stephen Phillips, Sup. Ct. No. 14130
Asst. Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel:    (785) 296-2215
Fax:    (785) 291-3767
steve.phillips@ksag.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notices to the following:

and that on this same date, I mailed the foregoing *via* first class U.S. Mail, postage prepaid, addressed to:

Gerald Ray Wedel
1625 U.U. Rd
Copeland, KS 67837

s/ Stephen Phillips
Stephen Phillips