FILED
U.S. DISTRICT COURT
IN THE UNITEDE STATES DISTRICT COURT OF KANSAS
FOR THE DISTRICT OF KANSAS

'10 JUL -8 A9:35

GERALD RAY WEDEL, and )
LETHA WEDEL )
     Plaintiffs, )
      )
V. )
      )
KYLER G. KNOBBE, et al., )
     Defendants, )
_____ )

CLERK, U.S. DISTRICT COURT
BY:_____ DEPUTY CLERK
AT WICHITA. KS

Case No. 10-1156-CM-GLR

## MOTION TO STRIKE
## WITH
## A REQUEST

COMES NOW, GERALD RAY WEDEL MOTION TO STRIKE pursuant to Rule 12

f to have all the following Document STRICKEN from the court record # (1), NON-

STATE DEFENDANTS' MOTION TO DISNISS (Exhibit 1), # (2) STATE

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS (Exhibit

2), # 3 NON STATE DEFENDANTS MOTION TO STAY DISCOVERY (Exhibit 3), #

4 NON STATE DEFENDANTS MEMORANDUM IN SUPPORT OF MOTION TO

STAY DISCOVERY (Exhibit 4), # 5 STATE DEFENDANTS' RESPONSE TO

PLAINTIFF GERALD WEDEL'S MOTION FOR AN EMERGENCY INJUNCTION

(Exhibit 5), # 6 STATE DEFENDANT'S MOTION TO DISMISS (Exhibit 6), # 7

STATE DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

(Exhibit 7), AND # 8 state defendants' amended response to plaintiff GERALD

WEDEL"S motion for an emergency injunction (Exhibit 8). The Motion's are

FRIVOLOUS, REPETITIVE, ABRESIVE, RAISES NO NEW ISSUES and have no

1

MERIT'S and are NOT SUPPORTED WITH ALL THE FACT'S AND ISSUES and

there is not a FEDERAL LAW or KANSAS STATUTE, or The Constitution of The

United States of America, THE KANSAS CONSTITUTION, and CONSTITUTIONAL

 RIGHTS TO DUE PROCESS # 1, #5, #6, and #14 that will support an ORDER to a

FRIVOLOUS MOTION without any merit's or fact's to support. And with

ATTORNEY'S, and LAW FIRM'S support of the violations of the law's and

constitution's presented in the fact's, **NO DEFENDANT'S IN THIS CASE HAVE**

**(DENIED ANY OF THE FACT'S OR DISPUTED ANY OF THE FACT'S) OR**

**EVEN MADE A RESPONSE TO THE SUMMON'S SERVED ON THEM WHICH**

**LEAVE'S ALL FACTS TO BE TRUE, NO RESPONSE OR ANSWER** is in

violation of the SUMMONS, and RULE 12 (A) (B). The Defendants have yet to file a

conventional answer, response or reply to the SUMMONS with a CLAIM pursuant to

Rule 12 (a) (2) or (3) that was served on them by the United States MARSHALS they

just keep filing motion's with the following fact's;

## FEDERASL LAW'S THAT APPLY TO THIS CASE

TITLE 42-USC-1983

TITLE 42-USC-19856 Sub. Sec. 3

TITLE 42-USC-1981

TITLE 5-USC-556 (d)

TITLE 5-USC-557 (c) (3)

TITLE 5-USC-706

TITLE 10-USC-333

TITLE 18-USC-241

2

TITLE 18-USC-514

TITLE 18-USC-1001

TITLE 18-USC-1961

TITLE 18-USC-2381

TITLE 18-USC-2382

TITLE 28-USC-372

## COURT'S JURISDICTION

There are two classifications of courts in the "UNITED STATES OF AMERICA", these are, "***One Supreme Court, and such inferior courts as the Congress may from time to time ordain and establish." According to Article 111, Section 1 of the "CONSTITUTION FOR THE UNITED STSTES OF AMERICA". Since the "CIVIL WAR" these "COURTS" have been operated as "CORPORATE COURTS" for the profit of attorneys, who engage in the business of "ORGANIZED CRIME" in these courts.

## CONFLICT OF INTEREST WITH THE FACT"S

A. ATTORNEY STEPHEN PHILLIPS has a conflict of interest he is a DEFENDANT in Case No. 10-CV-1079-MLB-DWB and is EMPLOYED by the ATTORNEY GENERAL..

A-1. KYLER G. KNOBBE has a conflict of interest in this case.

B. ATTORNEY STEPHEN PHILLIPS has made a many false statements in the above motions. The Claim is supported with certified Court Document's, violation of Kansas Statutes, Federal law's, The Constitution of Kansas, and The Constitution of The United States of America.

C. The **DOCTRINE OF PRECENDENT** applies in this case.

D. **CONSTITUTIONAL LAW** applies to this case of which MICHEAL
FREELOVE, E. LEIGH HOOD, DANIEL L. LOVE, AND SIXTEENTH
JUDICIAL DISTRICT THE FORD COUTY DISTRICT COURT A
CORPORATION WITH FEDERAL ID. NUMBER 48-1124839 has clearly
violated.

E. **PERSONAL TORT** applies to this case when sixteenth judicial district Ford
County District Court Clerk issued Order's WITH OUT SUBJECT MATTER
JURISDICTION AND WITHOUT CONCLUSION OF LAW AND ALL THE
FACTS AND ISSUES PRESENTED IN THE ORDER.

F. **UNDER COLOR OF LAW** applies to this case when KYLER G. KNOBBE,
STEPHEN PHILLIPS, MICHEAL FREELOVE, E. LEIGH HOOD, DANIEL L.
LOVE, and SIXTEENTH JUDICIAL DISTRICT THE FORD COUNTY
DISTRICT COURT A CORROPATION Violated The WEDEL'S Constitutional
Rights to Due Process Const. Amends #1, #5, and #14.

G. All Court CLERK'S, JUDGE'S, and ATTORNEY'S are lawfully required by
**(28- USC-372 to have an "OATH OF OFFICE".** I, GERALD RAY WEDEL
accept MICHAEL FREELOVE, E. LEIGH HOOD, DANIEL L. LOVE, KYLER
G. KNOBBE, STEPHEN PHILLIPS **"OATH OF OFFICE"** in **"ADMIRALTY
JURDISDICTION"** Now MICHAEL FREELOVE, E. LEIGH HOOD, DANIEL
L. LOVE, KYLER G. KNOBBE, AND STEPHEN PHILLIPS are subject to
criminal prosecution and civil litigation for any and all injury MICHAEL
FREELOVE, E. LEIGH HOOD, DANIEL L. LOVE, KYLER G. KNOBBE,
AND STEPHEN PHILLIPS has caused to the Plaintiffs.

H. MICHAEL FREELOVE, E. LEIGH HOOD, DANIEL L. LOVE, KYLER G.

4

KNOBBE, AND STEPHEN PHILLIPS have **COMMITTED "CONSPIRACY AGAINST RIGHTS" (18-USC- 241) "UNDER THE COLOR OF LAW".**

I.  MICHAEL FREELOVE, E. LEIGHT HOOD, DANIEL L. LOVE, KYLER G. KNOBBE, AND STEPHEN PHILLIPS are being sued in there private Capacity and Personal Capacity Rule 10.3-14 (b) (2). \*\* Rule 10.3-2(a) **"FAITHFUL TO THE LAW".** Canon # B (2) places three main duties on judges. First, a judge must be **"FAITHFULL TO THE LAW,"** The "LAW" is **defined broadly to include statutes, state and federal constitutions, court rules, and case law**. THIS Phrase-----**"FAITHFUL TO THE LAW"**--- reminds judges that they are part of a system that places limits and obligations on them (AN INTERESTING CASE DISCUSSING THOSE LIMITS IS MATTER OF HAGUE).

J.  THE SIXTEENTH JUDICIAL DISTRICT THE FORD COUNTY DISTRICT COURT IS BEING SUED AS A CORPORATION with Federal ID. Number 48-1124839

K.  The Motions filed are FRIVOLOUS, MALICIOUS, REPETITIVE, ABRESIVE, AND RAISES NO NEW ISSUES without any FACTS or MERITS to support the Motions and are filed to just to HARASS The Plaintiffs and to take time and cost the Plaintiffs and the Court.

## QUALIFIED IMMUNITY

L.  Public officials performing discretionary functions generally enjoy qualified immunity from civil damages liability **"INSOFAR AS THEIR CONDUCT DOES NOT VIOLATE CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON**

**WOULD HAVE KNOWN." HARLOW, 457 U.S. AT 818**. The question before

the court are whether defendants violated a constitutional right, and, if so,

whether that right was clearly established such that a reasonable person in the

official's position would have known that his or her conduct violated that right.

MOORE V. CITY OF WYNNEWOOD, 57 F.3D P24, 931 (10TH CIR.

1995). (CASE # 2:06-cv-02013-CM_KGS).

**MICHAEL FREELOVE, E. LEIGH HOOD, DANIEL L. LOVE, KYLER G.**

**KNOBBE, AND STEPHEN PHILLIPS, THE SIXTEENTH JUDICIAL**

**DISTRICT THE FORD COUNTY DISTRICT COURT A CORPORATION, AND**

**ASSIANT ATTORNEY GENERAL STEPHEN PHILLIPS, HAVE VIOLATED**

**THE FOLLOWING KANSAS STATUTES, FEDERAL LAW'S, THE**

**CONSTITUTION OF THE UNITED STATES OF AMERICA, THE KANSAS**

**CONSTITUTION, and CONSTITUTIONAL RIGHTS TO DUE PROCESS.**

   M. **The United States Constitution of America Const. Amends. #1, #5, #6, and**
      **#14, The Constitution of Kansas #1, #2, #10, #15, #18, and #20, and The**
      **Declaration of Independence of 1776**.

   N. The Fair Debt Collection Practices Act (15-USC-1692) 803 (5), 805 (b), (c), (1)
      (3), 807 (A) (8) (9) (10) (11) (13) (14), 808 (1) (5) (6) (a) (8), 809 (a) (1) (2) (3)
      (4) (5) (b), 811 (A) (B) (b), 813 (a) (1) (B) (3).

   O. **The Privacy Act of 1974** (A) 94), (B) (6), "(A) (2)", (B).

   P. **Conspiracy Against Rights (18-USC-241)**.

   Q. **The DOCTRINE OF PRECEDENT** applies in this case. The rule that
      precedents not only have persuasive authority but also must be followed when

similar circumstances arise

R. **The PERSONAL TORT** applies in this case. A Tort involving or consisting in an injury to one's person, reputation, or feelings, as dislinguished from an injury or damage to real or personal property.

S. **UNDER COLOR OF LAW** applies to this case. The appearance or semblance, without the substance of a legal right.

T. **COLOR OF PROCESS** applies to this case. The appearance of validity and sufficiency surrounding a legal proceeding that is later found to be invalid.

U. **2006 Kansas Laws Ch. 146 (S.B. 25)** applies to this case. (a) Terrorism is the commission of the attempt to commit or the conspiracy to commit any felony with the intent to intimidate or coerce the civilian population, influence government policy by intimidation or coerce or to affect the operation of any unit of government.

V. **U.S.C.A. Const. Preamble**; In our System, while sovereign powers are delegated to the agencies of government, sovereignty itself remains with the people, by whom and for whom all government exists and acts. (Yick Wo. V. Hopkins, U.S. Cal. 1886, 6 S.CT. 1064 118 U.S. 356, 30 L.Ed. 220).** The Constitution of The United States was made by, and for the protection of The people of The United States. (Leaque V. De Young, U.S. Tex, 1850, 52 U.S. 185, 11, How. 185, 13 L.Ed. 657).

W. **The 6th Amendment secures the accused the right to face all witnesses against him**. Therefore, this law requires the "PLAINTIFF" (injured Party) be a physical

human being that can be cross examined. The only time an attorney can act without a human "PLAINTIFF" is in the case of "MURDER". All cases require the "PLAINTIFF" be present in court.

X. According to Article 3 Section 1 of the "CONSTITUTION FOR THE UNITED STATES OF AMERICA". Since the "CIVIL WAR" these "COURTS" have been operated as "CORPORATE COURTS" for the profit of Attorneys who engage in the business of "ORANIZED CRIME" in these courts.

### RULE'S THAT APPLY TO ATTORNEY'S AND LAW FIRM'S

Y-1. **RULE 5.1 (a)** A partner in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers in the firm conform to the rules of professional conduct.**(b) Another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the rules of professional conduct.**(c) A lawyer shall be responsible for another lawyer's violations of the rules of professional conduct.

Y-2. **RULE 1.6-12 (e) (5)** The Former Model Code, The 1983 Model Rules, and The Model Rules after The major revisions of 2002 all require that a lawyer not permit a client to commit a FRAUD on the tribunal.**(2) to prevent the client from committing a crime or FRAUD that is reasonably certain to result in substantial injury to the financial interest or property of another and in furtherance of which the client has used or is using the lawyer's service.

Y-3. **RULE 1.6-12 (f) (2)** The Rules have always had a provision that requires a lawyer who has submitted evidence to a tribunal and has later learned that the evidence was false when submitted, to take appropriate measures. This provision

under the Candor to the court Rule involves a client use of a lawyer's service to perpetuate a CRIME or FRAUD and it involves disclosure to correct the past CRIME OR FRAUD.

Y-4. **RULE 1.7-6 (p)** If conflicts develop during litigation, counsel may move to disqualify opposing counsel. If the conflict is such that it "TAINTS" the fact findings process or fairness of the trail. The court should grant the Motion.

Y-5..**RULE 1.11-4 (a)** The elemental conflict rule is that a lawyer now working for the government may not participate in a matter if she, while in private practice, personally and substantially participated in that matter.

Y-6. **RULE 3.1-1(b)** If a lawyer is representing a client before a tribunal and is seeking an EX PARTA ORDER. The lawyer must disclose to the court not only all of the applicable law, even if adverse, but also all material facts that the lawyer reasonably believes are necessary for the tribunal to make an informal decision. The Internal Revenue Service is not treated like a court, and the tax return is not treated like a request for an EX PARTE ORDER.

Y-7. **RULE 3.8-3** The model code said that the government lawyer's special duty to seek justice extends to civil or administrative proceedings. The lawyer should not use her position or the government's economic power to "HARASS PARTIES" or to cause "UNJUST SETTLEMENTS OR RESULTS".

Y-8. **RULE 4.1-3 Under Rule 1.2(d),** A lawyer is prohibited from counseling or assisting a client in conduct that the lawyer knows is CRIMINAL or FRAUDULENT.

Y-9. **Rule 1.2 (d)** A lawyer shall not counsel a client to engage, or assist a client, in

conduct that the lawyer knows is criminal or fraudulent.

Y-10. **RULE 1.4 (a) (4)** promptly comply with reasonable requests for information.

Y-11. **RULE 1.6 (a) (2)** to prevent the client from committing a crime or fraud that is reasonably certain to result in substantial injury to the financial interest or property of another and in furtherance of which the client has used or is using the lawyer's services

Y-12. **RULE 1.6-12 (e) (5)** The former Model Code, the 1983 Model Rules, and the Model Rules after the major revisions of 2002 all require that a lawyer not permit a client to commit a fraud on the tribunal.

Y-13. **Rule 1.7 (a) (2)** there is a significant risk that the representative of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.**(4) each affected client gives informed consent, confirmed in writing.

Y-14. **RULE 1.9. (a)** A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interest are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.**(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client.**(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter hall not thereafter.

Y-15. **RULE 1.10-7** If an attorney is involved in a conflict of interest, he or she is

10

subject to at least three sanctions. First, the lawyer may be subject to discipline. The disciplinary authorities may suspend, reprimand, or conceivably disbar the Lawyer.

Y-16. **RULE 1.11-4 (a)** The elemental conflict rule is that a lawyer now working for the government may not participate in a matter if she, while in private practice, personally and substantially participated in that matter.

Y-17. **RULE 3.1** A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not FRIVOLOUS, which includes a good faith argument for an extension, modification or reversal of existing law.

Y-18. **RULE 3.1-2(d)** The Basic of the procedural Rules Against FRIVOLOUS LITIGATION.

Y-19. **RULE 3.3 (a)(1)** make a false statement of fact or law to a tribunal or fail to correct a false statement of material facts or law previously made to the tribunal by the lawyer.**(3) offer evidence that the lawyer knows to be false.**(b) A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

Y-20. **RULE 3.5 (a), (c) (3)** the communication involves misrepresentation, coercion, duress or HARASSMENT.

Y-21. **RULE 3.7 (a)** A lawyer shall not act as advocate at a trail in which the lawyer is likely to be a necessary witness.

11

Y-22. **RULE 4.1** (a) make a false statement of material fact or law to a third

person.\*\*(b) fail to disclose a material fact when disclosure is necessary to

avoid assisting a criminal or fraudulent act by a client, unless disclosure is

prohibited by rule 1.6.

Y-23. **RULE 4.1-1** governs the lawyer's obligations to persons other than the

lawyer's own client. It is important to understand that if the failure to disclose a

material fact involves a tribunal.

Y-24. **RULE 8.2 (a)** A lawyer shall not make a statement that the lawyer knows to be

false or with reckless disregard as to its truth or falsity concerning the

qualifications or integrity of a judge, adjudicatory officer or public legal officer.

Y-25. **RULE 8.4 (a)** violation or attempt to violate the RULES OF PROFESSIONAL

CONDUCT, knowingly assist or induce another to do so, or do so through the

acts of another.\*\*(b) commit a criminal act that reflects adversely on the

lawyer's honesty, trustworthiness or fitness as a lawyer in other

respects.\*\*(c)engage in conduct involving dishonesty, fraud, deceit or

misrepresentation.\*\*(e) state or imply an ability to influence improperly a

government agency or official or to achieve results by means that violate the

RULES OF PROFESSIONAL CONDUCT OR OTHER LAW.\*\*(f) knowingly

assist a judge or judicial officer in conduct that is a violation of applicable rules

of judicial conduct or other law.

Y-26. **FEDERAL RULES THAT APPLY TO ATTORNEYS AND BAR**

**DISCIPLINE** 83.5.1, 83.5.2, 83.5.3, 83.5.3.1, 83.5.4, 83.5.5, 83.5.6, M83.5.6.7,

83.6.1, 83.6.2, 83.6.3, 83.6.4, 83.6.5, 83.6.6, 83.6.7, 83.6.8, 83.6.9, 83.6.10,

83.6.11, AND 83.6.12.

## FACT'S

Y.  The claim in case No 10-1156-CM-GLR is supported with certified COURT
DOCUMENTS Kansas Statue, Federal Law, The Constitution of Kansas,
and The Constitution of The United States of America.

Z-1. ATTORNEY KYLER G. KNOBBE, LAW FIRM KYLER G. KNOBBE.,
ATTORNEY STEPHEN O. PHILLIPS, and THE ATTORNEY GENERAL
OFFICE ARE ASSISTING **MICHAEL FREELOVE, E. LEIGHT HOOD,
DANIEL L. LOVE AND THE SIXTEENTH JUDICIAL DISTRICT THE
DISTRICT COURTOF FORD COUNTY KANSAS A CORPORATION
TO VIOLATE THE CONSTITUTION OF KANSAS, THE
CONSTITUTION OF THE UNITED STATES OF AMERICA,
CONSTUTIONAL RIGHTS TO DUE PROCESS #1, #5, #6, AND #14,
AND ALL PARTIES OATH OF OFFICE KANSAS STATUTE MADE BY
THE KANSAS LEGISLATOR'S, FEDERAL LAW'S. THE ASSISTING IS
TO COMMIT FRAUD, TREASON, RACKETEERING, THIEF, THREAT.**

Z.  The above Motion's (Exhibit 1, 2, 3, 4, 5, 6, 7, and 8) are FRIVOLOUS,
MALICIOUS, REPETITIVE, ABRESIVE, AND RAISES NO NEW ISSUES
and in Retaliation of protected speech The First Amendment (Crawford-EL V.
Britton, 523 U.S. 574, 592 (!998) Any form of official retaliation for exercising
one's freedom of speech, including prosecution, threatened prosecution, bad faith
investigation, and legal harassment, constitutes an infringement of the freedom."
WORRELL V. HENRY, 219 F.3D 1197, 1212 (10TH CIR. 2000) and without any

FACT'S or MERITS to support the motion which was filed to just to HARASS

the plaintiff and to take time and add the cost to the court.

## PRINCIPLES OF LAW

BB.. No attorney can appear in court without the physical human being he represents.

"Agents can not testify for principals."

CC. No "DEBT COLLECTOR" can collect any debt without the "ORIGINAL WET

INK SIGNED CONTRACT" being present in Court. Copies are not

admissible, in court. This contract is the "SUBJECT MATTER" of the

"COURT'S JURISDICTION". Without it the court has no jurisdiction to proceed.

The court must dismiss for lack of subject matter jurisdiction.

## WORD DEFINITIONS THAT APPLY IN THIS CASE FROM THE BLACK'S LAW DISTIONARY "EIGHT EDITION".

DD. **JURISDICTION**\*\* a governments general power to exercise authority over all

person's and things' within its territory; they are to a large extent constitutional

rules.

EE. **Misconduct**\*\* a derelicyion of duty; unlawful or improper behavior.

FF. **AFFIRMATIVE MISCONDUCT**\*\* an affirmative act misrepresentation or

concealment of a material fact; intentional wrongful behavior.

GG. **OFFICIAL MISCONDUCT**\*\* misconduct in office; misbehavior in office;

. corruption in office; official corruption.

HH. **WANTON MISCONDUCT**\*\* an act, or a failure to act when there is a duty to

do so in reckless disregard of another's rights

II. **WILLFUL MISCONDUCT**\*\* misconduct committed voluntarily and

14

Intentiona

II-1. **ABUSE OF DISCRETION**\*\* An adjudicator's failure to exercise sound, reasonable, and legal decision-making.

II-2. **ABUSE OF PROCESS**\*\* The improper and tortuous use of a legitimately issued  court process to obtain a result that is either unlawful or beyond the process's scope.

II-3. **AFFIDAVIT**\*\* A voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public.

II-4. **ALLEGATION**\*\* the act declaring something to be true.

II-5. **Authentication**\*\* Broadly, the act proving that something (as a document) is true or genuine, esp. so that it may be admitted as evidence.

II-6. **UNDER COLOR OF LAW**\*\* The appearance or semblance, without the substance, of a legal right. The term usu. Implies a misuse of power made possible because the wrongdoer is clothed with the authority of the state.

II-7. **COLOR OF PROCESS**\*\* The appearance of validity and sufficiency surrounding a legal proceeding that is later found to be invalid.

II-8. **DEFAMATION**\*\* The act of harming the reputation of another by making a false statement to a third person.

II-9. **NO-ANSWER DEFAULT JUDGMENT**\*\* A judgment for the plaintiff entered after the defendant fails to timely answer or otherwise appear.

II-10. **FRIVOLOUS DEFENSE**\*\* A defense that has no basis in fact or law.

II-11. **DOCTRINE OF PRECEDENT**\*\* The rule that precedents not only have

persuasive authority but also must be followed when similar circumstances arise.

II-12. **EQUAL PROTECTION** ** The14[th] Amendment guarantee that the government must treat a person or class of persons the same as it treats other persons or classes in like circumstances.

II-13. **EQUAL PROTECTION CLAUSE** ** The 14th Amendment provision requiring the states to give similarly situated persons or classes similar treatment under the law.

II-14. **FALSE PRETENSES**** The crime of knowingly obtaining title to another's personal property by misrepresenting a fact WITH THE INTENT TO DEFRAUD.

II-15. **CONSTRUCTIVE FRAUD**** Unintentional deception or misrepresentation that causes injury to another.

II-16. **FRAUD ON THE COURT**** In a judicial proceeding, a lawyer's or party's misconduct so serious that it undermines or is intended to undermine the integrity of the proceeding.

II-17. **INQUIRY**** A request for information either procedural or substantive.

II-18. **VOID JUDGMENT**** A judgment that has no legal force or effect, the invalidity of which may be asserted by any party whose rights are affected at any time and any place, whether directly or collaterally**from its inception, a void judgment continues to be absolutely null.

II-19. **LAYING OF THE VENUE**** A statement in a complaint naming the district or county in which the plaintiff proposes that any trail of the matter should occur.

II-20. **MAGNA CARTA**\*\* The English charter that King John granted to the barons in 1215 and that Henry III and Edward I later confirmed.\*\*It is generally regarded as one of the great common-law documents and as the foundation of constitutional liberties.

II-21. **RACKETEERING**\*\* A system of organized crime traditionally involving the extortion of money from businesses by intimidation, violence, or other illegal methods.

II-22. **SUBSTANTIVE LAW**\*\* The part of the law that creates, defines, and regulates the rights, duties, and powers of parties

II-23. **THEFT**\*\* The felonious taking and removing of another's personal property with the intent of depriving the true owner of it.

II-24. **CONSTITUTIONAL TORT**\*\* A violation of one's constitutional rights by a government officer, redressable by a civil action filed directly against the officer.

II-25. **PERSONAL TORT**\*\* A tort involving or consisting in an injury to one's person, reputation, or feelings, as distinguished from an injury or damage to real or personal property.

II-26. **CONSTRUCTIVE TRUST**\*\* An equitable remedy that a court imposes against one who has obtained property by wrongdoing.

II-27. WRONG\*\* Breach of one's legal duty violation of another's legal right.

II-28. **LEGAL WRONG**\*\* An act that is a violation of the law; an act authoritatively prohibited by a rule of law.

II-29. **HARASSMENT**\*\* Words, conduct, or action (usu. Repeated or persistent) that, being directed at a specific person, annoys, alarms, or causes substantial emotional

17

distress in that person and serves no legitimate purpose.\*\*Harassment is actionable in some circumstances, as when a creditor uses threatening or abusive tactics to collect a debt.

11-30 **TREASON** The offence of attempting to overthrow the government of the state to which one owes allegiance, either by making war against the state or by materially supporting its enemis.

## REQUEST

JJ. Request that the court sanction the ATTORNEY"S and LAW FIRM"S pursuant to RULE (a) (1) (2) (3), (b), (c). (3) Under Rule 1.2 (d), a lawyer is prohibited from counseling or assisting a client in conduct that the lawyer knows is criminal or fraudulent. RULE 4.1 governs the lawyer's obligations to persons other than the lawyer's own client. It is important to understand that if the failure to disclose a material fact involves a tribunal, RULE 4.1 is not applicable. Instead RULE 3.3 is the basic Rule governing the lawyer's duty of candor to a tribunal. A lawyer's obligations under RULE 3.3 are greater than a lawyer's obligations under RULE 4.1 and all the above RULE'S.

KK.Rule 3.8-3 The Modle Code said that the government lawyer's special duty to seek justice extends to civil or administrative proceedings. The lawyer should not use her position or the government's economic power to "HARASS PARTIES," or to cause "UNJUST SETTLEMENTS OR RESULTS."

LL-1. REQUEST that KYLER G. KNOBBE, and LAW FIRM KYLER G. KNOBBE prove by AFFIDAVIT with all the fact's that they do not have a conflict of interest .

LL-2 REQUEST that ATTORNEY KYLER G. KNOBBE AND LAW FIRM

KYLER G. KNOBBE to prove BY AFFIDAVIT that the claim is not supported

by CERTIFIED COURT DOCUMENT'S, VIOLATION OF KANSAS

STATUTES, FEDERAL LAW'S, VIOLATION OF THE TAX PAYER BILL

OF RIGHTS, THE KANSAS CONSTITUTION, AND THE CONSTITUTION

OF THE UNITED STATES OF AMERICA CONST. AMENDS. #1, #5, #6,

and #14, and CONSTUTIONAL RIGHT'S TO DUE PROCESS.

LL-3. REQUEST that ATTORNEY SEPHEN PHILLIPS, and THE ATTORNEY

GENERAL OFFICE to prove by AFFIDAVIT with the fact's that they do not

have a conflict of interest.

LL-2 REQUEST that ATTORNEY STEPHEN PHILLIPS, and THE ATTORNEY

GENERAL OFFICE to prove BY AFFIDAVIT that the claim is not supported

by CERTIFIED COURT DOCUMENT'S, VIOLATION OF KANSAS

STATUTES, FEDERAL LAW'S, THE KANSAS CONSTITUTION, THE

CONSTITUTION OF THE UNITED STATES OF AMERICA CONST.

AMENDS. #1, #5, #6, and #14, and CONSTITUTIONAL RIGHT'S TO DUE

PROCESS.

LL-2. REQUEST FOR ATTORNEY'S TO PROVE BY AFFIDAVIT ANYTHING

THAT IS CALLED FRIVOULS to support there claim with certified court

documents Kansas Statutes, Federal law's, The Constitution of Kansas, and

The Constitution of The United States of America.

### CASES TO SUPPORT THIS MOTION TO STRIKE WITH JUDGES VIOLATIONS

## RETALIATION

MM. CASE (2:06-CV-02013-CM-KGS) Attorney Stephen Phillips, Kyler G.

Knobbe, Micheal Freelove, E. Leigh Hood, and Daniel L. Love are in

Retaliation for GERALD RAY WEDEL of his exercise of free speech: The

First Amendment prohibits retaliation for protected speech. (Crawford-EI V.

Britton, 523 US. 574, 592 (1998) "any form of official retaliation for exercising

one's Freedom of Speech, including prosecution, Threatened prosecution, bad

faith investigation, and legal harassment, constitutes an infringement of that

freedom" (Wonell V. Henry, 219 F. 3d 1197, 1212 (10th Cir. 2000).

NN. Judge's MICHEAL FREELOVE, E.LEIGH HOOD, and DANIEL L. LOVE have

violated Canon 1 (A), (B), Canon 2 (A), (B), and Canon 3 A, B (1), (5), (7), and

C (1), (2), (4) Case No. (272 Kan. 1345, 38 P.3d 735).

OO.CASE (254 Kan. 581, 867 P.2d 341) Violations of Canons Requiring judge to

uphold integrity of judiciary, avoid impropriety, disqualify himself in proceeding

in which impartiality is questioned, and regulate extrajudicial activities to

minimize risk of conflict with judicial duties warrant public censure. Sup. Ct.

Rules, Rule 601, Code of Jud. Conduct, Canons !, @, Subd. A, 3, subs. C (1) (c),

D, subds. C.** Such claims of prejudicial EX PARTE COMMUNICATION

between the trail judge and the prosecution, if accepted, would present a very

serious and disturbing challenge to the constitutionality of jone's convictions,

grounded on the constitutional right to a fair trail and the DUE PROCESS

CLAUSE of The Fourteenth Amendment. Haller V. Robbins, 409 F.2d 857, 859-61

(1st Cir.) (holding, in a habeas case that EX PARTE communication between the

20

prosecutor and sentencing judge was a DENIAL OF DUE PROCESS); see United States V. Martinez, 667 F.2d 886 (10th Cir.).

PP.CASE (9 Kan. App.2d 133, 675 P 2.d 906) ** Words "SHALL" and "MUST" in statutes impose affirmative obligation to which DISCRETION does not apply. ** It is role of the court to enforce legislative intent as made apparent from language of statutes.

QQ.CASE (280 Kan. 266, 120 P.2d 790) ** Article 3 & 15 of The Kansas Constitution which provide that a Judge "SHALL be subject to retirement for in capacity, and to DISCIPLINE, SUSPENSION and REMOVED for cause by The Supreme Court after appropriate hearing". (In re Yandell, 244 Kan. 709, 772 P.2d 807 (1989)).

RR.CASE (18 Kan. App.2d 292, 851 P.2d 394) ** Conviction based upon insufficient evidence is a fortiori in violation of Defendants DUE PROCESS RIGHTS. U.S.C.A. Const. Amend. 14. ** In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068. 1073. 25 L.Ed.2d 368 (1970), held that "the DUE PROCESS Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which (the accused) is charged." See State V. Switzer, 244 Kan. 449, 450, 769 P.2d 645 (1989) (citing Winship for the proposition that "(under the DUE PROCESS CLAUSE of the 14th Amendment, no person may be convicted of a crime unless every fact necessary to establish the crime with which he is charged is proven beyond a reasonable doubt").

SS.CASE The United States Supreme Court has repeatedly held that any Judge who

acts without jurisdiction is engaged in an act of TREASON. U.S. V. Will 499 U.S. 200, 216, S.C.T. 471, 66 L.Ed 2d 392, 406 (1980); Cohens V. Virgina, 19 U.S. (6 wheat) 264, 404, 5 L.Ed. 257 (1821).

TT. CASE (229 Kan. 195, 623 P.2d 1307) Judges like all their fellow human beings have varying degrees of judicial skills and abilities. At the very least the public can expect its judges to be fair and impartial. The public may decline to do business with an attorney no like option exists as to a judge.

UU. CASE (244 Kan. 7129, 772 P.2d 814) Judges must at all times respect and comply with laws and rules governing their conduct and operation of court in manner which promotes public confidence in integrity, impartiality, and administration of justice Sup. CT. Rules, Rule 601, Code of Jud. Conduct, and Canon et seq.

VV.. CASE (9Kan. App.2d 133, 675 P.2d 906 (1983); (A) words, "SHALL" and "MUST" in statute impose affirmative obligation to which discretion does not mapply; (B) it is role of court to enforce legislature intent as made apparent from language of statute.

WW. CASE (243 K.315, 325, 757 P.2d 272)(K.S.A. 75-6104) Exceptions herein inapplicable where legal duty exists that must be followed; no discretionary right to violate duty (Dougan V. Rossville Drainage Distict).

## CASE'S TO SUPPORT THIS MOTION TO STRIKE
## WITH ATTORNEY'S VIOLATIONS

XX.. CASE (483 p.2d 1106) The attorney's OATH which respondent took on his admission to the bar included the solemn OATH he would neither do, nor

consent to the doing of any falsehood in court. (In re Phelps, 204 Kan. 16, 27, 459 P.2d 172, cert. den. 397 U.S. 916, 90 S.Ct. 922, 25 L.Ed.2d 97; Rules of the Supreme Court, Rule No. 210(h), 205 Kan. Ixvi.) The respondent knew or should have known that the statements made by him in open court were false and in violation of his Oath as an attorney. The false statements were made for his own personal ends, to gain time.

YY. CASE (73 Kan. 743, 85 P. 584) An ATTORNEY may be disbarred not only for malpractice and dishonesty in his profession, but also for gross misconduct, showing him to be unworthy of the privileges which the law confers on him and unfit to be intrusted with the duties and powers of an ATTORNEY.\*\*The enumeration in the statute of certain acts which will be deemed sufficient for the revocation or suspension of an ATTORNEY'S license to practice law does not limit the common-law power of the court in that respect, and ATTORNEYS may be disbarred for other than the statutory grounds.\*\*ATTORNEYS may be removed for common-law causes as well when the exercise of the privileges and functions of their high office is inimical to the due administration of justice. FARLIN V. SOOK, 30 KAN. 401, 1 PAC. 123, 46 AM. REP. 100; IN RE NORRIS, 60 KAN. 659, 57 PAC. 528; BOSTON BAR ASSOCIATION V. GREENHOOD, 168 MASS. 169, 46 N. E. 568; IN THE MATTER OF MILLS, 1 MICH. 392; LAUGHLIN'S CASE, 10 MO. APP. 1, 31 S. W. 889; STATE V. HARBER, 129 MO. 271, 31 S. W. 889; STATE V. GEBHARDT, 87 MO. APP. 542; IN RE BOONE (C. C.) 83 FED. 944;

23

ZZ. CASE (280 Kan. 650, 123 P.3d 1289) Attorney's lack of diligence in

responding to discovery request by client's litigation opponent violated

professional conduct rule requiring lawyers to be fair to the opposing party and

counsel. Sup.Ct.Rules, Rule 226, Rules of Prof.Conduct, Rule 3.4(d).

AAA. CASE (275 Kan. 913, 69 P.3d 544) Violation of professional conduct rules,

concerning frivolous lawsuits, dishonest conduct, providing false statements to

tribunal, refusals to respond to valid discovery, and EX PARTA

communications, warranted disbarment.

BBB. CASE (280 Kan. 619, 124 P.3d 467) The Supreme Court Held.**

Constitutional free speech guarantee did not protect attorney from receiving

professional discipline for making inflammatory and false accusations

against opposing counsel, judges, state district court employees, state court of

appeals staff, and municipal officers and employees, and disbarment was

appropriate disciplinary sanction for ATTORNEY'S misconduct relating

to the inflammatory and false accusations and his filing of pleadings and motions

that were frivolous and that showed ATTORNEY'S incompetence.

## CASE'S TO SUPPORT VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS TO DUE PROCESS

CCC. CASE (9 Kan.App.2de 735, 688 P.2d 1230) A judgment is not void merely

because it is erroneous; it is void only if the court that rendered it lacked

jurisdiction of the subject mastter, or of the parties, or if it acted in a manner

inconsistent with due process of law. U.S.C.A. Const. Amends. 5, 14; K.S.A. 79-

2804b.** Judgment that is void for lack of due process of law may be set aside at

24

any time despite statute of limitations otherwise applicable to an action to set aside such a judgment.

DDD. CASE (280 Kan. 619, 124 P.3d 467 (2005); a procedural due process violation can be established only if a claimant is able to establish that he or she was denied a specific procedural protection to which he or she was entitles; USCA Const. Amends. 13.

EEE. CASE (KAN. App.2d 655, 732 P.2d 780) perjuries of false evidence is a violation of due process.

FFF. CASE (KAN. APP.2d 292, 851 P.2d 394) insufficient evidence is a violation of defendant due process rights.

GGG. CASE (8 KK.A2d, 443, 444, 446, 660, p.2d 569 (1983)) Motion to vacate filed within reasonable time even though after period of redemption; Mid Kansas Fed'L Savings & Loan Ass'n V. Burke.

HHH. CASE (7 K.A.2d 625, 626, 628, 629, 646 P.2d 1124 (1982)) Motion to set aside void judgment can be made at any time; Barkley V. Toland.

THEREFORE GERALD RAY WEDEL PRAY"S that the court issued an ORDER to STRIKE the above MOTION'S from the Court Record that is Lawful and Just and that complies WITH THE CONSTITUTONAL "RIGHTS OF DUE PROCESS" Const. Amends. #1, #5, #6, and #14, KANSAS CONSTUTION, THE CONSTUTION OF THE UNITED STATES OF AMERICA All FEDERAL LAWS, and ALL KANSAS STATUTE'S.

RESPECTFULLY SUBMITTED;

*Gerald Ray Wedel*

GERALD RAY WEDEL
1625 U U Road
Copeland, Kansas 67837

## **CERTIFICATE OF SERVICE**

The undersigned, GERALD RAY WEDEL, certifies that a true and correct copy of

the following, MOTION TO STRIKE WITH A REQUEST was served upon. The

following and put in the United States mail postage prepaid, and properly addressed on

the 3rd, day of July 2010.

Court Clerk
The United States District Court For The District of Kansas
401 North Market Street
204 U.S. Courthouse
Wichita, Kansas 67202

Stephen Phillips
Assistant Attorney General
120 S.W. 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597

Kyler G. Knobbe
P.O. Box 937
109 West Ave. A
Cimarron, Kansas 67835

*Gerald Ray Wedel*

GERALD RAY WEDEL
1625 U U Rod
Copeland, Kansas 67837

26



EXHIBIT

1

KYLEN G. KNOBBE
POST OFFICE BOX 837
CIMARRON, KANSAS 67835

Gerald Wedel
1625 UU Road
Copeland, Kansas

67835E67835

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GERALD RAY WEDEL,                    )
                                     )
                    Plaintiff,       )
                                     )
v.                                   )        **Case No. 6:10-cv-01156-CM-GLR**
                                     )
KYLER G. KNOBBE, WAYNE L. WEDEL,     )
ELVA BACH, MITCH LITTLE, DANIEL L.   )
LOVE, E. LEIGH HOOD, MICHAEL         )
FREELOVE, and FORD COUNTY DISTRICT   )
COURT SIXTEENTH JUDICIAL DISTRICT    )
                    Defendants.      )
                                     )
_____)

### NON-STATE DEFENDANTS' MOTION TO DISMISS

Kyler G. Knobbe, Wayne L. Wedel, Elva Bach, and Mitch Little (hereinafter "Non State

Defendants"), by and through Kyler Knobbe and pursuant to Fed. R. Civ. P. 12(b)(1) and

12(b)(6), move this Court for an Order dismissing this action against them for lack of subject

matter jurisdiction [12(b)(1)] and failure to state a claim upon which relief can be granted

[12(b)(6)].

In accordance with D. Kan. 7.1 and 7.6, a Memorandum in Support of the Motion is

submitted herewith.

For reasons set forth herein and in the supporting Memorandum, these Defendants

respectfully request that their Motion to Dismiss be granted by the Court, and that they receive

such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Kyler Knobbe
Kyler Knobbe #08356
PO Box 937
Cimarron, Kansas 67835
Phone: 620-855-3100
Fax: 620-855-7719
knobbe@ucom.net

## CERTIFICATE OF SERVICE

I hereby certify that on June _24_, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notices to the following:

Stephen Phillips, Sup. Ct. No. 14130
Asst. Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel: (785) 296-2215
Fax: (785) 291-3767
steve.phillips@ksag.org

and that on this same date, I mailed the foregoing via first class U.S. Mail, postage prepaid, addressed to:

Gerald Ray Wedel
1625 UU Road
Copeland, Kansas 67837

/s/ Kyler Knobbe
Kyler Knobbe

EXHIBIT

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GERALD RAY WEDEL,          )
                           )
            Plaintiff,     )
                           )
    v.                     )          Case No. 6:10-cv-01156-CM-GR
                           )
KYLER G. KNOBBE, *et al*,  )
                           )
            Defendants.    )
                           )

COPY

## STATE DEFENDANTS' MEMORANDUM
## IN SUPPORT OF MOTION TO DISMISS

Defendants Kyler G. Knobbe, Wayne L. Wedel, Elva Bach, and Mitch Little, (hereinafter

Non State Defendants), by and through their counsel, Kyler Knobbe, submit this Memorandum in

Support of their Motion to Dismiss.

For reasons set forth herein, Non State Defendants respectfully request that their Motion

to Dismiss be granted by the Court and that they receive such other and further relief as the Court

deems just and proper.

## NATURE OF THE MATTER BEFORE THE COURT

Pursuant to FRCP 10(c), these Non State Defendants adopt and incorporate by reference

the NATURE OF MATTER BEFORE THE COURT, STANDARD FOR MOTION TO

DISMISS, 12(b)(1) DISMISSAL, and all those arguments and authorities set out in the "STATE

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS" filed herein on

June 16, 2010, with the following argument which additionally applies to Non State Defendants:

1

## ADDITIONAL 12(b)(1) DISMISSAL ARGUMENT
## APPLICABLE TO NON STATE DEFENDANTS

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) a violation or rights

protected by the Federal Constitution or created by federal statute or regulation, (2) proximately

caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance,

regulation, custom, or usage, of any State or Territory or the District of Columbia." *Beedle v.*

*Wilson, 422 F.3d 1059, 1064 (10th Cir. 2005).* The conclusory and desultory allegations of

Wedel's complaint do not satisfy this standard.

Though Wedel generically alleges a deprivation of rights to due process under the First,

Fifth, and Fourteenth Amendments,[1] he does not allege any specific action by these Non State

Defendants which allegedly deprived Wedel of any process due him.

Notwithstanding the lack of any wrongful action by these Non State Defendants, they did

not act under color of state law. Traditionally, in order to act under color of state law for

purposes of Section 1983, a defendant must have "exercised power possessed by virtue of state

law and made possible only because the wrongdoer is clothed with the authority of state law."

*How v. City of Baxter Springs, 217 Fed.Appx. 787, 792 (10th Cir. 2007),* (quoting *West v. Atkins,*

*487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)* (internal quotations omitted). Wedel's

complaint fails to provide any factual allegation to support the necessary element that these Non

State Defendants acted under color of state law.

Generally, "a lawyer representing a client is not, by virtue or being an officer of the court,

a state actor 'under color of state law' within the meaning of [Section] 1983." *Polk County v.*

---

[1] Due Process rights do not arise from the First Amendment.

2

*Dodson, 454 U.S. 312, 318 (1981)*. The complaint and its attachments do not suggest that
defendant Knobbe, or any other Non State Defendant, acted under color of state law in their own
right.

The Non State Defendants were not state actors or acting under color of state law and
thus cannot be liable for a civil rights violation under 42 U.S.C. § 1983. *Beedle v. Wilson,
422 F.3d* at ("The conduct of an attorney acting in his professional capacity while representing
his client does not constitute action under color of state law for the purposes of § 1983."
(quotation omitted)).

**CONCLUSION**

Wedel's complaint is conclusory and frivolous. It pleads no valid cause of action against
the Non State Defendants. Moreover, it would be futile for Wedel to be given an opportunity to
further amend his claims as the "facts alleged, no matter how they may be massaged in the future,
fail to plausibly violate any of the federal laws invoked by the plaintiff." *Hall v. Witteman, 569
F.Supp.2d 1208, 1228 (D.Kan. 2008). See also Kay v. Bemis, 500 F.3d 1214, 1217 (10th
Cir.2007)* (dismissal of *pro se* complaint proper "only where it is obvious that the plaintiff cannot
prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.")

Respectfully submitted,

/s/ Kyler Knobbe
Kyler Knobbe #08356
PO Box 937
Cimarron, Kansas 67835
Phone: 620-855-3100
Fax: 620-855-7729
knobbe@ucom.net

3

## CERTIFICATE OF SERVICE

I hereby certify that on June __*24*__, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notices to the following:

Stephen Phillips, Sup. Ct. No. 14130
Asst. Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel: (785) 296-2215
Fax: (785) 291-3767
steve.phillips@ksag.org

and that on this same date, I mailed the foregoing via first class U.S. Mail, postage prepaid, addressed to:

Gerald Ray Wedel
1625 UU Road
Copeland, Kansas 67837

/s/ Kyler Knobbe
Kyler Knobbe #08356

4

EXHIBIT

_3_

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GERALD RAY WEDEL,                    )
                    Plaintiff,       )
                                     )
v.                                   )          Case No. 6:10-cv-01156-CM-GLR
                                     )
KYLER G. KNOBBE, *et al*,            )
                    Defendants.      )
                                     )
_____    )

COPY

## NON STATE DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants Kyler G. Knobbe, Wayne L. Wedel, Elva Bach, and Mitch Little, by and

through their counsel, Kyler Knobbe, move this Court for an order staying all proceedings under

Fed. R. Civ. P. 26, including the Rule 26(f) meeting, report of planning meeting, mediation,

initial disclosures pursuant to 26(a)(1), scheduling conference, discovery and all other Rule 26

activities, pending a ruling on these Defendants' Motion to Dismiss.

Defendants' Motion to Dismiss would resolve this case as a matter of law, and,

accordingly, these Defendants contend that discovery and other Rule 26 activities are wasteful

and unduly burdensome.

In accordance with D. Kan. 7.1 and 7.6, a memorandum in support of the motion is

submitted herewith.

Respectfully submitted,

/s/ Kyler Knobbe
Kyler Knobbe #08356
PO Box 937
Cimarron, Kansas 67835
Phone: 620-855-3100
Fax: 620-855-7729
knobbe@ucom.net

## CERTIFICATE OF SERVICE

I hereby certify that on June __24__, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notices to the following:

Stephen Phillips, Sup. Ct. No. 14130
Asst. Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel: (785) 296-2215
Fax: (785) 291-3767
steve.phillips@ksag.org

and that on this same date, I mailed the foregoing via first class U.S. Mail, postage prepaid, addressed to:

Gerald Ray Wedel
1625 UU Road
Copeland, Kansas 67837

/s/ Kyler Knobbe
Kyler Knobbe



## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GERALD RAY WEDEL,                    )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        Case No. 6:10-cv-01156-CM-GLR
                                     )
KYLER G. KNOBBE, *et al,*            )
                                     )
            Defendants.              )
                                     )
_____        )

### NON STATE DEFENDANTS' MEMORANDUM IN
### SUPPORT OF MOTION TO STAY DISCOVERY

Defendant Kyler G. Knobbe, Wayne L. Wedel, Elva Bach, and Mitch Little, by and

through their counsel, Kyler Knobbe, hereby submit this Memorandum in support of their motion

for an order staying all proceedings under Fed. R. Civ. P. 26, including the Rule 26(f) meeting,

report of planning meeting, mediation, initial disclosures pursuant to 26(a)(1), scheduling

conference, discovery and all other Rule 26 activities, pending a ruling on their Motion to

Dismiss.

### NATURE OF THE MATTER BEFORE THE COURT

Plaintiff Gerald Wedel, proceeding *pro se,* seeks damages against several defendants.

Wedel's apparently seeks to challenge proceedings in the Ford County probate case of *In the*

*Matter of the Estate of Viola Wedel*, Case No. 2009PR65.  (Kyler Knobbe was the lawyer for the

Estate and Trust; Wayne L. Wedel and Elva Bach were the Executor and Trustees; Mitch Little

owns a title company in Ford County, but otherwise has no connection with the case; the State

1

Defendants, Judges Freelove, Love, and Hood, made rulings in the case.) A Journal Entry of

Final Settlement was entered in that case on May 17, 2010. No appeal was taken from that order.

These Defendants have moved to dismiss under FRCP 12(b)(1) and (6), on grounds of

lack subject matter jurisdiction and failure to state a claim.

## QUESTIONS PRESENTED

Should Rule 26 proceedings be stayed, given the pendency of these Defendants' Motion

to Dismiss?

## ARGUMENTS AND AUTHORITIES

### A.    LEGAL STANDARD

Pursuant to FRCP 10(c), these Non State Defendants adopt and incorporate by reference

all those arguments and authorities set out in the "STATE DEFENDANTS' MEMORANDUM

IN SUPPORT OF MOTION TO STAY DISCOVERY" filed herein on June 17, 2010.

## CONCLUSION

These Defendants respectfully request that the Court grant their motion for an order

staying all proceedings under Fed. R. Civ. P. 26, including the scheduling conference, the

Rule 26(f) meeting, report of planning meeting, mediation, initial disclosures pursuant to

26(a)(1), discovery and all other Rule 26 activities, pending a ruling on the Motion to Dismiss.

Respectfully submitted,

/s/ Kyler Knobbe
Kyler Knobbe #08356
PO Box 937
Cimarron, Kansas 67835
Phone: 620-855-3100
Fax: 620-855-7729
knobbe@ucom.net

2

## CERTIFICATE OF SERVICE

I hereby certify that on June **24**, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notices to the following:

Stephen Phillips, Sup. Ct. No. 14130
Asst. Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel: (785) 296-2215
Fax: (785) 291-3767
steve.phillips@ksag.org

and that on this same date, I mailed the foregoing *via* first class U.S. Mail, postage prepaid, addressed to:

Gerald Ray Wedel
1625 UU Rd
Copeland, KS 67837

/s/ Kyler Knobbe
Kyler Knobbe #08356

3



Steve Six
Kansas Attorney General's Office
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612

Gerald Ray Wedel
1625 UU Road
Copeland, Kansas 67837



Hasler

US POSTAGE
Mailed From 66612
06/24/2010
$02.580
018H2651425S

tabbies

EXHIBIT

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GERALD RAY WEDEL, )
                                          )
                   Plaintiff,             )
                                          )
v.                                        )      Case No. 10-1156-CM-GLR
                                          )
KLYER G. KNOBBE, *et al.*,                )
                                          )
                   Defendants.            )
_____ )

### STATE DEFENDANTS' RESPONSE TO
### PLAINTIFF GERALD WEDEL'S
### MOTION FOR AN EMERGENCY INJUNCTION

Defendants Kansas District Court Magistrate Judge Michael Freelove, Kansas District

Court Judges Daniel L. Love and E. Leigh Hood, and the Ford County District Court Sixteenth

Judicial District (hereinafter "State Defendants"), by and through counsel, Stephen Phillips,

Assistant Attorney General for the State of Kansas, pursuant to Fed. R. Civ. P. 12(b)(1) and

12(b)(6), submit this Response to Plaintiff Gerald Wedel's Motion for an Emergency Injunction,

Doc. 20.

For a party to obtain a permanent injunction, it must prove: "(1) actual success on the

merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs

the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will

not adversely affect the public interest." *Fisher v. Oklahoma Health Care Auth.*, 335 F.3d 1175,

1180 (10th Cir.2003) (citations omitted).

Wedel's Motion addresses none of these factors and contains no substance. It is filled

with unintelligible legal ramblings. It does not even state what injunctive relief he seeks.

Moreover, for the reasons stated in the State Defendants' Motion to Dismiss and accompanying

Memoranda, Wedel is not going to succeed on the merits.

Wedel alleges in the Motion that none of the parties have answered. The State

Defendants have, in fact, filed a Motion to Dismiss, Doc. 10 & 11.

Because Wedel states no grounds that would warrant injunctive relief, the State

Defendants request that such relief be denied.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
STEVE SIX

s/ Stephen Phillips
Stephen Phillips, Sup. Ct. No. 14130
Asst. Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel:    (785) 296-2215
Fax:    (785) 291-3767
steve.phillips@ksag.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of June, 2010, I electronically filed the foregoing
with the Clerk of the Court using the CM/ECF system, which will send electronic notices to the
following:

Kyler G. Knobbe, knobbe@ucom.net

and that on this same date, I mailed the foregoing *via* first class U.S. Mail, postage prepaid,
addressed to:

Gerald Ray Wedel
1625 U.U. Rd
Copeland, KS 67837

s/ Stephen Phillips
Stephen Phillips

*Wedel v. Kyler Knobbe, et al.*
U.S. District Court Case No. 10-1156-CM-GLR
Page 2 of 2

## Responses and Replies
6:10-cv-01156-CM -GLR Wedel v. Knobbe et al

### U.S. District Court

### DISTRICT OF KANSAS

**Notice of Electronic Filing**

The following transaction was entered by Phillips, Stephen on 6/24/2010 at 1:49 PM CDT and filed on 6/24/2010

**Case Name:**        Wedel v. Knobbe et al
**Case Number:**      6:10-cv-01156-CM -GLR
**Filer:**            E. Leigh Hood
                      Micheal Freelove
                      Ford County District Court
                      Daniel L. Love

**Document Number:** 24

**Docket Text:**
**RESPONSE by Defendants Ford County District Court, Micheal Freelove, E. Leigh Hood, Daniel L. Love re [20] MOTION for Permanent Injunction (Phillips, Stephen)**

**6:10-cv-01156-CM -GLR Notice has been electronically mailed to:**

Kyler G. Knobbe      knobbe@ucom.net

Stephen O. Phillips      steve.phillips@ksag.org, debbie.williams@ksag.org, donna.wells@ksag.org, stevephillips@yahoo.com

**6:10-cv-01156-CM -GLR Notice has been delivered by other means to:**

Gerald Ray Wedel
1625 U U Road
Copeland, KS 67837

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1028492125 [Date=6/24/2010] [FileNumber=2091267-0
] [97779d37d75bef80b55ac98a60edc8a0c3216a4c828a4fc2cc30f830ee8f45a299f
90f06730995377b8ca9029231f833459a78207097cd64bf1c88d2372ee22f]]



## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GERALD RAY WEDEL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. 10-1148-EFM-KMH** |
| | ) |
| **ROGER M. TURBAK, *et al.*,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## STATE DEFENDANTS' MOTION TO DISMISS

In accordance with D. Kan. 7.1(a) and D. Kan. 7.6, Defendants Kansas District Court

Judge Thomas M. Sutherland, and the Johnson County District Court (hereinafter "State

Defendants"), by and through counsel, Stephen Phillips, Assistant Attorney General for the State

of Kansas, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), move this Court for an Order

dismissing this action against them for failure to state a claim and lack of subject matter

jurisdiction.

In accordance with D. Kan. 7.1 and 7.6, a Memorandum in Support of the Motion is

submitted herewith.

For reasons set forth herein and in the supporting Memorandum, these Defendants

respectfully request that their Motion to Dismiss be granted by the Court, and that they receive

such other and further relief as the Court deems just and proper.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
STEVE SIX

s/ Stephen Phillips
Stephen Phillips, Sup. Ct. No. 14130
Asst. Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel:    (785) 296-2215
Fax:   (785) 291-3767
steve.phillips@ksag.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of June, 2010, I electronically filed the foregoing
with the Clerk of the Court using the CM/ECF system, which will send electronic notices to the
following:

and that on this same date, I mailed the foregoing *via* first class U.S. Mail, postage prepaid,
addressed to:

Gerald Ray Wedel
1625 U.U. Rd
Copeland, KS 67837

s/ Stephen Phillips
Stephen Phillips

## Motions
6:10-cv-01148-EFM -KMH Wedel v. Turbak et al

### U.S. District Court

### DISTRICT OF KANSAS

### Notice of Electronic Filing

The following transaction was entered by Phillips, Stephen on 6/24/2010 at 1:19 PM CDT and filed on 6/24/2010

**Case Name:**      Wedel v. Turbak et al
**Case Number:**    6:10-cv-01148-EFM -KMH
**Filer:**          Thomas M. Sutherland
                    Johnson County District Court, The

**Document Number:** 7

**Docket Text:**
**MOTION to Dismiss by Defendants Johnson County District Court, The, Thomas M. Sutherland(Phillips, Stephen)**

**6:10-cv-01148-EFM -KMH Notice has been electronically mailed to:**

Stephen O. Phillips     steve.phillips@ksag.org, debbie.williams@ksag.org, donna.wells@ksag.org, stevephillips@yahoo.com

**6:10-cv-01148-EFM -KMH Notice has been delivered by other means to:**

Gerald Ray Wedel
1625 U U Road
Copeland, KS 67837

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1028492125 [Date=6/24/2010] [FileNumber=2091230-0
] [945cf1075a2bfc72db36553a0489f809fde15db1688347276c7f85fc44714979fa9
b30c1901d672084c5e3701074615232e217e39372b9d42401896485797053]]

EXHIBIT

tabbies

_____7_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GERALD RAY WEDEL,                      )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )        Case No. 10-1148-EFM-KMH
                                       )
ROGER M. TURBAK, *et al.*,             )
                                       )
            Defendants.                )
_____)

## STATE DEFENDANTS' MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS

In accordance with D. Kan. 7.1(a) and D. Kan. 7.6, Defendants Kansas District Court

Judge Thomas M. Sutherland, and the Johnson County District Court (hereinafter "State

Defendants"), by and through counsel, Stephen Phillips, Assistant Attorney General for the State

of Kansas, submit this Memorandum in Support of their Motion to Dismiss.

For reasons set forth herein, State Defendants respectfully request that their Motion to

Dismiss be granted by the Court and that they receive such other and further relief as the Court

deems just and proper.

## NATURE OF THE MATTER BEFORE THE COURT

Plaintiff Gerald R. Wedel, proceeding *in forma pauperis* and *pro se*, seeks damages

against several defendants.[1]  Wedel's Complaint is conclusory and vague, simply citing violation

of a variety of constitutional rights and  federal and state statutes, along with a laundry list of

different types of fraud.

---

[1] Wedel now has five suits pending in D. Kan Federal District Court, mostly against various State of Kansas officials, banks and private attorneys *See* Nos. 10-1069-CM-KMH, 10-1079-MLB-DWB, 10-1134-EFM-JPO, 10-1148-EFM-KMH and 10-1156 CM-GLR.

The only reference to any sort of fact in Wedel's Complaint is reference to "Judicial Notice of Facts Pursuant to K.S.A. 60-409(b) sentient [sic] on August 31, 2009 . . .." (Doc. 1, VIII(B)).

Wedel also references "Exhibit A" which is attached to his Complaint and includes random filings from a Johnson County Case to which he was a party, 2009- CV-07337. While Wedel does not explain further, attached as Exhibit 1 to this Memorandum are the docket sheet from 2009- CV-07337 as of 6/23/10, Exhibit 2 is the pleading which initiated the case, and Exhibit 3 is a order dated 9/28/09.[2] In short, 2009-CV-07337 is a proceeding pursuant to K.S.A. 58-4301 to nullify a bogus lien that Wedel filed Rodger M. Turbak, a Johnson County attorney and a defendant in this suit. The order of 9/28/09 was a final appealable order pursuant to K.S.A. 58-4301, attached as Exhibit 3 to this Memorandum. From the docket sheet, it is obvious that post-judgment proceedings continue in the case.

Wedel asks for punitive damages in the amount of $2,000,000.00 and damages for emotional distress in the amount of $1,000,000

## STANDARD FOR MOTION TO DISMISS

### I.    12(b)(6) DISMISSAL.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court substantially raised the bar for pleading requirements. This heightened pleading standard applies to all civil actions. The 10th Circuit has noted *Twombly's* departure from the previous standard:

> [T]he Supreme Court recently . . . prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains "enough facts to state a

---

[2] On the motion to dismiss, the Court may take judicial notice of matters of public record-including court documents-without converting the motion into one for summary judgment. *See Erickson v. Farmers Group, Inc.,* 151 Fed. Appx. 672, 675 (10th Cir.2005).

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1969, 1974, 167 L. Ed. 2d 929 (2007). The Court explained that a plaintiff must "nudge [ ] [his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. *Id.* at 1974. Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

*Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting

*Twombly*).

The Supreme Court has made clear that *Twombly's* heightened pleading standard applies

to all civil causes of action, not just the conspiracy claim that was at issue in *Twombly. See*

*Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009). In *Iqbal*, the Court expanded on *Twombly* saying:

Two working principles underlie our decision in *Twombly.* First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S. Ct. 1955 . . . [Second, d]etermining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. [Citation omitted.] But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 149-50.

Because of Wedel's *pro se* status, the Court will afford him some leniency in construing

his Complaint. *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan.

1995) (citation omitted). The Court may not, however, assume the role of advocate for plaintiff

simply because he is proceeding *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
The Court may not "construct arguments or theories for the plaintiff in the absence of any
discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991)
(citations omitted). Nor may the Court "supply additional factual allegations to round out a
plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at
1173–74 (citation omitted).

In the end, while Wedel need not precisely state each element of his cause of action, he
must "plead minimal factual allegations on those material elements that must be proved." *Hall v.
Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

## II.    12(b)(1) DISMISSAL.

Rule 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Rule
12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on
the accuracy of its allegations. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir.1995). In
a facial challenge, the district court must accept the allegations of the complaint as true. *Stuart v.
Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir.2001). In a factual challenge, a party
may go beyond allegations contained in the complaint and challenge the facts upon which
subject matter jurisdiction is based. *Id.* Courts may exercise jurisdiction only when specifically
authorized to do so (*see Castaneda v. INS,* 23 F.3d 1576, 1580 (10th Cir.1994)) and must
"dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction
is lacking." *Scheideman v. Shawnee County Bd. of County Comm's*, 895 F.Supp. 279, 280
(D.Kan.1995). Because federal courts are courts of limited jurisdiction, the law imposes a
presumption against jurisdiction. *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th

Cir.1999). Plaintiff bears the burden of showing that jurisdiction is proper, *see id.,* and must demonstrate that the case should not be dismissed. S*ee Jensen v. Johnson County Youth Baseball League*, 838 F.Supp. 1437, 1439-40 (D.Kan. 1993). Conclusory allegations of jurisdiction are not enough. *Id.*

## ARGUMENT

## I.    WEDEL'S COMPLAINT FAILS TO MEET *TWOMBLY'S* PLEADING STANDARDS.

Wedel's Complaint wholly fails to meet *Twombly* pleading standards. Wedel pleads no specific facts whatsoever. He does not state how his constitutional rights were allegedly violated. His references to constitutional rights, fraud, and various federal and state statutes are not explained. Defendants are left to guess at their defenses, because defendants do not know what they are alleged to have done or how they are alleged to have violated Wedel's rights.

Wedel seems to be complaining, at least in part, about Johnson County District Court Case 2009-CV-07337, the lien nullification case against him. While the State Defendants would like to assert the defenses of *Rooker-Feldman* and/or *Younger* abstention, we do not know how Wedel's claimed violations of rights relate to that case. A final, appealable order was entered in that case on 9/28/09, but we don't know if Wedel is complaining about the whole case, that order, or things that occurred after that order. (*Rooker-Feldman* would preclude federal court review of the 9/28/09 order and events in the case prior to that date, *Younger* abstention would preclude federal review of the portion of the case that is still pending.)

Wedel particularly fails to meet pleading standards concerning fraud. He alleges fraud but fails to plead his claims of fraud with sufficient particularity as required by Fed. R. Civ. P. 9(b). Under that rule, a fraud complaint must "set forth the time, place and contents of the false

*Wedel v. Turbak, et al.*
U.S. District Court Case No. 10-1148-EFM-KMH

representations, the identity of the party making the false statements and the consequences

thereof." *See Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir.2000) (quotation omitted).

The State Defendants could go through Wedel's Complaint statute by statute, right by

right, and explain why they could not possibly apply to Wedel. But under *Twombly*, defendants

are not required to guess at a plaintiff's cause of action; the plaintiff must explain it adequately.

## II.     JUDGES ARE ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY.

To the extent that Wedel is complaining about rulings Judge Sutherland made in handling

of a case in which Wedel was involved, the judge is entitled to absolute judicial immunity. The

Tenth Circuit has stated about absolute judicial immunity:

> The United States Supreme Court has recognized the defense of absolute
> immunity for "officials whose special functions or constitutional status requires
> complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807, 102 S.
> Ct. 2727, 2732, 73 L. Ed. 2d 396 (1982). Judges are clearly among those officials
> who are entitled to such immunity. The purpose of the doctrine is to benefit the
> public, "whose interest it is that the judges should be at liberty to exercise their
> functions with independence and without fear of consequences." *Pierson v. Ray,*
> 386 U.S. 547, 554, 87 S. Ct. 1213, 1218, 18 L. Ed. 2d 288 (1967). The Supreme
> Court has recognized that "the loser in one forum will frequently seek another,
> charging the participants in the first with unconstitutional animus." *Butz v.*
> *Economou,* 438 U.S. 478, 512, 98 S. Ct. 2894, 2913, 57 L. Ed. 2d 895 (1978)
> (citing *Pierson,* 386 U.S. at 554, 87 S. Ct. at 1218). Therefore, absolute immunity
> is necessary so that judges can perform their functions without harassment or
> intimidation. Further, it is well settled that the doctrine of judicial immunity is
> applicable in actions, such as the case at bar, that are brought pursuant to 42
> U.S.C. § 1983. *Pierson,* 386 U.S. at 554, 87 S. Ct. at 1218; *Stump v. Sparkman,*
> 435 U.S. 349, 356, 98 S. Ct. 1099, 1104-05, 55 L. Ed. 2d 331 (1978).

*Van Sickle v. Holloway,* 791 F.2d 1431, 1435 (10th Cir. 1986).

The scope of judicial immunity is very broad. "A judge will not be deprived of immunity

because the action he took was in error, was done maliciously, or was in excess of his authority .

. .." *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). Judicial immunity applies to any

"function normally performed by a judge." *Martinez v. Winner*, 771 F.2d 424, 434 (10th Cir.

1985), *modified*, 778 F.2d 353 (10th Cir. 1985), *action found moot* 800 F.2d 230 (10th Cir. 1986). A judge is entitled to immunity even if the judge acted with partiality, maliciously, or corruptly. *Id.* The immunity applies even if the acts were ministerial or administrative, so long as it was done in the judge's judicial capacity. *Id.* Judge Sutherland is entitled to absolute judicial immunity their handling of cases.

## III. OFFICIAL CAPACITY CLAIMS FOR MONEY DAMAGES MUST BE DISMISSED.

Wedel does not state whether he is suing Judge Sutherland in his official or private capacity. To the extent that he is suing him in his official capacity, such relief is prohibited by the 11th Amendment. *See e.g., Ruiz v. McDonnell*, 299 F.3d 1173, 1180-81 (10th Cir.2002).

## IV. JOHNSON COUNTY DISTRICT COURT IS NOT A PROPER DEFENDANT.

Wedel may not sue Johnson County District Court in federal court because the Eleventh Amendment bars private parties from suing an unconsenting state in federal court unless Congress has unequivocally abrogated the state's constitutional sovereign immunity or unless the state has waived the immunity. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238-40 (1985); *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). Eleventh Amendment immunity applies regardless of the nature of the relief sought -- declaratory, injunctive, or money damages. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-02 (1984); *Ex Parte Young,* 209 U.S. 123, 159-60 (1908); *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998) (state or state agency sued in its own name is not subject to federal compensatory or injunctive relief). Pursuant to Article 3, Section 6 of the Kansas Constitution, district courts are divisions of the state itself. *See e.g., Frank v. Bush*, No. 09-4146, 2010 WL 1408405 (D. Kan. 2010).

Wedel may also not bring this action against the Johnson County District Court because,

in Kansas, subordinate governmental entities do not have the capacity to sue or be sued, absent

specific statutory authorization. *Hopkins v. State*, 237 Kan. 601 (1985). Kansas' statutes

establishing Kansas district courts, K.S.A. 20-301 *et seq,* do not contain an authorization for

them to sue or be sued. *See Mason v. Twenty-Sixth Judicial District*, 670 F.Supp. 1528, 1535

(D.Kan.1987); *Frank v. Bush* (supra).

## CONCLUSION

Wedel's Complaint is frivolous and should be dismissed.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
STEVE SIX

s/ Stephen Phillips
Stephen Phillips, Sup. Ct. No. 14130
Asst. Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel:     (785) 296-2215
Fax:    (785) 291-3767
steve.phillips@ksag.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of June 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notices to the following:

and that on this same date, I mailed the foregoing *via* first class U.S. Mail, postage prepaid, addressed to:

Gerald Ray Wedel
1625 U.U. Rd
Copeland, KS 67837

s/ Stephen Phillips
Stephen Phillips

| Case | 09CV07337 | Caption | UCC FINANCING STATMENTS AGAINST PRO ET AL vs. WEDEL |
| Chapter | 60 | Nature | OTHER MISCELLANEOUS-TERM |
| Status | CASE TERMINATED | Judge | THOMAS M SUTHERLAND |
| Division | 3 | | |

| Search | Case History (ROA) | Plaintiff/Defendant | Court Events | Other Cases | Documents |

| Sort By Ascending Order | Sort by Descending Order | Print Friendly |

| | | |
|---|---|---|
| 05/21/2010 | FEE OF SURCHARGE HEARI 10.00;, Receipted Amount: $10.00 , Check No: H4187475, Receipt NO: 10023463 | |
| 05/21/2010 | CITATION ISSUED TO THE SHERIFF OF HASKELL COUNTY KS "GERALD R WEDEL" | |
| 05/21/2010 | FILE STAMP 5/20/2010, REQUEST AND SERVICE INSTRUCTION FORM | DOC (48) |
| 05/21/2010 | FILE STAMP 5/20/2010, CITATION IN CONTEMPT (HEARING 7/1/10 RM 222) | DOC (47) |
| 05/21/2010 | FILE STAMP 5/20/2010, CONTEMPT MOTION AND AFFIDAVIT FOR ORDER TOSHOW CAUSE | DOC (46) |
| 05/20/2010 | FILE STAMP 5/20/2010, <*******BENCH NOTES*********> CASE CALLED: NO SHOW: CITATION TO ISSUE, JUDGE DV:MAG | DOC (45) |
| 05/19/2010 | FILE STAMP 5/17/2010, JOURNAL ENTRY (FILING OF ATTACHED EXHIBIT DENIED) | DOC (44) |
| 05/19/2010 | FILE STAMP 5/17/2010, JOURNAL ENTRY (RELIEF SOUGHT IN JUDICIAL NOTICE DENIED) | DOC (43) |
| 05/14/2010 | <******* Bench Notes *********> PLF APPEARS BY R TURBAK, DEF IS A NO SHOW. D FAILS TO SHOW. COPY OF ORDER PROBABLY NOT MAILED TO D. HOWEVER, NO PREJUDICE SHOWN, & NO LEGAL BASIS TO AVOID ORDER.(JUDGE: SUTHERLAND) | |
| 05/11/2010 | FILE STAMP 5/10/2010, RESPONSE TO WEDEL'S APRIL 23, 2010 "JUDICIAL NOTICE" -FAXED 16:06- | DOC (42) |
| 05/05/2010 | FILE STAMP 5/3/2010, JUDICIAL NOTICE | DOC (41) |
| 05/05/2010 | FILE STAMP 5/3/2010, JOURNAL ENTRY;- THE COURT DIRECTS THE CLERK OF THE COURT TO FILE THE JURICIAL NOTICE AT ISSUE (SEE DOCUMENT) | DOC (40) |
| 05/03/2010 | SCHED. STATUS CONFERENCE on 05/14/10,08:30am,Div 3 | |
| 04/28/2010 | FILE STAMP 4/26/2010, SHERIFF'S RETURN, HASKELL CO KS; SERVED GERALD R WEDEL 4/21/10 C/S | DOC (39) |
| 04/12/2010 | FEE OF SURCHARGE HEARI 10.00;, Receipted Amount: $10.00 , Check No: H4345329, Receipt NO: 10016386 | |
| 04/12/2010 | ORDER TO APPEAR ISSUED TO THE SHERIFF OF HASKELL COUNTY KS "GERALD R WEDEL" | |
| 04/12/2010 | FILE STAMP 4/12/2010, REQUEST AND SERVICE INSTRUCTION FORM, "GERALD WEDEL" | DOC (38) |
| 04/12/2010 | FILE STAMP 4/12/2010, ORDER TO APPEAR FOR HEARING IN AID OF EXECUTION (5/20/10 9AM | DOC (37) |
| 04/12/2010 | FILE STAMP 4/12/2010, MOTION FOR HEARING IN AID OF EXECUTION | DOC (36) |
| 04/02/2010 | FILE STAMP 4/1/2010, CERTIFICATE OF SERVICE OF NOTIFICATION OF | |

**EXHIBIT 1**

| | EXEMPTIONS TO JUDGMENT DEBTOR | (35) |
|---|---|---|
| 04/02/2010 | FILE STAMP 3/30/2010, ANSWER OF GARNISHEE, CENTERA BANK $0.00 C/S | DOC (34) |
| 04/01/2010 | FILE STAMP 3/29/2010, ORDER OF GARNISHMENT RETURN FROM, HASKELL CO KS; SERVED CENTERA BANK 3/26/10 C/S | DOC (33) |
| 03/22/2010 | FEE OF SURCHARGE GARNI 5.00;, Receipted Amount: $5.00 , Check No: 14-051088452, Receipt NO: 10012687 | |
| 03/22/2010 | FEE OF SURCHARGE GARNI 5.00;, Receipted Amount: $5.00 , Check No: 14-013873576, Receipt NO: 10012686 | |
| 03/22/2010 | ORDER OF GARNISHMENT ISSUED TO THE SHERIFF OF HASKELL COUNTY KS "CENTRA BANK" C/P | |
| 03/22/2010 | FILE STAMP 3/22/2010, REQUEST FOR GARNISHMENT, ATTACH PROPERTY | |
| 03/22/2010 | FEE OF SURCHARGE GARNI 10.00;, Receipted Amount: $10.00 , Check No: 14-051088452, Receipt NO: 10012687 | |
| 03/22/2010 | FEE OF SURCHARGE GARNI 10.00;, Receipted Amount: $10.00 , Check No: 14-013873576, Receipt NO: 10012686 | |
| 02/17/2010 | FILE STAMP 2/11/2010, JOURNAL ENTRY OF JUDGMENT, SEE PLEADING | DOC (31) |
| 02/11/2010 | <******* Bench Notes *********> D FAILS TO APPEAR. D IS IN CONTEMPT. FEES & COSTS AWARDED. MOST RECENT FILINGS NULLIFIED.(JUDGE: SUTHERLAND) | |
| 02/09/2010 | FILE STAMP 2/5/2010, CERTIFICATE OF SERVICE ; FOR MAILING | DOC (30) |
| 02/08/2010 | FILE STAMP 2/4/2010, SHERIFF'S RETURN, HASKELL CO KS. SERVED GERALD R. WEDEL - 1/27/10 | DOC (29) |
| 02/04/2010 | FILE STAMP 2/4/2010, JOURNAL ENTRY (ALLOWING JUDICIAL NOTICE FILING; OBJECTION OVERRULED; DENIED) | DOC (28) |
| 02/04/2010 | FILE STAMP 2/1/2010, JUDICIAL NOTICE (DEEMED FILED ON 2/1/2010 PER ORDER) | DOC (27) |
| 01/21/2010 | ORDER ISSUED TO THE SHERIFF OF HASKELL COUNTY KS "GERALD R WEDEL" | |
| 01/21/2010 | FILE STAMP 1/21/2010, REQUEST AND SERVICE INSTRUCTION FORM, ORDER TO SHOW CAUSE WITH ATTACHMENTS ISSUED TO SHERIFF OF HASKELL CO KS (W/M.O.)"GERALD R WEDEL" | DOC (26) |
| 01/21/2010 | FILE STAMP 1/21/2010, JOURNAL ENTRY AND ORDER TO SHOW CAUSE (APPEAR 2/11/10 9:00) | DOC (25) |
| 01/21/2010 | FILE STAMP 1/20/2010, PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S PLEADINGS TITLED "JUDICIAL NOTICE" | DOC (24) |
| 01/21/2010 | FILE STAMP 1/20/2010, THIRD MOTION FOR CONTEMPT | DOC (23) |
| 01/20/2010 | SCHED. SHOW CAUSE on 02/11/10,09:00am,Div 3 | |
| 01/20/2010 | FILE STAMP 1/15/2010, JUDICAL NOTICE | DOC (22) |
| 01/13/2010 | FILE STAMP 1/12/2010, JUDICIAL NOTICE | DOC (21) |
| 01/07/2010 | FILE STAMP 1/6/2010, DEFENDANT'S FIRST SET OF INTERROGATORIES | DOC (20) |
| 01/07/2010 | FILE STAMP 1/5/2010, GERALD RAY WESEL, FIRST REQUEST OR PRODUCTION OF DOCUMENTS | DOC (19) |
| 01/04/2010 | FILE STAMP 12/31/2009, JOURNAL ENTRY AND ORDER TO APPEAR | DOC |

| | | (18) |
|---|---|---|
| 12/31/2009 | <******* Bench Notes *********> HEARING ON 2ND MOTION SET FOR 1-20-09.(JUDGE: SUTHERLAND) | |
| 12/31/2009 | SCHED. ORDER TO APPEAR on 01/20/10,10:30am,Div 3 | |
| 12/30/2009 | FILE STAMP 12/29/2009, SECOND MOTION FOR CONTEMPT | DOC (17) |
| 12/23/2009 | FILE STAMP 12/22/2009, DEFENDANT'S FIRST SET OF INTERROGATORIES | DOC (16) |
| 12/15/2009 | FILE STAMP 12/10/2009, NOTICE OF HEARING, 12/31/2009 @9:00 AM DIV 3 | DOC (15) |
| 12/08/2009 | SCHED. CONTEMPT HEARING on 12/31/09,09:00am,Div 3 | |
| 11/20/2009 | FILE STAMP 11/19/2009, JUDICIAL NOTICE RESPONSE TO AMENDED JOURNAL ENTRY OF JUDICIAL FINDINGS OF FACT AND CONCLUSIONS OF LAW AND INSTRUMENT OR DOCUMENTATION PURPORTING TO CREATE A LIEN OR CLAIM ON PROPERTY THE ORDER IS VOID, MOOT, AND WITHOUT ANY EFFECT WITH AFFIDAVIT OF MERITS | DOC (14) |
| 11/20/2009 | FILE STAMP 11/19/2009, PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S PLEADING TITLED "JUDICIAL NOTICE RESPONS TO AMENDED JOURNAL ENTRY...." WITH A CERTIFICATE OF SERVICE DATE OF NOVEMBER 17, 2009 | DOC (13) |
| 11/17/2009 | FILE STAMP 11/16/2009, MOTION FOR CONTEMPT AND ATTACHED EXHIBITS | DOC (12) |
| 09/29/2009 | FILE STAMP 9/28/2009, AMENDED JOURNAL ENTRY OF JUDICIAL FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING AN INSTRUMENT OR DOCUMENTATION PUPORTING TO CREATE A LIEN OR CLAIM ON PROPERTY | DOC (11) |
| 09/28/2009 | <******* Bench Notes *********> PARTIES APPEAR FOR STC, PLF APPEARS BY R TURBAK, NO ONE APPEARS TO OBJECT. MOTION GRANTED.(JUDGE: SUTHERLAND) | |
| 09/15/2009 | FILE STAMP 9/11/2009, NOTICE OF HEARING, 9/28/2009 @1:30 PM DIV 3 | DOC (10) |
| 09/15/2009 | FILE STAMP 9/14/2009, MOTION FOR AMENDMENT OF THE COURT'S AUGUST 13, 2009 JOURNAL ENTRY OF JUDICIAL FINDINGS OF FACT AND CONCLUSIONS OF LAW | DOC (9) |
| 09/15/2009 | FILE STAMP 9/11/2009, MOTION FOR AMENDMNT OF THE COURT'S 08/13/09 JOURNAL ENTRY OF JUDICAL FINDINGS OF FACT ANS CONCLUSIONS OF LAW | DOC (8) |
| 09/08/2009 | FILE STAMP 9/3/2009, JUDICIAL NOTICE OF THE FACTS PURSUANT TO K.S.A. 60-4090(B) | DOC (7) |
| 09/04/2009 | SCHED. MOTION on 09/28/09,01:30pm,Div 3 | |
| 09/02/2009 | FILE STAMP 8/31/2009, MOTION FOR CLAIM AGAINST JOHN A BARTOLAC | DOC (6) |
| 08/24/2009 | FILE STAMP 8/24/2009, PLEADING W/AFFIDAVIT OF GERALD RAY WEDEL NOTARIZED AUG 21, 2009, W/ATTACHMENTS | DOC (4) |
| 08/20/2009 | FILE STAMP 8/19/2009, MOTION TO STRIKE FROM THE COURT RECORD SUPPORTED BY AN AFFIDAVIT AND ATTACHED EXHIBITS | DOC (3) |
| 08/17/2009 | FILE STAMP 8/13/2009, JOURNAL ENTRY OF JUDICIAL FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING AN INSTRUMENT OR DOCUMENTATION PURPORTING TO CREATE A LIEN OR CLAIM ON PROPERTY | DOC (2) |
| 08/13/2009 | FILE STAMP 8/13/2009, MOTION FOR JUDICIAL REVIEW OF INSTRUMENT OR DOCUMENTATION PURPORTING TO CREAT A LIEN OR CLAIM ON PROPERTY | DOC (1) |

| 08/13/2009 | Judge: THOMAS M SUTHERLAND Assigned to Case |
| 08/13/2009 | NEW CASE FILED; UCC FINANCING STATMENTS AGAINST PRO CAPITAL ONE USA NA VS GERALD R WEDEL; FILING FEE WAIVED |

### IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

In Re: Purported )
UCC Financing Statements )
against property belonging to )   Misc. Docket No. ___'09 C V O 7 3 3 7___
Rodger M. Turbak, attorney of )                        *3*
record for Capital One Bank, )
USA, N.A. in the case captioned )
Capital One Bank, USA, N.A. v. )
Gerald R. Wedel; Haskell )
County, Kansas 2009 LM 20 )

### MOTION FOR JUDICIAL REVIEW OF INSTRUMENT OR DOCUMENTATION PURPORTING TO CREATE A LIEN OR CLAIM ON PROPERTY

Comes Now Movant, Rodger M. Turbak, and files this motion pursuant to K.S.A. 58-4301 requesting a judicial determination of the status of an instrument or documentation filed by Gerald Ray Wedel, 1625 U.U. Road, Copeland, Kansas 67837, amd Letha Wedel 1625 U.U. Road, Copeland, Kansas 67837 (hereinafter the "Wedels") purporting to create a lien or claim on property owned by Rodger M. Turbak in Johnson County, Kansas. The Wedels assert liens or claim (filed with the Johnson County, Kansas Register of Deed's office and the Kansas Secretary of State) which includes any and all personal and business assets and associated real property.

K.S.A. 58-4301 provides for an expedited judicial determination of the status of a purported lien based upon an ex parte review of the instrument or documentation. Such a determination is made solely on review of the instrument or documentation. Neither service nor a filing fee is required under K.S.A. 58-4301.

The instrument or documentation in question, which purports to be a UCC Financing Statement, was filed in the office of the Register of Deeds in Johnson County, Kansas and the

1

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS
2009 AUG 13 AM 8: 59

SCAN DATE 2009/08/13 14:11

**EXHIBIT 2**

Kansas Secretary of State on April 20, 2009. In support of the purported lien claim, the Wedels rely on various documents Gerald Wedel apparently filed in Haskell County Case 2009-LM-20. Wedels purported Financing Statement and the supporting documents are attached as Exhibit B to this Motion.

In accordance with K.S.A. 58-4301(e)(1), an instrument or documentation is Afraudulent "if it is Anot provided for by the constitution or laws of this state or of the United States." Haskell County Case 2009-LM-20 is an action by a creditor, Capital One Bank, USA, N.A. against Gerald Wedel only. The documents filed by the Gerald Wedel in 2009-LM-20 which he claims support the purported UCC Financing Statement and create a debt, do not create a debt and are in fact meaningless gibberish, not provided for by the constitution or laws of this state or of the United States and having no legal effect. Rodger M. Turbak is not even a party to 2009-LM-20; further, Letha Wedel in not a party in 2009-LM-20 nor the documents which purport to create a lien or claim against Rodger M. Turbak. Additionally, a Motion to Strike or for a Protective Order was timely filed by the Plaintiff in 2009-LM-20 pertaining to the documents which purport to create a lien or claim against Rodger M. Turbak.

In accordance with K.S.A. 58-4301(e)(2), an instrument or documentation is also fraudulent if "it is not created by implied or express consent or agreement of the obligor, debtor or the owner . . . ." The documents that the Wedels claim to support the purported UCC Financing Statements indicate that Gerald Wedel sent to Rodger M. Turbak a "Registered Affidavit of Claim," which, according to Gerald Wedel, became a perfected security interest when Rodger M. Turbak failed to respond. (Again, a Motion to Strike or for a Protective Order had been filed, and such is still pending with the Haskell County District Court at this time).

2

SCAN DATE 2009/08/13   14:11

Even assuming that Gerald Wedel's documents had some basis in the law, Rodger M. Turbak's

silence did not indicate his acceptance of the terms. "Generally, silence and inaction, or mere

silence or failure to reject an offer when it is made, does not constitute an acceptance of the offer.

... An offeror cannot prescribe conditions so as to turn the offeree's silence into acceptance."

Am. Jur. CONTRACTS ' 98.

In *In re a Mechanic=s Lien Against the City of Kansas City, Kansas*, 37 Kan. App. 2d

440, 443-44 (2007), the Court discussed the purpose of K.S.A. 58-4301:

> K.S.A. 58-4301 was enacted in 1998. A review of the legislative history reveals
> that the statute, introduced as Senate Bill 408, was promulgated in response to the
> activities of militias and common-law type groups such as the Freeman and the
> Christian Court. The activities of these antigovernment groups ranged from the
> issuance of bogus and fraudulent checks to filing and attempting to file frivolous
> liens. As a result of this threat from extremist groups, the legislature passed S.B.
> 408 to provide a quick and efficient method to remove facially bogus liens meant
> solely to intimidate and harass property owners. See Minutes, Sen. Judiciary
> Comm., January 15, 1998, attach. 1.

The appellate court concluded that based on the statute, a district court is "empowered to enter an

order an order setting aside or nullifying the lien" and to do so based solely on affidavits and

documents attached to the motion, and to make the determination on an ex parte basis. *Id.* at

446. Wedels purported lien or claim against Rodger M. Turbak fits squarely within the purposes

of K.S.A. 58-4301; the purported lien is bogus, fraudulent and frivolous.

Movant attests that assertions herein are true and correct. In accordance with K.S.A. 58-

4301, an affidavit in support is attached hereto as Exhibit A and incorporated herein as per

K.S.A. 60-210(c).

### PRAYER

WHEREFORE, Movant, Rodger M. Turbak herein respectfully requests the Court to review

SCAN DATE 2009/08/13  14:11

the instrument or documentation attached hereto at "Exhibit B" and enter an order setting aside

and nullifying the documents and liens/claims and for such other relief as is just and equitable.

Respectfully submitted,

Rodger M. Turbak, #20959
Kramer & Frank, P.C.
1125 Grand Blvd, Ste. 600
Kansas City, MO 64106
(816) 471-0030

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing Motion (along with Exhibits and Proposed Order) was served by United States Mail, postage prepaid, on August 12, 2009, addressed to:

Gerald Ray Wedel
1625 U. U. Road
Copeland, KS 67837

Letha Wedel
1625 U.U. Road
Copeland, KS 67837

Rodger M. Turbak

SCAN DATE 2009/08/13 14:11

4

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

In Re: Purported                        )
UCC Financing Statements                 )
against property belonging to            )      Misc. Docket No. _____
Rodger M. Turbak, attorney of            )
record for Capital One Bank,             )
USA, N.A. in the case captioned          )
Capital One Bank, USA, N.A. v.           )
Gerald R. Wedel; Haskell                 )
County, Kansas 2009 LM 20                )
_____)

### AFFIDAVIT

THE STATE OF MISSOURI          )
COUNTY OF JACKSON              )

BEFORE ME, the undersigned authority, personally appeared Rodger M. Turbak, who,

being by me duly sworn, deposed as follows:

> My name is Rodger M. Turbak.  I am over 18 years of age, of
> sound mind, with personal knowledge of the following facts, and
> fully competent to testify. I am employed by the Law Office of
> Kramer & Frank, P.C. as an associate attorney and I am a Kansas
> licensed attorney in good standing.
>
> I further attest that the assertions contained in the accompanying
> Motion for Judicial Review of Instrument or Documentation
> Purporting to Create a Lien or claim on property are true and
> correct.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Rodger M. Turbak

SUBSCRIBED and SWORN To before me, this 12ᵗʰ day of August, 2009.

_____
Notary Public

Notary's printed name: Jessica Brisco

My commission expires: April 1, 2013

JESSICA L. BRISCO
Notary Public-Notary Seal
STATE OF MISSOURI
JACKSON COUNTY
Commission # 09767420
My Commission Expires April 1, 2013

PLAINTIFF'S EXHIBIT
A

DATE 2009-08-13  14:11

7

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

```
    GERALD RAY WEDEL
    1625 U U Road
    Copeland, Kansas 67837
```

| 04-20-2009 | 16:38:49 |
| 5505    04 | $20.00 |
| 061    001 | PAGES: 00007   1 |
| FILE#: 6588479 | FILED BY KS SOS |

02406150

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY.

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Turbak | Rodger | M. | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 15897 South Brookfield Street | Olathe | Ks. | 66062 | US. |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION INDIVIDUAL | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| DO NOT PROVIDE SSN/TIN | | | | ☒ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| DO NOT PROVIDE SSN/TIN | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| WEDEL | GERALD | RAY | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1625 U U Road | Copeland | KS. | 67837 | US. |

4. This FINANCING STATEMENT covers the following collateral:
ALL PROPERTY OWNED IN JOHNSON COUNTY KANSAS, Including any and all
personal and business assets and associated real property. SUPPORTED
BY THE FOLLOWING, NON-negotiable REGISTERED AFFIDAVIT OF CLAIM # RB
585 313 785 US AGAINST RODGER M. TURBAK SC # (20959), ATTORNEY, and
associated default security agreement, AFFIDAVIT OF NOTICE OF DEFAULT,
CERTIFICATE OF DISHONOR and BREACH OF CONTRACT, and BILL FOR RESTITUTION
and DAMAGES.

"ALL THE ABOVE FILED INTO CASE No. 2009-LM-20 IN THE HASKELL COUNTY
DISTRICT COURT."

SCAN DATE 2009/08/19   14:11

| 5. ALTERNATIVE DESIGNATION (if applicable): | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☒ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | All Debtors | Debtor 1 | Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

PLAINTIFF'S EXHIBIT
B

ORIG...

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT**

| | 9a. ORGANIZATION'S NAME | | |
|---|---|---|---|
| OR | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME,SUFFIX |
| | TURBAK | RODGER | M. |

**10. MISCELLANEOUS:**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one name (11a or 11b) - do not abbreviate or combine names

| | 11a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 11c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |

| 11d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| DO NOT PROVIDE IDENTIFICATION | | | | | ☐ NONE |

**12.** ☒ **ADDITIONAL SECURED PARTY'S** or ☐ **ASSIGNOR S/P'S NAME** - insert only one name (12a or 12b)

| | 12a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | WEDEL | LETHA | | |

| 12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1625 U U Road | Copeland | Ks. | 56737 | US |

**13.** This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☐ fixture filing.

**14.** Description of real estate:
Arlington Park Fourth Plat Lot 148 For City of Olathe Johnson —County Kansas.

**16.** Additional collateral description:
Including any and all personal and business assets and associated real property. Supported By The Following, NON-negotiable Registered Affidavit of Claim # RB 585 313 785 US Against Rodger M. Turbak SC # (20959), Attiorney, and associated default security agreement, Affidavit of Notice of Default, Certifica of Dishonor and Breach of Contract, and Bill For Restitution and Damages.

**15.** Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

**17.** Check only if applicable and check only one box.
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

**18.** Check only if applicable and check only one box.
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years
☐ Filed in connection with a Public-Finance Transaction — effective 30 years

SCAN DATE 2009/08/13

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 05/22/02)

ORIGINAL



— **RON THORNBURGH**
Secretary of State

Memorial Hall, 1st Floor
120 S.W. 10th Avenue
Topeka, KS 66612-1594
(785) 296-4564

April 23, 2009

## STATE OF KANSAS

GERALD RAY WEDEL
1625 U U ROAD
COPELAND KS 67837

UCC 1 FILE #:    6588479 FILE DATE:    4/20/2009 LAPSE DATE:    4/20/2014
Number of pages in this filing:    7

Our database contains the following debtor and secured party
information for this filing.

Secured Party
GERALD RAY WEDEL
1625 U U ROAD
COPELAND KS 67837

Secured Party
LETHA WEDEL
1625 U U ROAD
COPELAND KS 67837

Debtor
RODGER M. TURBAK
15897 SOUTH BROOKFIELD STREET
OLATHE KS 66062

mcp

SCAN DATE 2009/08/13 14:11

GERALD RAY WEDEL
1625 U U Road
Copeland, Kansas [67837]

Rodger M. Turbak
1125 Grand Blvd, Suite-600
Kansas City., Mo. 64105-2501

RE: "NON-negotiable *Registered Affidavit of Claim # RB 585 313 785 US AGAINST RODGER M. TURBAK
SC 3 (20959), ATTORNEY and associated default security agreement*"

## Affidavit Of Notice Of Default

One, GERALD RAY WEDEL, *a living soule*, do declare under the penalties of the Law of bearing false witness
before God and man that I am of sound mind and over the age of accountability, duly created and owned by Iesus
the Christ, the Sovereign of the Realm, and do testify to these with in facts of my own firsthand knowledge, and to
those matters stated on information, I believe them to be true.

1. Rodger M. Turbak, 1125 Grand Blvd, Suite-600 Kansas City. Mo. 64106-2501, received by United States
Postal Service Registered mail the "NON-negotiable *Registered Affidavit of Claim # RB 585 313 785 US
AGAINST RODGER M. TURBAK SC # (20959), Attorney, and associated default security agreement*"
(Registered Affidavit of Claim) on 4/6/2009. See attached copy of the Return Receipt.

2. RODGER M. TURBAK 1125 Grand Blvd, Suite-600, Kansas City, Mo. 64106-2501 failed to answer the
REGISTERED AFFIDAVIT OF CLAIM. (see attached Certificate of Dishonor and Breach of Contract).

3. By his default, Rodger M. Turbak, has agreed by operation of Law and his official oath of office, are corporately
and personally liable for damages and other expenses for violations of common law property rights, causing the "
NON-negotiable REGISTERED AFFIDAVIT OF CLAIM  RB 585 313 785 US AGAINST RODGER M. TURBAK
SC # (20959), ATTORNEY, and associated default security agreement." To convert into an agreement that creates a
security interest against RODGER M. TURBAK business assets, and his personal assets, including personal
property and real property, in a lump sum cash payment in the amount of One Hundred Six Thousand Thirty Four
dollars and 52 cents ($106,034.52) in Federal Reserve Notes pursuant to Kansas statute 16-111 and the "Gold
Bullion Coin Act of 1985", with the reservation to adjust this amount for future damages, expenses and/or interest.
Any unpaid balance will accrue a late fee assessment of $100.00 dollars per day until paid in full. **Warning: This
debt obligation will be perfected by registering this claim in the public records, and upon filing will become
ripe for collection.**

### Verification by Asseveration
In Witness, Knowing the punishment for bearing false witness before Almighty God and Men, I solemnly aver, that
I have read the foregoing, "Affidavit Of Notice Of Default" and know the contents thereof; that the same is true
according to my belief and knowledge.

I am one that beare witnesse of my self, and my Sovereign Lord and Saviour Iesus: the Christ, in whom I live and
move and have my Being, beareth witnesse of me, and Our Father who sent Him, and the holy Ghost whom he sent,
beareth witnesse of Him.

Signed and sealed by a Direct act of mine own hand under the Authority and Direction of Christ Iesus: in the Name
of the Father and of the Sonne and of the holy Ghost, in the acceptable yeere of the Lord (a.y.L), on the fifteenth day
of the forth month in Two thousand nine (also known as April, 15, 2009 A.D.).

In the name of Iesus: the Christ,

SCAN DATE 2009/08/13  14:11

Solely by *the grace of God*: GERALD RAY WEDEL, steward for Iesus: the Christ
In care of: GERALD RAY WEDEL 1625 U U Road, Copeland, Kansas, Kansas [67837]

---

## Notice

Using a STATE OF KANSAS notary on this document does not constitute any adhesion, nor does it alter my
sovereign standing in the matter. The purpose for the notary is verification and identification only and not for
entrance into any foreign jurisdiction, a benefit for the Pagans and Heathens so they whom I pray may become
knowledgeable in the truth for the Law by our Holy Father in Heaven and repent, so they will no longer be alienated
from their true God YHWH.

I, GERALD RAY WEDEl, steward for Iesus: the Christ, do affirm the above document entitled, "Affidavit Of
Notice Of Default" is true and correct to the best of my knowledge.

*Gerald Ray Wedel*

Authorized representative for "GERALD RAY WEDEL"


State of Kansas,          )
                          ) subscribed and affirmed
County of RENO.           )

One, GERALD RAY WEDEL, properly identified by me came and signed and affirmed before me on the
Fifteenth day of the Fourth month in the year of our Lord and Savior Two thousand and nine, Anno Domni.

*Dale Bruce Anderson*              *11-17-2010*              SEAL

*Dale Bruce Anderson – Public Notary*     *My Appointment Expires*

SCAN DATE 2009/08/13  14:11



Rodger M. Turbak
1125 Grand Blvd, Ste. 600
Kansas City, Mo. 64105-2501
United States Certified Mail: # 7007 2560 0000 8693 2229

## Bill For Restitution And Damages

You, Rodger M. Turbak, failed to controvert the NON-negotiable *Registered Affidavit of Claim # 585 313 785 US SC # (20959)*, Attorney and associated default security agreement as evidenced by the attached *Affidavit Of Notice Of Default* and *Certificate of Dishonor and Breach of Contract*. By Your silence and the operation of Law you agreed that the *Registered Affidavit of Claim* against you is true and correct, and that as of April 17, 2009, that claim converted into a default security agreement that created a perfected collateral security interest against You, Rodger M. Turbak, which includes any and all personal and business assets and associated real property, and is backed by your signature on your Official Oath Of Office pursuant to Article 15, Section 14 of the Kansas constitution and Kansas statute 54-106, Therefore, pursuant to Kansas statute 16-111 and the "Gold Bullion Coin Act of 1985", to protect against run-away inflation in the collection of a debt for restitution and damages, this is a bill for a lump sum cash payment in the approximate amount of one hundred six (106) United States minted $50 gold coins; ($106,034.52 FRN value of debt as stated in the security agreement, 106 US minted $50 gold coins), or, in the alternative, make a lump sum cash payment of United States Federal Reserve Notes (FRNs) equal to the parity ratio value of one hundred six (106) troy ounces of $50 US minted gold coins to FRNs. *Notice:* I will determine and verify that parity ratio of gold coin to Federal Reserve Note value at the time of settlement payment by using quotes from three coin dealers. *Notice:* I reserve the right to adjust this amount for future damages, expenses and/or late fees of $100.00 per day until paid in full.

"Whose soever sinnes yee remit, they are remitted vnto them, and whose soever sinnes yee retaine, they are retained." *John 20:21*

"Then said hee vnto mee, This is the curse, that goeth forth over the face of the whole earth: for every one that stealeth shall be cut off as on this side, according to it; and every one that sweareth shall be cut off as on that side, according to it. I will bring it forth, saith the Lord of hostes, and it shall enter into the house of the theefe, and into the house of him that sweareth falsely by my name: and it shall remaine in the midst of his house, and shall consume it, with the timber thereof, and the stones thereof." *Zechariah 5:3-4*

"And let none of you imagine euill in your hearts against his neighbour, and loue no false oath: for all these are things that I hate, saith the Lord." *Zechariah 8:17*

Signed and sealed by His Direct act of mine own hand under the Authority and Direction of Christ Iesus: in the Name of the Father and of the Sonne and of the holy Ghost, in the acceptable yeere of the Lord (a.y.L.), on the fifteenth day of the Forth month in Two thousand nine (also known as April 15, 2009 A.D.).

GERALD RAY WEDEL,

*Gerald Ray Wedel*

Solely by the *grace of God*: Gerald Ray Wedel stewart for Iesus: the Christ, the creditor
                In care of: GERALD RAY WEDEL 1625 U U Road, Copeland, Kansas [67837]

SCAN DATE 2009-08-13 14:11

```
20090420-0006473           04/20/2009
P: 1 of 7     F: $20.00   10:43:58 AM
Register of Deeds     T20090013760
JO CO KS   BK:200904 PG:006473
```

## UCC FINANCING STATEMENT
**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

> GERALD RAY WEDEL
> 1625 U U Road
> Copeland, Kansas 67837

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| Turbak | Rodger | M. | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 15897 South Brookfield Street | Olathe | Ks. | 66062 | US. |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| DO NOT PROVIDE SSN/EIN | | INDIVIDUAL | | ☒ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| DO NOT PROVIDE SSN/EIN | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| WEDEL | GERALD | RAY | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1625 U U Road | Copeland | KS. | 67837 | US. |

**4. This FINANCING STATEMENT covers the following collateral:**

ALL PROPERTY OWNED IN JOHNSON COUNTY KANSAS, Including any and all
personal and business assets and associated real property. SUPPORTED
BY THE FOLLOWING, NON-negotiable REGISTERED AFFIDAVIT OF CLAIM # RB
585 313 785 US AGAINST RODGER M. TURBAK SC # (20590), ATTORNEY, and
associated default security agreement, AFFIDAVIT OF NOTICE OF DEFAULT,
CERTIFICATE OF DISHONOR and BREACH OF CONTRACT, and BILL FOR RESTITUTION
and DAMAGES.

"ALL THE ABOVE FILED INTO CASE No. 2009-LM-20 IN THE HASKELL COUNTY
DISTRICT COURT."

SCAN DATE 2009/01/13 14:11

| 5. ALTERNATIVE DESIGNATION (if applicable): | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [optional] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**ORIGINAL**

## UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT**

9a. ORGANIZATION'S NAME

OR

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME,SUFFIX |
|---|---|---|
| TURBAK | RODGER | M. |

10. MISCELLANEOUS:

20090420-0006473
P: 2 of 7
Register of Deeds
JO CO KS   BK:200904 PG:005473

04/20/2009
10:43:58 AM
T20090013760

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one name (11a or 11b) - do not abbreviate or combine names

11a. ORGANIZATION'S NAME

OR

| 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 11d. SEE INSTRUCTIONS | ADD'L INFO RE 11e. TYPE OF ORGANIZATION | 11f. JURISDICTION OF ORGANIZATION | 11g. ORGANIZATIONAL ID #, if any | |
| DO NOT PROVIDE IDENTIFI | ORGANIZATION DEBTOR | | | ☐ NONE |

**12. ☐ ADDITIONAL SECURED PARTY'S or ☐ ASSIGNOR S/P'S NAME** - insert only one name (12a or 12b)

12a. ORGANIZATION'S NAME

OR

| 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| WEDEL | LETHA | | |

| 12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1625 U U Road | Copeland | Ks. | 56737 | US |

**13.** This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☐ fixture filing.

**14.** Description of real estate:

Arlington Park Fourth Plat Lot 148 For City of Olathe Johnson —County Kansas,

Including any and all personal and business assets and associated real property. Supported By The Following, NON-negotiable Registered Affidavit of Claim # RB 585 313 785 US Against Rodger M. Turbak SC # (20959), Attorney, and associated default security agreement, Affidavit of Notice of Default, Certifica of Dishonor and Breach of Contract, and Bill For Restitution and Damages.

**15.** Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

**17.** Check only if applicable and check only one box.
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

**18.** Check only if applicable and check only one box.
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years
☐ Filed in connection with a Public-Finance Transaction — effective 30 years

SCAN DATE 2009/08/13 14:11

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 05/22/02)

**ORIGINAL**

GERALD RAY WEDEL
1625 U U Road
Copeland, Kansas [67837]

Rodger M. Turbak
1125 Grand Blvd, Suite-600
Kansas City., Mo. 64105-2501

RE: "NON-negotiable *Registered Affidavit of Claim # RB 585 313 785 US AGAINST RODGER M. TURBAK SC 3 (20959), ATTORNEY and associated default security agreement*"

## Affidavit Of Notice Of Default

One, GERALD RAY WEDEL, *a living soule*, do declare under the penalties of the Law of bearing false witness before God and man that I am of sound mind and over the age of accountability, duly created and owned by Iesus the Christ, the Sovereign of the Realm, and do testify to these with in facts of my own firsthand knowledge, and to those matters stated on information, I believe them to be true.

1. Rodger M. Turbak, 1125 Grand Blvd, Suite-600 Kansas City. Mo. 64106-2501, received by United States Postal Service Registered mail the "NON-negotiable *Registered Affidavit of Claim # RB 585 313 785 US AGAINST RODGER M. TURBAK SC # (20959), Attorney, and associated default security agreement*" (Registered Affidavit of Claim) on 4/6/2009. See attached copy of the Return Receipt.

2. RODGER M. TURBAK 1125 Grand Blvd, Suite-600, Kansas City, Mo. 64106-2501 failed to answer the REGISTERED AFFIDAVIT OF CLAIM. (see attached Certificate of Dishonor and Breach of Contract).

3. By his default, Rodger M. Turbak, has agreed by operation of Law and his official oath of office, are corporately and personally liable for damages and other expenses for violations of common law property rights, causing the " NON-negotiable REGISTERED AFFIDAVIT OF CLAIM RB 585 313 785 US AGAINST RODGER M. TURBAK SC # (20959), ATTORNEY, and associated default security agreement." To convert into an agreement that creates a security interest against RODGER M. TURBAK business assets, and his personal assets, including personal property and real property, in a lump sum cash payment in the amount of One Hundred Six Thousand Thirty Four dollars and 52 cents ($106,034.52) in Federal Reserve Notes pursuant to Kansas statute 16-111 and the "Gold Bullion Coin Act of 1985", with the reservation to adjust this amount for future damages, expenses and/or interest. Any unpaid balance will accrue a late fee assessment of $100.00 dollars per day until paid in full. **Warning: This debt obligation will be perfected by registering this claim in the public records, and upon filing will become ripe for collection.**

### Verification by Asseveration

In Witness, Knowing the punishment for bearing false witness before Almighty God and Men, I solemnly aver, that I have read the foregoing, "Affidavit Of Notice Of Default" and know the contents thereof, that the same is true according to my belief and knowledge.

I am one that beare witnesse of my self, and my Sovereign Lord and Saviour Iesus: the Christ, in whom I live and move and have my Being, beareth witnesse of me, and Our Father who sent Him, and the holy Ghost whom he sent, beareth witnesse of Him.

Signed and sealed by a Direct act of mine own hand under the Authority and Direction of Christ Iesus: in the Name of the Father and of the Sonne and of the holy Ghost, in the acceptable yeere of the Lord (a.y.L), on the fifteenth day of the forth month in Two thousand nine (also known as April, 15, 2009 A.D.).

In the name of Iesus: the Christ,

SCAN DATE 2009/08/13 14:11

20090420-0006473
04/20/2009
10:43:50 AM
P: 3 of 7                    T20090013760
Register of Deeds
JO CO KS   BK:200904 PG:006473

Solely by the *grace of God*: GERALD RAY WEDEL, steward for Iesus: the Christ
In care of: GERALD RAY WEDEL 1625 U U Road, Copeland, Kansas, Kansas [67837]

---

<u>Notice</u>

Using a STATE OF KANSAS notary on this document does not constitute any adhesion, nor does it alter my
sovereign standing in the matter. The purpose for the notary is verification and identification only and not for
entrance into any foreign jurisdiction, a benefit for the Pagans and Heathens so they whom I pray may become
knowledgeable in the truth for the Law by our Holy Father in Heaven and repent, so they will no longer be alienated
from their true God YHWH.

I, GERALD RAY WEDEL, steward for Iesus: the Christ, do affirm the above document entitled, "Affidavit Of
Notice Of Default" is true and correct to the best of my knowledge.

*Gerald Ray Wedel*
Authorized representative for "GERALD RAY WEDEL"

State of Kansas,      )
                      )   subscribed and affirmed
County of RENO.       )

One, GERALD RAY WEDEL, properly identified by me came and signed and affirmed before me on the
Fifteenth day of the Fourth month in the year of our Lord and Savior Two thousand and nine, Anno Domni.

*Dale Bruce Anderson*                    11-17-2010                    SEAL
*Dale Bruce Anderson – Public Notary*    *My Appointment Expires*



SCAN DATE 2009/08/13 14:11

20090420-0006473                    04/20/2009
P: 4 of 7                           10:43:58 AM
Register of Deeds                   T20090013760
JO CO KS   BK:200904 PG:0006473

**No. 1950-**

**01**

# CERTIFICATE of DISHONOR
### and
# BREACH of CONTRACT

I, Dale B. Anderson, am the public notary and acting on behalf of Gerald Ray Wedel, steward for Iesus the Christ, as a Notary acceptor to whom all communications were to be mailed regarding the "Non-negotiable *Registered Affidavit of Claim # RB 585 313 785 US Against Rodger M. Turbak SC # (20959), and associated default security agreement*"(Registered Affidavit). On April 1, 2009, the Registered Affidavit # RR 585 313 785 US was sent by United States Registered mail to Rodger M. Turbak, SC # (20959) 1125 Grand Blvd, Ste. 600, Kansas City, Mo. 64106-2501, giving Respondent 10 days to answer after receipt, which was received for the Respondent at Respondent's place of business on 4/6/09 by *Crystal Ruckes* as evidenced by the United States Postal Service return receipt.

As of this date, Respondent did not respond to me, the designated receiver. Based on the foregoing information, Respondent failed to respond timely and thereby entered into Dishonor on April 17, 2009 by his silent acquiescence. Therefore, pursuant to KANSAS Statute 84-3-505 (B), and Uniform Commercial Code 3-505(B), due to non-Response and breach of contract, Respondents, Rodger M. Turbak, has assented to Judgment by Default as stated in the "NON-negotiable *Registered Affidavit of Claim # RB 585 313 785 US, Against Rodger M. Tyrbak SC # (20959) and associated default security agreement*".

DATED this Fifteenth day of the Fourth month in the year of our Lord and Savior Two thousand and nine, Anno Domni.

*Dale B. Anderson*

Dale B. Anderson
c/o 506 E. 7th Avenue
Hutchinson, KS 67501

S e a l



SCAN DATE 2009/08/13 14:11

20090420-0006473          04/20/2009
P: 5 of 7                 10:43:58 AM
Register of Deeds         T20090013760
JO CO KS  BK:200904 PG:006473



Rodger M. Turbak
1125 Grand Blvd, Ste. 600
Kansas City, Mo. 64105-2501
United States Certified Mail: # 7007 2560 0000 8693 2229

## Bill For Restitution And Damages

You, Rodger M. Turbak, failed to controvert the NON-negotiable *Registered Affidavit of Claim # 585 313 785 US SC # (20959)*, Attorney and associated default security agreement as evidenced by the attached *Affidavit Of Notice Of Default* and *Certificate of Dishonor and Breach of Contract*. By Your silence and the operation of Law you agreed that the *Registered Affidavit of Claim* against you is true and correct, and that as of April 17, 2009, that claim converted into a default security agreement that created a perfected collateral security interest against You, Rodger M. Turbak, which includes any and all personal and business assets and associated real property, and is backed by your signature on your Official Oath Of Office pursuant to Article 15, Section 14 of the Kansas constitution and Kansas statute 54-106, Therefore, pursuant to Kansas statute 16-111 and the "Gold Bullion Coin Act of 1985", to protect against run-away inflation in the collection of a debt for restitution and damages, this is a bill for a lump sum cash payment in the approximate amount of one hundred six (106) United States minted $50 gold coins, ($106,034.52 FRN value of debt as stated in the security agreement, 106 US minted $50 gold coins), or, in the alternative, make a lump sum cash payment of United States Federal Reserve Notes (FRNs) equal to the parity ratio value of one hundred six (106) troy ounces of $50 US minted gold coins to FRNs. *Notice*: I will determine and verify that parity ratio of gold coin to Federal Reserve Note value at the time of settlement payment by using quotes from three coin dealers. *Notice*: I reserve the right to adjust this amount for future damages, expenses and/or late fees of $100.00 per day until paid in full.

"Whose soever sinnes yee remit, they are remitted vnto them, and whose soever sinnes yee retaine, they are retained." *John 20:21*

"Then said hee vnto mee; This is the curse, that goeth forth over the face of the whole earth: for every one that stealeth shall be cut off as on this side, according to it; and every one that sweareth shall be cut off as on that side, according to it. I will bring it forth, saith the Lord of hostes, and it shall enter into the house of the theefe, and into the house of him that sweareth falsely by my name: and it shall remaine in the midst of his house, and shall consume it, with the timber thereof, and the stones thereof." *Zechariah 5:3-4*

"And let none of you imagine euill in your hearts against his neighbour, and loue no false oath: for all these are things that I hate, saith the Lord." *Zechariah 8:17*

Signed and sealed by His Direct act of mine own hand under the Authority and Direction of Christ Iesus: in the Name of the Father and of the Sonne and of the holy Ghost, in the acceptable yeere of the Lord (a.y.L), on the fifteenth day of the Forth month in Two thousand nine (also known as April 15, 2009 A.D.).

GERALD RAY WEDEL,

*Gerald Ray Wedel*

Solely by the *grace of God*: Gerald Ray Wedel stewart for Iesus: the Christ, the creditor
In care of: GERALD RAY WEDEL 1625 U U Road, Copeland, Kansas [67837]

SCAN DATE 2009/08/13 14:11

20090420-0006473        04/20/2009
P: 7 of 7                10:43:58 AM
Register of Deeds        T20090013760
JO CO KS   BK:200904 PG:006473

**No. 1950-**

**01**

# CERTIFICATE of DISHONOR
### and
# BREACH of CONTRACT

I, Dale B. Anderson, am the public notary and acting on behalf of Gerald Ray Wedel, steward for Iesus the Christ, as a Notary acceptor to whom all communications were to be mailed regarding the "Non-negotiable *Registered Affidavit of Claim # RB 585 313 785 US Against Rodger M. Turbak SC # (20959), and associated default security agreement*"(Registered Affidavit).  On April 1, 2009, the Registered Affidavit # RR 585 313 785 US was sent by United States Registered mail to Rodger M. Turbak, SC # (20959) 1125 Grand Blvd, Ste. 600, Kansas City, Mo. 64106-2501, giving Respondent 10 days to answer after receipt, which was received for the Respondent at Respondent's place of business on 4/6/09 by *Crystal  Ruckers* as  evidenced by the United States Postal Service return receipt.

As of this date, Respondent did not respond to me, the designated receiver.  Based on the foregoing information, Respondent failed to respond timely and thereby entered into Dishonor on April 17, 2009 by his silent acquiesence.  Therefore, pursuant to KANSAS Statute 84-3-505 (B), and Uniform Commercial Code 3-505(B), due to non-Response and breach of contract, Respondents, Rodger M. Turbak, has assented to Judgment by Default as stated in the "NON-negotiable *Registered Affidavit of Claim # RB 585 313 785 US, Against Rodger M. Tyrbak SC # (20959) and associated default security agreement*".

DATED this Fifteenth day of the Fourth month in the year of our Lord and Savior Two thousand and nine, Anno Domni.

*Dale B. Anderson*

Dale B. Anderson
c/o 506 E. 7th Avenue
Hutchinson, KS 67501

Seal

SCAN DATE 2009/08/13 14:11

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

In Re: Purported                              )
UCC Financing Statements                      )
against property belonging to                 )    Misc. Docket No. 09-CV-07337
Rodger M. Turbak, attorney of                 )
record for Capital One Bank,                  )
USA, N.A. in the case captioned               )
Capital One Bank, USA, N.A. v.                )
Gerald R. Wedel; Haskell                      )
County, Kansas 2009 LM 20                     )
_____)

### AMENDED JOURNAL ENTRY OF JUDICIAL FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING AN INSTRUMENT OR DOCUMENTATION PUPORTING TO CREATE A LIEN OR CLAIM ON PROPERTY

On this **28th** day of **Sept.**, 2009, in the above entitled and numbered cause, this Court reviewed Movant's Motion to Amend the Court's August 13, 2009 Journal Entry. The Court amends said Journal Entry and enters this Order as follows:

On August 13, 2009, this Court reviewed a Motion for Judicial Review of Documentation or Instrument Purporting to Create a Lien or Claim in Property concerning property owned by Rodger M. Turbak in Johnson County, Kansas. The Court also reviewed the Movant's Affidavit attached as Exhibit A to the Motion, and the Court reviewed the documents which purport to create a lien or claim, including a purported UCC Financing Statement, which are attached as Exhibit B to the Motion. No hearing was held and no testimony was taken from any party.

The Court finds that the documents attached as Exhibit B to the Motion are fraudulent because they are not provided for by specific state or federal statutes or constitutional provisions. They are also fraudulent because the alleged debt was not created by an implied or express consent or agreement of the obligor, debtor or the owner of the real or personal property.

Wherefore the Court orders nullified the documents attached as Exhibit B to the Motion, including the purported UCC Financing Statements, (including but not limited to Kansas Secretary of State UCC 1 File #6588479 filed April 20, 2009 and Johnson County, Kansas BK 200904, PG 006473 filed against Rodger M. Turbak by Gerald R. Wedel and Letha Wedel) along

1
CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS.
SA
2009 SEP 28  PM 1: 47

SCANDATE 2009/09/29  16:35

EXHIBIT
**3**
tabbies

with any purported lien or claim the instrument and documents purportedly created. The Court's ruling expressly acts as a termination statement pursuant to the Uniform Commercial Code. The Court Orders Gerald Wedel and Letha Wedel shall not file any further lien/UCC filings against Kramer & Frank, P.C., and its current or former officers, agents or employees without a signed agreement by the party upon which a lien may be placed or upon a court order.

The Johnson County, Kansas Register of Deeds and the Kansas Secretary of State shall file this finding of fact and conclusion of law in the same class of records as the subject documentation or instrument was originally filed, and the Court directs the filing officer to index it accordingly.

The Court further Orders that the Motion for Claim against John A Bartolac pursuant to K.S.A. 60-2604 filed by Gerald Wedel in the captioned case on August 31, 2009 which contains allegations pertaining to the Court's August 13, 2009 Journal Entry, is denied.

The Clerk of the Court shall send copies of this Amended Journal Entry to the Kansas Secretary of State and the Johnson County Register of Deeds.

Signed on the __28TH__ day of __SEPT__ , 2009.

JUDGE OF THE DISTRICT COURT

Submitted by:

Rodger M. Turbak, #20959
Kramer & Frank, P.C.
1125 Grand Blvd, Ste. 600
Kansas City, MO 64106
(816) 471-0030

SCANDATE 2009-09-29 16:35

2

## Documents in Support of Motions

### U.S. District Court

### DISTRICT OF KANSAS

## Notice of Electronic Filing

The following transaction was entered by Phillips, Stephen on 6/24/2010 at 1:44 PM CDT and filed on 6/24/2010

| | |
|---|---|
| **Case Name:** | Wedel v. Turbak et al |
| **Case Number:** | 6:10-cv-01148-EFM -KMH |
| **Filer:** | Rodger M. Turbak |
| | Johnson County District Court, The |

**Document Number:** 8

**Docket Text:**
**MEMORANDUM IN SUPPORT of [7] MOTION to Dismiss by Defendants Johnson County District Court, The, Rodger M. Turbak (Attachments: # (1) Exhibit 1 Docket Report, # (2) Exhibit 2 Part 1 Motion for Judicial Review, # (3) Exhibit 2 Part 2 Motion for Judicial Review, # (4) Exhibit 2 Part 3 Motion for Judicial Review, # (5) Exhibit 3 Amended Journal Entry)(Phillips, Stephen)**

**6:10-cv-01148-EFM -KMH Notice has been electronically mailed to:**

Stephen O. Phillips    steve.phillips@ksag.org, debbie.williams@ksag.org, donna.wells@ksag.org, stevephillips@yahoo.com

**6:10-cv-01148-EFM -KMH Notice has been delivered by other means to:**

Gerald Ray Wedel
1625 U U Road
Copeland, KS 67837

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1028492125 [Date=6/24/2010] [FileNumber=2091262-0
] [b039c81a8649b637262055802fe7228f71ff0d8651da04e355285cbb2eae075859b
cddc06206827c6f8eb80059db01f3b58e2b762d087445fc3d3ebf4ffabcfd]]
**Document description:** Exhibit 1 Docket Report
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1028492125 [Date=6/24/2010] [FileNumber=2091262-1
] [316bd09787ca08cdef45764c9c89580566a5652d3162f0f672eb458c6a6b1ae7104
b804e4ca96cb982222240684ee0aa54fdd0e716bb4a0b3e1064456d41fa90]]
**Document description:** Exhibit 2 Part 1 Motion for Judicial Review

**Original filename:**n/a

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1028492125 [Date=6/24/2010] [FileNumber=2091262-2
] [d1eff50f38517683a16ad188b3962aeea04e3670ef8a3021b589d9293e9fab4026d
e750f654cbea7e266abb80b1cacda00f1146d28fb5f411b46f314c2963019]]

**Document description:**Exhibit 2 Part 2 Motion for Judicial Review

**Original filename:**n/a

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1028492125 [Date=6/24/2010] [FileNumber=2091262-3
] [9352546ad4c36fc9e634211233a6552de4b6232d7e7fe1155ae5e11438237285eb9
e6ab3aa31835244d2c72cd6763d9b06c857fc31efd6c46fc9d83354f9c147]]

**Document description:**Exhibit 2 Part 3 Motion for Judicial Review

**Original filename:**n/a

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1028492125 [Date=6/24/2010] [FileNumber=2091262-4
] [a5015bae0d16926e5724b782a6d3729f29031d9e4563a5489d1129af494606766b4
e00f7c3784ba843a179c96e2bb18fdb081c0568f8aa1718b8e2ea9e0ec3c7]]

**Document description:**Exhibit 3 Amended Journal Entry

**Original filename:**n/a

**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1028492125 [Date= 6/24/2010] [FileNumber=2091262-5
] [07121d0f3b396d599b0658aa8db809bc6d39339d6e2dadd7d343338d0be5eb242af
9168920787dcb6ce590adf13d874f79e790fc646bf8dc2a26a6eb695ab2b9]]

```
┌─────────────────────┐
│      EXHIBIT         │
│  tabbies            │
│        8            │
│ _____ │
└─────────────────────┘
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

GERALD RAY WEDEL,                     )
                                      )
            Plaintiff,                )
                                      )
v.                                    )        **Case No. 10-1156-CM-GLR**
                                      )
KLYER G. KNOBBE, *et al.*,            )
                                      )
            Defendants.               )
_____)

### STATE DEFENDANTS' AMENDED RESPONSE TO
### PLAINTIFF GERALD WEDEL'S
### MOTION FOR AN EMERGENCY INJUNCTION

Defendants Kansas District Court Magistrate Judge Michael Freelove, Kansas District Court Judges Daniel L. Love and E. Leigh Hood, and the Ford County District Court  Sixteenth Judicial District (hereinafter "State Defendants"), by and through counsel, Stephen Phillips, Assistant Attorney General for the State of Kansas, and submit this Response to Plaintiff Gerald Wedel's Motion for an Emergency Injunction, Doc. 20.

For a party to obtain a permanent injunction, it must prove: "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Fisher v. Oklahoma Health Care Auth.*, 335 F.3d 1175, 1180 (10th Cir.2003) (citations omitted).

Wedel's Motion addresses none of these factors and contains no substance.  It is filled with unintelligible legal ramblings.  It does not even state what injunctive relief he seeks. Moreover, for the reasons stated in the State Defendants' Motion to Dismiss and accompanying Memoranda, Wedel is not going to succeed on the merits.

Wedel alleges in the Motion that none of the parties have answered. The State

Defendants have, in fact, filed a Motion to Dismiss, Doc. 10 & 11.

Because Wedel states no grounds that would warrant injunctive relief, the State

Defendants request that such relief be denied.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
STEVE SIX

s/ Stephen Phillips
Stephen Phillips, Sup. Ct. No. 14130
Asst. Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Tel:    (785) 296-2215
Fax:   (785) 291-3767
steve.phillips@ksag.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of June, 2010, I electronically filed the foregoing
with the Clerk of the Court using the CM/ECF system, which will send electronic notices to the
following:

Kyler G. Knobbe, knobbe@ucom.net

and that on this same date, I mailed the foregoing *via* first class U.S. Mail, postage prepaid,
addressed to:

Gerald Ray Wedel
1625 U.U. Rd
Copeland, KS 67837

s/ Stephen Phillips
Stephen Phillips

District of Kansas                          .                          Page 1 of 1

## Responses and Replies
6:10-cv-01156-CM -GLR Wedel v. Knobbe et al

### U.S. District Court

### DISTRICT OF KANSAS

## Notice of Electronic Filing

The following transaction was entered by Phillips, Stephen on 6/24/2010 at 2:29 PM CDT and filed on 6/24/2010

| | |
|---|---|
| **Case Name:** | Wedel v. Knobbe et al |
| **Case Number:** | 6:10-cv-01156-CM -GLR |
| **Filer:** | E. Leigh Hood |
| | Micheal Freelove |
| | Ford County District Court |
| | Daniel L. Love |

**Document Number:** 25

**Docket Text:**
**RESPONSE by Defendants Ford County District Court, Micheal Freelove, E. Leigh Hood, Daniel L. Love re [20] MOTION for Permanent Injunction** *Amended* **(Phillips, Stephen)**

### 6:10-cv-01156-CM -GLR Notice has been electronically mailed to:

Kyler G. Knobbe     knobbe@ucom.net

Stephen O. Phillips     steve.phillips@ksag.org, debbie.williams@ksag.org, donna.wells@ksag.org, stevephillips@yahoo.com

### 6:10-cv-01156-CM -GLR Notice has been delivered by other means to:

Gerald Ray Wedel
1625 U U Road
Copeland, KS 67837

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1028492125 [Date=6/24/2010] [FileNumber=2091340-0
] [0150dc952776fde51229a5e3c14bc0d69754670c4e83a997a71ec685059a6754cd1
00edfe19efc12ae6a616f7d6aebb77b7278ff8bfbadc83912c75b29af7b8b]]