# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GERALD RAY WEDEL, )
)
        Plaintiff, )
) CIVIL ACTION
v. )
) No. 10-1156-CM
)
KYLER G. KNOBBE, et al., )
)
        Defendants. )
)

## MEMORANDUM AND ORDER

Plaintiff Gerald Ray Wedel brings this civil rights action, *pro se* and *in forma pauperis*, claiming that defendants conspired to violate his constitutional rights through certain state court proceedings originating in Kansas in Johnson, Haskell, and Ford counties (possibly Case Nos. 2006-ST-14; 2009-CV-7337; 2009-LM-1914; 2009-CV-30 and 2009-PR-65). Defendants include Daniel L. Love, Micheal Freelove, E. Leigh Hood, and Ford County District Court ("State Defendants") and Kyler G. Knobbe, Wayne L. Wedel, Elva Bach, and Mitch Little ("Non-State defendants). This case is before this court on the following eleven (11) motions:

    State Defendants' Motion to Dismiss (Doc. 10);

    State Defendants' Motion to Stay Discovery (Doc. 12);

    Plaintiff's Motion for an Emergency Injunction (Doc. 20);

    Non-State Defendants' Motion to Dismiss (Doc. 22);

    Non-State Defendants' Motion to Stay Discovery (Doc. 23);

    Plaintiff's Motion to Strike with a Request (Doc. 27) relating to the State defendants' motion to dismiss;

Plaintiff's Motion to Strike with a Request (Doc. 30) relating to various pending motions and pleadings;

Plaintiff's Motion for Protective Order (Doc. 34);

Non-State's Motion for Protective Order (Doc. 36);

Plaintiff's Motion for a Judicial Determination Based Upon No Response, and Conflict of Interest (Doc. 41); and

Plaintiff's Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule Upon This Motion, and All Public Officers of This Court to Uphold Said Rights (Doc. 42).

The court makes rulings as set out below, and dismisses the case.

## I. Factual and Procedural Background[1]

Plaintiff's complaint alleges a number of wrongs purportedly arising from state court proceedings. Plaintiff alleges that this court has subject matter jurisdiction based on diversity and on unspecified constitutional grounds, due to alleged violations of his civil rights, and various state statutes. In particular, plaintiff states that his claim is based on violations of his rights to due process; fraud; criminal racketeering; and equal rights to justice. He conventionally filed more than fifty (50) exhibits to his complaint. He demands that his "constitutional rights [be] given back." (Doc. 1, at 4.) In addition, he seeks a total of $5,000,000 in damages.

Defendants filed motions to dismiss. (Docs. 10, 22.) Rather than responding to these motions, plaintiff filed motions to strike. (Docs. 27, 30.) As a preliminary matter, the court finds no

---

[1] The court recently addressed similar issues in Case No. 10-1069 filed by plaintiff and dismissed that case on many of the same grounds.

merit in plaintiff's motions to strike. He appears to allege that defendants' motions to dismiss are frivolous and unsupported by law. Motions to strike are a matter within the court's discretion, and are generally disfavored. *Dockhorn v. Kitchens By Kleweno*, No. 08-2307, 2010 WL 1196425, at *2 (D. Kan. Mar. 23, 2010). The motions to strike filed here are full of conclusory allegations and recitations of legal standards and definitions that do not appear to relate to the dispositive motions to which they are directed. They fail to address why defendants' filings should be stricken and are largely repetitive. Thus, to the extent plaintiff seeks to strike defendants' motions to dismiss, those motions and the requests contained therein are denied.

Common to defendants' motions are the assertions that plaintiff's pleadings fail to state a claim upon which relief can be granted. Defendants Love, Freelove, and Hood additionally assert the defense of judicial immunity, and that plaintiff's civil rights claims are barred to the extent they are against the judges in their official capacity. Defendant Ford County District Court asserts the defense of sovereign immunity. The motion filed by the remaining defendants additionally asserts that the court lacks subject matter jurisdiction and that the claims should be dismissed under Rule 12(b)(1). The non-state defendants also argue that they cannot be liable under 42 U.S.C. § 1983 because they were not acting under state law.

The court addresses its jurisdiction first.

## II.    **Jurisdiction**

Federal courts, as courts of limited jurisdiction, may exercise jurisdiction only when authorized. *Strohm v. United States*, No. 06-4139-SAC, 2007 WL 3120704, at *1 (D. Kan. Oct. 24, 2007) (citing *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994)). A court lacking jurisdiction must dismiss the case regardless of the stage of the proceeding when it becomes apparent that jurisdiction is lacking. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). There is a

presumption against federal jurisdiction, *Marcus v. Kans. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999), and the party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper, *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Mere conclusory allegations of jurisdiction are not enough. *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

When, as here, a plaintiff proceeds *pro se*, the court construes his or her pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). While "failure [to] set forth clear and particularized jurisdictional allegations is not fatal to [a *pro se* party's] case," *Sears v. E.E.O.C.*, No. 86-2470, 1987 WL 15547, *1 (D.D.C. Jan. 14, 1987), the court will not construe the plaintiff's complaint to create jurisdiction where there is none. Under rule 12(b)(1) Federal Rules of Civil Procedure, this court may dismiss a claim for lack of subject matter jurisdiction.

This court is concerned about its jurisdiction. Although not every motion before the court addresses this threshold issue, the court has an independent duty to determine whether it has jurisdiction over this matter. *Koerpel v. Heckler*, 797 F.2d 858, 861 (10th Cir. 1986). Federal district courts have original jurisdiction over civil actions arising under federal law; and jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and where there is complete diversity of citizenship between all plaintiffs and all defendants. 28 U.S.C. §§ 1331, 1332. Plaintiff's complaint fails to allege complete diversity of citizenship. Indeed, the complaint itself indicates that plaintiff and all but two defendants to this action are Kansas residents. (Doc. 1, at 2–3.) And although plaintiff's complaint also asserts that jurisdiction is based on constitutional violations and civil rights violations, plaintiff's allegations are merely conclusory. Likewise, plaintiff's "responses" in the motions to strike touch upon a variety of subjects, which—even

liberally construed—fail to establish this court's jurisdiction. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Due to the nature of the pleadings, this court is uncertain of its jurisdiction in this case.

## II.     **Failure to State a Claim**

To the extent this court has jurisdiction over this matter, the court finds that plaintiff's complaint is subject to dismissal because it fails to state a claim upon which relief could be granted.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). Although the court construes plaintiff's pleadings liberally, *McBride*, 240 F.3d at 1290 (10th Cir. 2001), plaintiff's *pro se status* does not excuse him from the burden of coming forward with some "specific factual support," other than conclusory allegations, to support his claims. *Douglass v. Gen. Motors Corp.*, 368 F. Supp. 2d 1220, 1228 (D. Kan. 2005) (citing *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988)). The court need not accept as true those allegations that state only legal conclusions. *See id*. at 1110. And the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173–74 (quotations and citations omitted).

Furthermore, in a case in which *in forma pauperis* status has been granted, the court is to dismiss the case if at any time the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). A district court may also dismiss a complaint filed by an *in forma pauperis* plaintiff for lack of personal jurisdiction and for improper venue, even though such defenses can be waived under Fed. R. Civ. P. 12(h)(1) if not properly raised. *Trujillo v. Williams*, 465 F.3d 1210, 1216–17 (10th Cir. 2006).

In a section of the form complaint entitled "Statement of Claim,"[2] plaintiff refers to Exhibit A (although there is no exhibit entitled "Exhibit A" before the court), and states:

> Violation of Plaintiff[']s Constitutional Rights to Due Process[;] Violated Kansas Statutes and has commented Fraud, Litigation Fraud, Constructive Fraud, Extrinsic Fraud, Intrinsic Fraud, Fraud in The Factum, and for the participation, in the same within the Criminal RICO result, and Equal rights to Justice.

(Doc. 1, at 3–4.) He notes that his claims were presented "to the court" with no response through various motions and a notice, but he does not identify which courts he presented his claims to. He seeks damages, including punitive damages, totaling $5,000,000. Plaintiff filed exhibits to the complaint conventionally due to privacy concerns and sheer volume, although they are now accessible through CM-ECF.[3]

---

[2] This section of the form complaint directs: "State here a short and plain statement of the claim showing that plaintiff is entitled to relief. State what each defendant did that violated the right(s) of the plaintiff, including dates and places of such conduct by the defendant(s). Do not set forth legal arguments. If you intend to allege more than one claim, number and set forth each claim in a separate paragraph. Attach an additional sheet, if necessary, to set forth a short and plain statement of the claim[s]."

[3] The court has reviewed these exhibits. The first four exhibits purport to be notices filed in state court proceedings, Case Nos. 2006-ST-14; 2009-CV-7337; and 2009-LM-1914. The remaining documents relate to the probate matter, Case No. 09-PR-65. Included in the exhibits is a document entitled "CLAIM," which includes further conclusory allegations that defendants violated various
(continued...)

A complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And under the "plausibility" standard that now guides the court, a complaint must contain sufficient factual allegations to give fair notice to defendants of the grounds of the claim against them. *Robbins*, 519 F.3d at 1248. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing *Twombly*, 550 U.S. at 556 n.3.) Plaintiff's complaint fails to meet even the minimal standards of notice pleading set out in Rule 8(a) because it fails to provide notice of the claim to which the defendants are entitled under that rule. No defendant in this action could be expected to prepare a defense based on these disorganized, vague, and ambiguous allegations.

Even construing the complaint generously, plaintiff fails to allege any facts that would support his fraud or racketeering claims, let alone to meet the particularity requirement by Federal Rule 9(b). Rule 9(b) requires that, in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b); *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989) (holding that Rule 9(b) applies to claims arising under the Racketeer Influenced Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962, by requiring predicate acts based on fraud to be pleaded with specificity to provide clear notice of the factual basis of the predicate acts to defendants). Under Rule 9(b), a plaintiff must allege with particularity not only each element of a RICO violation, but also the predicate acts of racketeering. *Phillips USA, Inc. v. Allflex USA, Inc.*, No. 92-2405-JWL, 1993 WL 191615, at *2 (D.

---

[3] (...continued)
Kansas statutes. The exhibits suggest plaintiff's dissatisfaction with and possible paranoia concerning the handling of the probate proceedings involving the defendant parties. But they offer no factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Kan. May 21, 1993) (quoting *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 989 (10th Cir. 1992)). To properly allege the predicate acts, plaintiff must specify the "who, what, where, and when" of *each* purported act. *Id.* (citation omitted). Plaintiff's complaint fails to meet this standard. He does not specifically identify any fraudulent statements or representations, let alone set forth the time, place, or contents thereof; he does not identify the maker of any false statements, or the consequences suffered thereby. These claims must be dismissed.

Plaintiff cannot proceed on a 42 U.S.C. § 1983 civil rights or constitutional claim against defendants Love, Freelove, and Hood for their judicial rulings or decisions regarding whether to set hearings in some unspecified underlying state action. These defendants are entitled to absolute judicial immunity for their handling of cases, and plaintiff offers nothing to suggest that the doctrine does not apply in this case. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986). Moreover, to the extent plaintiff names these defendants in their professional capacity, monetary relief is barred. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180–81 (10th Cir. 2002).

Similarly, Ford County District Court is immune from suit under the Eleventh Amendment and is not liable under § 1983. *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000) ("Eleventh Amendment immunity bars damages actions against a state in federal court, even by its own citizens, unless the state waives that immunity."); *Frank v. Bush*, No. 09-4146-RDR, 2010 WL 1408405, at *6 (D. Kan. Apr. 2, 2010) (recognizing that the Sumner County District Court/Kansas Thirtieth Judicial District is not a governmental entity with the capacity to sue or be sued and finding that the court was not a "person" for purposes of § 1983).

And plaintiff cannot proceed on § 1983 claims against the remaining defendants because they are private litigants. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Plaintiff fails to allege what act or acts constituted a violation of his civil rights, or how these defendants were

-8-

acting under color of state law. *See, e.g., Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207–08 (10th Cir. 2005).

The court is unable to understand the basis for the relief sought, and is unable to discern any factual allegations that would plausibly entitle plaintiff to relief. Furthermore, the court is unable to determine how this complaint, even combined with the voluminous exhibits accompanying it, would provide the notice required under Rule 8 to any defendant in this action. The court finds that there is no logical construction of plaintiff's complaint from which to discern any cognizable claim. The court believes that any attempt to remedy the complaint would be futile. Assuming this court has the jurisdiction to do so, the court dismisses the action pursuant to Rule 12(b)(6) and § 1915(e)(2)(B). In light of this ruling, the remaining motions, including State Defendants' Motion to Stay Discovery (Doc. 12); Plaintiff's Motion for an Emergency Injunction (Doc. 20); Non-State Defendants' Motion to Stay Discovery (Doc. 23); Plaintiff's Motion for Protective Order (Doc. 34); Non-State's Motion for Protective Order (Doc. 36); Plaintiff's Motion for a Judicial Determination Based Upon No Response, and Conflict of Interest (Doc. 41); and Plaintiff's Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule Upon This Motion, and All Public Officers of This Court to Uphold Said Rights (Doc. 42) are denied as moot.

This court is aware that plaintiff has filed additional federal cases: Nos. 10-1069-CM, 10-1079-MLB, 10-1134-EFM, and 10-1148-EFM. Case Nos. 10-1069-CM and 10-1079-MLB were recently dismissed for reasons similar to this case. The court is concerned that plaintiff is abusing the judicial system by filing frivolous lawsuits and meritless motions. Such abuse will not be tolerated. This court cannot focus on the dispensation of justice if it is "forced to devote its limited resources to the processing of repetitious and frivolous requests." *In re Sindram*, 498 U.S. 177, 179–80 (1991). "Federal courts have the inherent power to regulate the activities of abusive litigants

by imposing carefully tailored restrictions under appropriate circumstances." *Xiangyuan Zhu v. Fed. Hous. Fin. Bd.,* No. 04-2539-KHV, 2007 WL 1266887, at *3 (D. Kan. May 1, 2007) (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). Plaintiff is cautioned to take care that he does not abuse the judicial system by filing frivolous lawsuits or meritless motions. The court admonishes plaintiff that the filing of unreasonable, meritless lawsuits or pleadings could be a basis for imposing sanctions, including filing restrictions, in other pending or future actions. *See, e.g., Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike with a Request (Doc. 27) and Plaintiff's Motion to Strike with a Request (Doc. 30) are denied.

**IT IS FURTHER ORDERED** that State Defendants' Motion to Dismiss (Doc. 10) and Non-State Defendants' Motion to Dismiss (Doc. 22) are granted.

**IT IS FURTHER ORDERED** that State Defendants' Motion to Stay Discovery (Doc. 12); Plaintiff's Motion for an Emergency Injunction (Doc. 20); Non-State Defendants' Motion to Stay Discovery (Doc. 23); Plaintiff's Motion for Protective Order (Doc. 34); Non-State's Motion for Protective Order (Doc. 36); Plaintiff's Motion for a Judicial Determination Based Upon No Response, and Conflict of Interest (Doc. 41); and Plaintiff's Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule Upon This Motion, and All Public Officers of This Court to Uphold Said Rights (Doc. 42) are denied as moot.

**IT IS FURTHER ORDERED** that plaintiff's complaint is dismissed for the reasons set out above.

**IT IS FURTHER ORDERED** that the filing of unreasonable, meritless lawsuits or pleadings may be a basis for imposing sanctions, including filing restrictions, in other pending or future actions.

Dated this 29th day of July 2010, at Kansas City, Kansas.

                                              **s/ Carlos Murguia**
                                              **CARLOS MURGUIA**
                                              **United States District Judge**