# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GERALD RAY WEDEL,  )
 )
        Plaintiff,  )
 )    CIVIL ACTION
v.  )
 )    No. 10-1156-CM
 )
KYLER G. KNOBBE, et al.,  )
 )
        Defendants.  )
 )

## MEMORANDUM AND ORDER

Plaintiff Gerald Ray Wedel brought this civil rights action, *pro se* and *in forma pauperis*, claiming that defendants conspired to violate his constitutional rights through certain state court proceedings originating in Kansas in Johnson, Haskell, and Ford counties. He alleged, among other things, "Violation of Plaintiff[']s Constitutional Rights to Due Process[;] Violated Kansas Statutes and has commented (sic) Fraud, Litigation Fraud, Constructive Fraud, Extrinsic Fraud, Intrinsic Fraud, Fraud in The Factum, and for the participation, in the same within the Criminal RICO result, and Equal rights to Justice." (Doc. 1, at 3–4.) Plaintiff filed over fifty exhibits in support of his complaint, demanded that his "constitutional rights [be] given back," and sought $5,000,000 in damages.

In a Memorandum and Order dated July 29, 2010, this court granted defendants' motions to dismiss pursuant to Rule 12(b)(6) and § 1915(e)(2)(B), finding that there was "no logical construction of plaintiff's complaint from which to discern any cognizable claim." (Doc. 46, at 9.) Despite liberal construction, the "disorganized, vague, and ambiguous" allegations contained in the complaint, even combined with "voluminous exhibits," left the court "unable to understand the basis

for the relief sought, and . . . unable to discern any factual allegations that would plausibly entitle plaintiff to relief." (*Id*. at 7–9.)

Despite the fact that this case is closed, plaintiff filed an Motion for Default Judgment (doc. 48) on August 6, 2010 and a Notice of Writ of Mandamus (doc. 49) on August 9, 2010. The motion demands the court to issue default orders "pursuant to the **'INCONTIONVERTIBLE-PHYSICAL-FACTS-DOCTRINE**,'" (doc. 48, at 1), and the notice appears to request that the Clerk of the Court, Timothy O'Brien, enter a default judgment pursuant to Rule 55(a) in this case.

Plaintiff's motion and notice are improperly filed in this closed case. The court lacks jurisdiction to review them. The facts warranting the original dismissal have not changed, and plaintiff's current motion and notice give the court no basis to reopen this case or to modify its outcome. There is no case or controversy before the court. If plaintiff disagrees with this court's orders in this case, then the proper recourse is an appeal. Alternatively, if plaintiff desires to file a new cause of action with *new* claims against defendants, plaintiff should initiate the filing of a new case through the clerk's office, in accord with Judge Belot's July 26, 2010 Memorandum and Order in Case No. 10-1079.

In its July 29, 2010 order the court noted its concern that plaintiff is abusing the judicial system by filing frivolous lawsuits and meritless motions. The court warned plaintiff that it would not tolerate such abuse. The undersigned recently admonished plaintiff in Case No. 10-1069, a case filed by plaintiff and dismissed on many of the same grounds, for filing motions and notices similar to those pending in this case after that case was closed. Filing restrictions were not instituted in that case because, as here, the court was unsure of exactly when plaintiff received notice of this court's Memorandum and Order dismissing the case. Similarly, the court does not impose sanctions or

restrictions at this time, having no record of exactly when plaintiff received notice of this court's July 29, 2010 Memorandum and Order dismissing the case. Plaintiff is cautioned, however, that further repetitious or frivolous filings, including those seeking reconsideration of the court's July 29, 2010 decision or otherwise seeking action concerning this closed case, will likely result in the imposition of sanctions against him or the restriction of future filings. Plaintiff is hereby directed not to make any further filings in this case or the court will impose restrictions and/or sanctions.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Default Judgment (doc. 48) and Notice of Writ of Mandamus (doc. 49), which were filed after the date the judgment was entered, are dismissed for lack of jurisdiction and the case remains closed.

The Clerk is directed to mail to plaintiff a copy of this order via certified mail, along with a copy of the court's July 29, 2010 Memorandum and Order.

Dated this 10th day of August 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**