# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GERALD RAY WEDEL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 10-1156-CM |
| ) | |
| **KYLER G. KNOBBE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Gerald Ray Wedel brought this civil rights action, *pro se* and *in forma pauperis*, claiming that defendants conspired to violate his constitutional rights through certain state court proceedings. He alleged, among other things, "Violation of Plaintiff[']s Constitutional Rights to Due Process[;] Violated Kansas Statutes and has commented (sic) Fraud, Litigation Fraud, Constructive Fraud, Extrinsic Fraud, Intrinsic Fraud, Fraud in The Factum, and for the participation, in the same within the Criminal RICO result, and Equal rights to Justice." (Doc. 1, at 3–4.) Plaintiff filed over fifty exhibits in support of his complaint, demanded that his "constitutional rights [be] given back," and sought $5,000,000 in damages.

In a Memorandum and Order dated July 29, 2010, this court granted defendants' motions to dismiss pursuant to Rule 12(b)(6) and § 1915(e)(2)(B), finding that there was "no logical construction of plaintiff's complaint from which to discern any cognizable claim." (Doc. 46, at 9.)

Despite the fact that this case is closed, plaintiff filed an Motion for Default Judgment (Doc. 48) on August 6, 2010 and a Notice of Writ of Mandamus (Doc. 49) on August 9, 2010. The court issued an order on August 10, 2010, dismissing these post-judgment filings for lack of subject matter

jurisdiction. (Doc. 51.) In that order, the court cautioned plaintiff that "further repetitious or frivolous filings, including those seeking reconsideration of the court's July 29, 2010 decision or otherwise seeking action concerning this closed case, will likely result in the imposition of sanctions against him or the restriction of future filings." (*Id*., at 3.) The court declined to impose sanctions or restrictions at that time, however, because it had no record of exactly when plaintiff received notice of the court's July 29, 2010 Memorandum and Order dismissing the case. To ensure plaintiff's receipt of the August 10, 2010 Order and the previously-filed Memorandum and Order dismissing the case, the court directed the Clerk of the Court to mail to plaintiff copies of both of the orders via certified mail.

Since that time, the plaintiff has persisted in filing frivolous notices and motions. (Docs. 52–54.) However, in the absence of confirmation that plaintiff received this court's July 29 and August 10 Orders, the court dismissed those filings without imposing sanctions. (Doc. 55.) Plaintiff received the court's July 29 and August 10 Orders by August 16, 2010. (Docs. 59–60.)

Nevertheless, on August 16, 2010, plaintiff filed a 22-page "MOTION TO THE COURT TO SET THE COURT RECORD STRAIGHT FROM ORDER (EXHIBIT A and B) WITH THE TRUE FACT'S, SHOW OF FALSE STATEMENTS, BIAS AND PREJUDICE IN THE QUOTES IN THE ORDER'S, VIOLATION OF PLAINTIFF CONSTITUTIONAL RIGHTS TO DUE PROCESS CONST. AMENDS. #1, #5. #6, #7, #11 and #14. PLAINTIFF RESERVES THERE CONSTITUTIONAL RIGHTS TO PROVIDE ALL THE TRUE FACT'S AT A LATER DATE" (sic.) (Doc. 56). On August 17, 2010, plaintiff filed a 5-page "MOTION TO THE COURT DEMANDING A COPY OF PROOF THAT PLAINTIFFS WERE NOTIFIED OF ALL TRAILS OR HEARINGS BEFORE ANY ORDER'S WERE ISSUED AND A COPY OF THE WRITTEN

STIPULATION FILED WITH THE COURT, THAT CONSENT TO TRAIL BY THE COURT SITTING WITHOUT A JURY" (sic.). (Doc. 57.)[1] Defendant filed yet another motion on August 23, 2010—MOTION TO THE COURT OF A JUDICIAL NOTICE OF THE FOLLOWING ISSUES (Doc. 58)—arguing, among other things, issues previously raised in his other improper post-judgment motions and/or notices.

At this time, the court is satisfied that plaintiff has received notice of both the July 29, 2010 Memorandum and Order dismissing the case, and the August 10, 2010 Order warning plaintiff of the possibility of restrictions and/or sanctions. The court would find that plaintiff's post-judgment filings are not only improper and without merit, they are frivolous, vexatious, and filled with nonsensical legal ramblings. They constitute an abuse of the judicial system and a waste of judicial resources.

Filing restrictions are appropriate to curtail a "lengthy and abusive" litigation history. *Guttman v. Widman*, 188 F. App'x 691, 698 (10th Cir. 2006). The court may "'regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'" *Id*. (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989) (per curiam) (quotation omitted)). This court is aware that plaintiff has filed other federal cases: Nos. 10-1069-CM,

10-1079-MLB, 10-1134-EFM, and 10-1148-EFM. The undersigned recently imposed like restrictions on plaintiff's similar filings in Case No. 10-1969. Because plaintiff has disregarded

---

[1] It appears that plaintiff believes the court's ruling on defendants' dispositive motions and dismissing the case as a matter of law pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) amounted to a trial without a jury of which plaintiff had no notice, and which plaintiff now challenges. Plaintiff was aware of and "responded" to the defendants' motions to dismiss. To the extent the court can construe this motion to be one for reconsideration, it is denied: the vague, disorganized, and implausible allegations contained in the complaint, even combined with the hundreds of pages of exhibits attached, utterly failed to state any cognizable claim.

prior warnings and continues to file frivolous motions, notices, and documents—described as "disorganized, vague, and ambiguous" and combined with "voluminous exhibits"—in this closed case against defendants, filing restrictions are appropriate. (Doc. 46.) *See also Greenlee v. United States Postal Service*, No. 06-2167-CM, 2007 WL 141016, at *6 (D. Kan. Jan. 17, 2007). The court therefore makes the following order:

Plaintiff is prohibited from filing another document in this action, Case No. 10-1156-CM, unless he is represented by counsel or, if he proceeds *pro se,* unless he first provides a notarized affidavit that verifies with particularity how the contemplated filing entitles him to relief that can be granted. Such affidavit must provide notice of this restriction, and must include, as an exhibit, the proposed filing. Upon compliance with these requirements, the court will review the affidavit and proposed filing and determine whether it should be accepted for filing. If plaintiff attempts to file any document that fails to comply with these restrictions, the Clerk of the Court is directed not to accept and/or file the document.

Plaintiff shall have ten days from the date of this order within which to file written objections, limited to five pages, to these proposed filing restrictions. If he does not file timely objections, the filing restrictions will take effect twelve days from the entry of this order. If plaintiff does file timely objections, these filing restrictions will not take effect unless and until the court rules against plaintiff on his objections, in which case these filing restrictions shall apply to any filing with this court after that ruling.

Given the frequency, redundancy, and sheer incomprehensibility of plaintiff's motions, and the number and volume of documents filed, these modest restrictions are more than appropriate to protect the limited resources of this court. These restrictions are subject to such future modification as this court determines may be necessary.

**IT IS THEREFORE ORDERED** that all motions and notices filed after the date of the judgment entered that remain pending, including Docs. 56, 57, and 58, are dismissed for lack of jurisdiction and the case remains closed.

**IT IS FURTHER ORDERED that plaintiff is prohibited from filing another document in this action, Case No. 10-1156-CM, unless he is represented by counsel or, if he proceeds *pro se,* unless he first provides a notarized affidavit that verifies with particularity how the contemplated filing entitles him to relief that can be granted. Such affidavit must provide notice of this restriction, and must include, as an exhibit, the proposed filing. Upon compliance with these requirements, the court will review the affidavit and proposed filing and determine whether it should be accepted for filing. If plaintiff attempts to file any document that fails to comply with these restrictions, the Clerk of the Court is directed not to accept and/or file the document.**

**IT IS FURTHER ORDERED that plaintiff shall have ten days from the date of this order within which to file written objections, limited to five pages, to these proposed filing restrictions. If he does not file timely objections, the filing restrictions will take effect twelve days from the entry of this order and judgment. If plaintiff does file timely objections, these filing restrictions will not take effect unless and until the court rules against plaintiff on his objections, in which case these filing restrictions shall apply to any filing with this court after that ruling.**

The Clerk of the Court is directed to mail to plaintiff, by certified mail, a copy of this order.

Dated this 25th day of August 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**  
**CARLOS MURGUIA**  
**United States District Judge**